IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. : 8:09-cv-00458-EAK-EAJ

ERIC BEEDERS,

        Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC. and
ROY DILLARD

        Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, GULF COAST COLLECTION BUREAU, INC.

COME NOW, the Defendant, GULF COAST COLLECTION BUREAU, INC. by and through its undersigned counsel, and hereby file this Answer and Affirmative Defenses to Plaintiff's Complaint and herein state as follows:

### INTRODUCTION

1. Admitted for the purposes of claims identification, jurisdiction and venue only; otherwise denied.

2. Unknown; therefore denied;

3. Unknown at this time as to the conditions of representation, including payment for legal services, between Plaintiff and his counsel, therefore Defendant is without specific knowledge to either admit or deny this statements contained in this paragraph; therefore Denied.

Page **1** of **4**

## PARTIES

4. Admitted for the purposes of jurisdiction only; otherwise denied.

5. Unknown at this time; therefore denied;

6. Unknown; therefore denied;

## FACTUAL ALLEGATIONS

Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 6 above.

7. Unknown; therefore denied.

8. Denied; Defendant demands strict proof thereof;

9. Denied; Defendant demands strict proof thereof;

10. Denied; Defendant demands strict proof thereof;[1]

## **AFFIRMATIVE DEFENSES**

<u>First Affirmative Defense</u>

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k (Section 813(c) and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bone fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

---

1 Plaintiff has incorrectly numbered this paragraph as 13.

Second Affirmative Defense

1. Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

2. Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) years statute of limitations under Florida's Consumer Collection Practices Act.

Fourth Affirmative Defense

4. Defendant affirmatively alleges that the Plaintiff failed to mitigate their damages, if any, in this case.

Fifth Affirmative Defense

5. Defendant affirmatively alleges that Plaintiff has failed to demonstrate a "communication" made by the Defendant as that term is defined under the FDCPA and/or FCCPA.

Sixth Affirmative Defense

6. Defendant affirmatively alleges that the Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of its employees, agents or principals.

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on March 20, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to **Timothy Condon, Esquire,** Vollrath-Condon, P.A., Post Office Box 1007, Tampa, FL 33601.

**s/ Ernest H. Kohlmyer, III**
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
BELL, ROPER & KOHLMYER, P.A.
2707 East Jefferson Street
Orlando, Florida   32803
(407) 897-5150
(407) 897-3332 (fax)
SKohlmyer@bellroperlaw.com
Attorneys for Defendant, GULF COAST COLLECTION BUREAU, INC.