UNITED STATES DISTRICT COURT MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

    Plaintiff,

v.                          Case No.: 8:09-cv-00458-EAK-EAJ

GULF COAST COLLECTION BUREAU,
INC. and ROY DILLARD,

    Defendant.
_____/

NOTICE OF PENDENCY OF RELATED AND/OR SIMILAR ACTIONS
AND UNOPPOSED MOTION TO CONSOLIDATE

    In accordance with Local Rule 1.04 plaintiff Beeders ("Beeders") hereby notifies the Court of the pendency of separate concurrent actions to this lawsuit, and/or the existence of one or more other similar cases pending before or about to be pending before other courts, and additionally moves pursuant to Fed.R.Civ.P. 41(a) for the cases to be consolidated, and states as follows:

    1. Between January 31, 2008 and April 16, 2008, inclusive, defendant Gulf Coast Collection Bureau, Inc. (sometimes hereinafter referred to as "Gulf Coast"), through its employees or other representatives, committed 10 separate, sequential, temporally displaced violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.55, et seq., Fla. Stat. ("FCCPA").

    2. More particularly, Gulf Coast left repeated recorded

telephone voice mail messages at the telephone number for Beeders where it was not disclosed that the calls were from a debt collector, thus committing separate and discrete violations of both 15 U.S.C. §§ 1692d(6) and 1692e(11), as well as § 559.72(7), Fla. Stat.[1]

3. After the initial actions for the series of violations of the FDCPA and FCCPA were filed, it was discovered that defendant "Roy Dillard" (who supposedly left the offending voice mail messages) was and is a false "desk name," and thus not a real person.

4. The 10 separate violations of the FDCPA and FCCPA committed on successive dates have given rise to ten separate causes of action which have been filed or will soon be filed as separate state court lawsuits in the Small Claims Division of the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

5. The pertinent information about each of the above lawsuits filed in state Small Claims Court, including removal information, if any, is as follows:

    a. The state small claims case of Eric Beeders v. Gulf Coast Collection Bureau, Inc. and Roy Dillard, Case No. 09-SC-934-K, was filed on January 12, 2009 for a violation

---

[1] Such violations of the FDCPA are commonly referred to as "Foti violations," named after the case of Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643 (S.D.N.Y., 2006). See also Ramirez v. Apex Financial Management, LLC,, 567 F.Supp.2d 1035, 1041-42 (N.D. Ill., 2008) and Belin v. Litton Loan Servicing, LP, No. 8:06 CV 760, 2006 WL 1992410, at *4 (M.D.Fla. July 14, 2006).

which occurred on January 31, 2008. The defendants failed to appear at a small claims pre-trial conference hearing and were defaulted. The case remains pending as of the date of this notice and motion.

   b. The state small claims case of Eric Beeders v. Gulf Coast Collection Bureau, Inc. and Roy Dillard, Case No. 09-SC-3706-M, was filed on February 5, 2009 for a violation which occurred on February 6, 2008. That case has been removed to the Federal District Court for the Middle District of Florida by Petition for Removal dated March 12, 2009, and is now pending as Case No. 8:09-cv-00458-EAK-EAJ on the docket of that Court.

   c. The state small claims case of Eric Beeders v. Gulf Coast Collection Bureau, Inc. and Roy Dillard, Case No. 09-SC-3704-M, was filed on February 5, 2009 for a violation which occurred on February 9, 2008. That case has been removed to the Federal District Court for the Middle District of Florida by Petition for Removal dated March 12, 2009, and is now pending as Case No. 8:09-cv-00461-EAK-EAJ on the docket of that Court.

   d. The state small claims case of Eric Beeders v. Gulf Coast Collection Bureau, Inc. and Roy Dillard, Case No. 09-SC-4735-I, was filed on February 13, 2009 for a violation which occurred on February 15, 2008. That case has been removed to the Federal District Court for the Middle District

of Florida by Petition for Removal dated March 12, 2009, and is now pending as Case No. 8:09-cv-00486-EAK-TGW on the docket of that Court.

  e. The state small claims case of Eric Beeders v. Gulf Coast Collection Bureau, Inc. and Roy Dillard, Case No. 09-SC-5003-M, was filed on February 5, 2009 for a violation which occurred on February 18, 2008. That case has been removed to the Federal District Court for the Middle District of Florida by Petition for Removal dated March 12, 2009, and is now pending as Case No. 8:09-cv-00487-SCB-MAP on the docket of that Court.

  f. The state small claims case of Eric Beeders v. Gulf Coast Collection Bureau, Inc., Case No. 09-SC-5320-I, was filed on February 19, 2009 for a violation which occurred on February 23, 2008. That case has been removed to the Federal District Court for the Middle District of Florida by Petition for Removal dated March 16, 2009, and is now pending as Case No. 8:09-cv-00488-VMC-EAJ on the docket of that Court.

  g. The state small claims case of Eric Beeders v. Gulf Coast Collection Bureau, Inc., Case No. 09-SC-8035-L, was filed on or about March 19, 2009 for a violation which occurred on March 21, 2008. To the knowledge of the undersigned, this case has not been removed as of the date and time of filing this notice.

  h. The state small claims case of Eric Beeders v.

Gulf Coast Collection Bureau, Inc., Case No. 09-SC-8383-H, was filed on or about March 20, 2009 for a violation which occurred on March 28, 2008. To the knowledge of the undersigned, this case has not been removed as of the date and time of filing this notice.

    I. A state court small claims action will shortly be filed by Eric Beeders against Gulf Coast Collection Bureau, Inc. for a violation of the FDCPA that occurred on March 31, 2008.[2]

    j. The final state court small claims action for the sequence of 10 temporally displaced violations committed by Gulf Coast will shortly be filed by Eric Beeders against Gulf Coast Collection Bureau, Inc. for a violation of the FDCPA that occurred on April 16, 2008.

### MOTION TO CONSOLIDATE

    6. In order to preserve and economize the Court's time and resources, the plaintiff hereby moves that all cases noted above which have been and/or which may be removed in the near future be consolidated for administrative and discovery purposes.

### MEMORANDUM IN SUPPORT OF MOTION

---

[2] Counsel for the plaintiff has offered to serve the remainder of the 10 cases directly on counsel for the defendants as they were and are filed, in order to facilitate handling and arrangement of the actions, but opposing counsel did not assent. Accordingly, there has been and will be some time lag until all cases are filed and presumably removed to federal court, as it has been necessary for pre-trial summonses for the remaining state small claims cases to be served on the registered agent for defendant Gulf Coast Collection Bureau, Inc., after which they have been and presumably will be transferred to counsel for Gulf Coast.

7. Although each case noted above constitutes a separate cause of action, and thus stands on its own as a separate lawsuit,[3] the Court may consolidate "When actions involving a common question of law or fact are pending before the court...and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a).[4]

8. It should also be noted that "Cases consolidated under Rule 42(a)...retain their separate identity. Patton v. Aerojet Ordnance Co., 765 F.2d 604, 606 (6th Cir. 1985). And although 'consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.' Johnson v. Manhattan Ry. Co., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). Therefore, it is the district court's responsibility to ensure that parties are not prejudiced by consolidation. See 9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed. 1994)." Lewis v. ACB Business Services, Inc., 135 F.3d 389, 412-13 (6th Cir.

---

[3]Although the questions of law are the same in all 10 cases, the facts are different since the violations occurred on different dates and were the result of separate, discrete actions taken by the debt collector, Gulf Coast, in the course of its debt collection activity.

[4]The Court is not, however, required to do so, Young v. City of Augusta, Ga. Through DeVaney, 59 F.3d 1160, 1168 (11th Cir. 1995), citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2383, at 439-40 (1994).

1998).

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

Movant counsel hereby certifies that he has made a bona fide effort to confer with counsel for the opposing parties in a good faith effort to resolve the issues raised by the above motion to consolidate, and that opposing counsel has indicated that there is NO OPPOSITION to the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

s/ Timothy Condon
TIMOTHY CONDON, ESQ. FBN 217921
307 South Fielding Avenue, #2
Tampa, Florida 33606-4126
813-251-2626   Fax 813-251-2009
Email: tim@timcondon.net
COUNSEL FOR PLAINTIFF