UNITED STATES DISTRICT COURT MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

    Plaintiff,          Case No.: **8:09-CIV-458-T-17-EAJ**

v.                                  8:09-CIV-471-T-17-TGW
                                  8:09-CIV-486-T-17-TGW
                                  8:09-CIV-487-T-17-MAP
GULF COAST COLLECTION BUREAU,    8:09-CIV-488-T-17-EAJ
INC.,                              8:09-CIV-599-T-17-TBM
                                  8:09-CIV-601-T-17-EAJ
    Defendant.                 8:09-CIV-668-T-17-EAJ
_____/

STATUS REPORT IN COMPLIANCE WITH COURT'S ORDER STAYING CASES

In accordance with the Court's Order Staying Cases entered herein on April 7, 2009, plaintiff Eric Beeders ("Beeders") files this Status Report and states as follows:

1. Between January 31, 2008 and April 16, 2008, inclusive, defendant Gulf Coast Collection Bureau, Inc. ("Gulf Coast"), through its employees or other representatives, committed ten (10) separate, sequential, temporally displaced violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.55, et seq., Fla. Stat. ("FCCPA"), by leaving repeated recorded telephone voice mail messages at the telephone number of Beeders; none of the telephone messages disclosed that the calls were from a debt collector, and thus each constituted a separate and discrete violation of both 15 U.S.C. §§ 1692d(6) and 1692e(11), and §

559.72(7), Fla. Stat.[1]

2. The ten (10) temporally displaced violations of the FDCPA and FCCPA resulted in the filing of ten (10) separate lawsuits by Beeders in the Small Claims Division of the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. All have the same plaintiff and same defendant as reflected above.[2]

3. Of the ten (10) actions filed in state court, default was entered against Gulf Coast in one; that action was not removed to federal court. The remaining nine (9) state court actions have been removed to federal court, and have the following federal court case numbers:

    a. 8:09-CIV-458-EAK-EAJ (the instant action)
    b. 8:09-CIV-461-T-17-TGW
    c. 8:09-CIV-461-T-17-TGW
    d. 8:09-CIV-486-T-17-TGW
    e. 8:09-CIV-488-T-17-EAJ
    f. 8:09-CIV-599-T-17-TBM
    g. 8:09-CIV-601-T-17-EAJ
    h. 8:09-CIV-631-SDM-MAP
    I. 8:09-CIV-668-T-17-EAJ

4. The Court's Order Staying Cases entered herein on April 7, 2009 directed that the above related cases are stayed "until the parties jointly certify that all related cases have

---

[1] Such violations of the FDCPA are commonly referred to as "Foti violations," named after the case of Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643 (S.D.N.Y., 2006). See also Ramirez v. Apex Financial Management, LLC,, 567 F.Supp.2d 1035, 1041-42 (N.D. Ill., 2008) and Belin v. Litton Loan Servicing, LP, No. 8:06 CV 760, 2006 WL 1992410, at *4 (M.D.Fla. July 14, 2006).

[2] The initial actions were filed against both Gulf Coast Collection Bureau, Inc. and "Roy Dillard"; however, it was later discovered that "Roy Dillard" (who supposedly left the offending voice mail messages) was and is a "desk name" and thus not a natural person.

been removed and no further cases will be joining the above referenced cases. If this process takes longer than thirty (30) days, the plaintiff shall file a status report on the cases which are still to be filed in this court." (Docket Document 10.)

5. The above nine (9) related cases have been removed from state small claims court to federal court; all except one have been reassigned to this Court and consolidated;[3] the one not yet reassigned to this Court is Case No. 8:09-CIV-631-SDM-MAP, sub-referenced in paragraph 5 above as case "h".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

        s/ Timothy Condon
        TIMOTHY CONDON, ESQ. FBN 217921
        307 South Fielding Avenue, #2
        Tampa, Florida 33606-4126
        813-251-2626   Fax 813-251-2009
        Email: tim@timcondon.net
        COUNSEL FOR PLAINTIFF

---

[3] In the Court's Order Staying Cases, it was stated that "The Court also intends to take action on all the cases simultaneously." It should be noted in passing that where cases are consolidated, they retain their separate character as separate causes of action. Patton v. Aerojet Ordnance Co., 765 F.2d 604, 606 (6th Cir.1985); and although "[c]onsolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933).