UNITED STATES DISTRICT COURT MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

    Plaintiff,                         Case No.: **8:09-CIV-458-T-17-EAJ**

v.                                                8:09-CIV-471-T-17-TGW
                                                    8:09-CIV-486-T-17-TGW
                                                    8:09-CIV-487-T-17-MAP
GULF COAST COLLECTION BUREAU,        8:09-CIV-488-T-17-EAJ
INC.,                                             8:09-CIV-599-T-17-TBM
                                                    8:09-CIV-601-T-17-EAJ
    Defendant.                         8:09-CIV-668-T-17-EAJ
_____/

## MOTION TO LIFT STAY BY PLAINTIFF IN ORDER TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

Having reported to the Court the status of the above cases[1] of even date herewith, plaintiff Eric Beeders ("Beeders") would hereby move the Court to lift the stay entered on the above cases by Order dated April 7, 2009, for the limited purpose of filing a motion for partial summary judgment on a single issue, namely that of whether separate, temporally displaced violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"; collectively, "the Acts") give rise to separate causes of action which may be brought in separate lawsuits at the option of the plaintiff.

## MEMORANDUM IN SUPPORT OF MOTION

---

[1] And with the expectation that a ninth case, being Case No. 8:09-CIV-631-SDM-MAP on the docket of this Court, will soon be reassigned to this jurist.

1. Rule 56© of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> **Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing....A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.**

2. In the instant case, the threshold issue is whether separate causes of action may be brought for multiple temporally displaced violations of the FDCPA and FCCPA committed by defendant Gulf Coast Collections Bureau, Inc. ("Gulf Coast"), eight of which are presently consolidated before this Court (with a ninth yet to be reassigned after having been removed from state court). The question is one which has not been addressed by this Court. The only other case in which a set of consumer protection actions was brought under the FDCPA and FCCPA was settled[2] before the Court reached the issue. See Beeders v. Transworld Systems, Inc., Case No. 08-CIV-1298-T-26-TBM (M.D. Fla. 2008), including Order entered therein on the issue of fees, dated October 7, 2008.

3. The law is well-settled that separate and distinct causes of action may be brought in either a single lawsuit (in multiple counts) or in separate actions, at the option of

---

[2]The case involved the same plaintiff as in this action, represented by the same counsel.

plaintiffs. Leimer v. Woods, 196 F.2d 828, 833 (8th Cir., 1952) ("Such a joinder of causes of action in federal practice has its source in Rule 18(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which permits and encourages the practice but does not compel it."); Bacardi v. Lindzon, 845 So.2d 33, 36 (Fla. 2002) ("While several causes of action may be joined in a single complaint, such joinder does not negate the fact that the plaintiff could have brought these claims in separate complaints. See Fla.R.Civ.P. 1.110(g). The operative question is whether the same facts are necessary to prove each cause of action."); Cole v. First Development Corp. of America, 339 So.2d 1130, 1131 (Fla. 2d DCA 1976) ("True it may be the preferred practice to allege all of a party's causes of action in one complaint, but the Florida Rules of Civil Procedure do not require that it be done. See Fla.R.Civ.P. 1.110(g). The rules permit joinder of causes of action but they do not prevent, nor is there any principle which precludes, the prosecution of several actions upon several causes of action....It makes no difference that the causes of action might be united in a single suit; the right of the party in whose favor they exist to separate suits is not affected by that circumstance....").

  4. Thus, the threshold question in the eight (8)

consolidated actions[3] before this Court is whether there is an exception to the general law with respect to temporally displaced violations of the FDCPA and FCCPA, both of which are remedial, strict liability, consumer protection statutes which are to be construed broadly in order to effect the purposes for which they were passed. Brown v. Card Service Center, 464 F.3d 450 (3d Cir. 2006), citing Hamilton v. United Healthcare of La., 310 F.3d 385, 392 (5th Cir. 2002) and Stroh v. Director, OWCCP, 810 F.2d 61, 63 (3d Cir. 1987); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989); Laughlin v. Household Bank, Ltd., 969 So.2d 509, 512 (Fla. 1st DCA 2007); Peters v. Collision Clinics Int'l Inc., 404 So.2d 116, 117 (Fla. 4th DCA 1981). See also Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 707 (11th Cir. 1998).

    5. There is abundant and compelling rationale for the Court to recognize the legal right of wronged consumers to bring separate lawsuits for multiple temporally displaced violations of the FDCPA and FCCPA. Among them are the plain language of the statutes, the intent of Congress and the Florida Legislature in passing the Acts, the nature of the statutes, and the neutralizing effect on the Acts of allowing only a single lawsuit to be brought for multiple violations

---

[3] Presumably soon to be nine (9) consolidated actions.

that might stretch over weeks or months.[4]

6. Accordingly, before proceeding further in the consolidated actions, this issue should be fully briefed and presented to this Court for ruling in the interest of resolving the question as well as for administrative efficiency and conservation of the Court's resources.

WHEREFORE, plaintiff Eric Beeders moves the Court to lift the stay imposed on the above eight (8) actions, for the purpose of filing a motion for partial summary judgment upon the single issue of whether multiple temporally displaced violations of the FDCPA and FCCPA afford wronged consumers the right to bring separate lawsuits for such violations of the Acts.

CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

Movant counsel hereby certifies that he has made a bona fide effort to confer with counsel for the opposing parties in a good faith effort to resolve the issues raised by the above motion to consolidate, but has been unable to obtain a response as of the date of filing this document.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing

---

[4] Which would essentially turn the two Acts on their heads, paradoxically converting them into statutes which are more protective of debt collectors than of consumers.

document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

<pre>
                          s/ Timothy Condon
                          TIMOTHY CONDON, ESQ. FBN 217921
                          307 South Fielding Avenue, #2
                          Tampa, Florida 33606-4126
                          813-251-2626   Fax 813-251-2009
                          Email: tim@timcondon.net
                          COUNSEL FOR PLAINTIFF
</pre>