UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. : 8:09-cv-00458-T-17-EAJ

ERIC BEEDERS,

          Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC.

          Defendants.
_____/

**<u>RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO ISSUE OF BRINGING SEPARATE ACTIONS FOR VIOLATIONS OF FDCPA SEPARATED IN TIME [DK. 18]</u>**

COMES NOW Defendant, GULF COAST COLLECTION BUREAU, INC., by and through its undersigned counsel and hereby files its Response to Plaintiff's Motion for Partial Summary Judgment, and states as follows:

1. Plaintiff has filed ten (10) separate lawsuits against the Defendant, Gulf Coast Collection Bureau, Inc. asserting identical claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and Florida's Consumer Collection Practices Act ("FCCPA"), <u>Fla</u>. <u>Stat</u>. § 559.72, *et. seq.*

2. The individual lawsuits are based upon ten (10) separate but virtually identical messages left by the Defendant for Plaintiff in its debt collection attempts.

3. Currently, nine of the ten lawsuits have been removed to the United States District Court, Middle District of Florida, Tampa Division.[1] Eight of said lawsuits are pending before this Court and the remaining lawsuit is currently before Judge Steven D. Merryday.

4. Plaintiff has filed a Motion for Partial Summary Judgment requesting this Court enter an order finding a consumer has the right to bring separate actions based upon temporally displaced violations of the FDCPA and FCCPA.

5. Defendant vehemently disagrees with Plaintiff's contentions and asserts that Plaintiff has engaged in impermissible claim splitting in an effort to circumvent the statutory cap on damages under the FDCPA and FCCPA.

6. Defendant further asserts that Plaintiff is not entitled to recover statutory damages per violation and a prevailing plaintiff is entitled to only the statutory penalty per action. Moreover, Plaintiff barred from filing subsequent duplicative actions when the facts giving rise to those subsequent actions occurred before the filing of the initial action.

7. Finally, Defendant asserts that public policy disfavors claim splitting and such a ruling would have a substantial and immediate impact on this Court's docket as well as all state and federal dockets as single plaintiffs would bring multiple claims against the same defendant.

---

[1] The tenth lawsuit is currently pending in Hillsborough County Court. The removal period expired prior to the matter being removed to federal court.

## **Memorandum of Law**

### *I. Standard of Review*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment *"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."* In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.1979). In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); SEC v. Blavin, 760 F.2d 706 (6th Cir.1985). Although the moving party has the burden of showing that no genuine issue of material fact exists, the non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be

such that, if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

## I. *Plaintiff Has Impermissibly Split Claims*

Courts have long recognized the rule against splitting causes of action. The rule "makes it incumbent upon Plaintiffs to raise all available claims involving the same circumstances in one action." See: Department of Agriculture and Consumer Servs. v. Mid-Florida Growers, Inc., 570 So.2d 892, 900 (Fla.1990) (citations omitted); see also Aquatherm Indus., v. Florida Power & Light Co.,84 F.3d 1388, 1395 (11th Cir. 1996).

Courts borrow from the test for claim preclusion (res judicata) in evaluating whether to bar a second suit as improper claim splitting. The second suit must be barred if it involves " the same parties or their privies" and "arises out of the same transaction or series of transactions" as the first suit. Zephyr Aviation III, L.L.C. v. Keytech Ltd., 2008 WL 759095, 1 (M.D. Fla. 2008) (citing Cadle Co. v. Whataburger of Alice, Inc., 174 F. 3d 599 (5th Cir. 1999). The Eleventh Circuit succinctly set forth the analysis in Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265 (11th Cir. 2002):

> Claims are part of the same "cause of action" when they "arise out of the same transaction or series of transactions." Under the current analysis we make a fact based inquiry into whether the cases are based on the same factual predicate or came from the same nucleus of operative fact. If they did, they are the "same" for the purposes of res judicata. The doctrine is concerned with the substance, and not the form, of

> the proceedings. "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Thus, we look to the factual issues that must be resolved by litigation and ask whether those facts arise out of the same transaction or series thereof. In so doing we ask whether the Plaintiff could, or rather, should have brought the second claim with the first lawsuit.

Id. At 1269-1270 (citations and internal quotations omitted)

Here, it is clear that the individual lawsuits all arise out of the same nucleus of operative fact and the same transaction or series of transactions. Defendant allegedly left ten (10) virtually identical messages for Plaintiff in its collection attempts. The sole allegation in each lawsuit filed by the Plaintiff is Defendant failed to identify itself as a debt collector in each of the respective telephone messages. The allegations are virtually identical in substance and form. In fact, in reviewing Plaintiff's complaints against Defendant, it is readily apparent that Plaintiff's counsel only changed the date of the calls while the wording and misnumbering of the paragraphs in each complaint are identical. Thus, Plaintiff's Motion for Summary Judgment should be denied as a matter of law.

## II. Plaintiff Is Entitled to Only One (1) Statutory Penalty Per Lawsuit

Both the FDCPA and FCCPA provide for a statutory penalty of up to $1,000. See 15 U.S.C. § 1692k(a)(2)(A); Fla. Stat. §559.77(2). Moreover, the FDCPA at 15 U.S.C. § 1692k specifically states:

> (b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—
>
> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of

> noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

Defendant asserts the statutory language "frequency and persistence of noncompliant by the debt collector indicates a clear and unambiguous intent by Congress to prohibit the filing of multiple lawsuits by the same debtor against the same debt collector.

Irrespective, the rule is well settled that a prevailing Plaintiff is entitled to only one (1) statutory penalty per action.  Statutory damages are not awarded per violation, i.e., per each individual improper communication.   <u>See:</u> <u>Harper v. Better Bus. Servs., Inc.</u>, 961 F.2d 1561, 1563 (11th Cir. 1992) (ruling that damages were limited to $1,000 per action because "the FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt.  If Congress had intended such limitations, it could have used that terminology."). Should this Court grant Plaintiff's Motion for Partial Summary Judgment and find Plaintiff's have the right to separate actions based upon temporally displaced violations of the FDCPA and FCCPA, the Court would effectively render the holding in <u>Harper</u> a nullity.

In <u>White v. Bruck</u>, 927 F.Supp 1168 (W.D. Wis. 1996), the Plaintiff properly brought all his related FDCPA claims in a single action, but asserted that the statutory recovery under the FDCPA should be per violation.  The Court rejected the argument and opined:

> [P]laintiff argues that the $1,000 limit discourages joinder of claims and parties and encourages the filing of separate lawsuits for each violation. However, <u>the doctrine of claim preclusion works against the evil plaintiff envisions. It prevents the splitting of a single cause of action among multiple suits and discourages parties from omitting violations that are part of the same transaction or occurance</u>.
>
> <u>Id</u>. At 1171.

Plaintiff has clearly engaged in the exact same type of claim splitting the <u>White</u> court deemed impermissible and therefore, his claims should have brought in one single action against the Defendant. Further, Plaintiff has not provided case law that supports the impermissible splitting of claims he is attempting in the instant matter.

Any argument that Plaintiff suffered actual damages is irrelevant as both the FDCPA and FCCPA provide for the recovery of such damages. It was not necessary for Plaintiff to file multiple lawsuits to recover provable actual damages and in fact, it would be counter-intuitive to file multiple lawsuits to recover actual damages since a single message left could not legitimately support a claim for actual damages. As such, Plaintiff's motive in splitting the claims is clearly an attempt to avoid the one statutory recovery rule.

Plaintiff's counsel has attempted previously to circumvent the $1,000 cap on statutory damages by attempting to acquire statutory damages per action, per statute, per plaintiff, per defendant and by naming individual collectors as well as their corporate employers as defendants. <u>See</u>: <u>LeBlanc v. NCO Financial Systems, Inc.</u>, Case No. 8:07-cv-00943 (M.D. Fla.). This attempt to circumvent the amount of statutory damages was

blocked by this Court. <u>LeBlanc v. NCO Financial Systems, Inc.</u>, Case No. 8:07-cv-00943 (M.D. Fla.)

Moreover, this same Plaintiff has previously attempted to circumvent the cap on statutory damages by filing separate lawsuits on separate alleged violations. <u>See</u>: <u>Beeders v. Transworld Systems, Inc.</u>, Case No: 8:08-cv-01298 (M.D. Fla. 2008). In that case, Plaintiff filed eight (8) FDCPA/FCCPA lawsuits in state court against one defendant involving the collection of a single account. The allegations in that case were identical to those in the instant case, i.e. that defendant failed to state that it was a debt collector in telephone messages left on Plaintiff's answering machine. Plaintiff sought statutory damages for each of the eight (8) lawsuits, as well as fees and costs for the filing and prosecution of the eight (8) lawsuits. The defendant removed the cases to federal court. The Honorable Richard A. Lazzara then, *sua sponte*, issued a show cause issue requiring the parties to show cause why the cases should not be consolidated and ultimately ordered that the cases be consolidated.

After the cases were consolidated, defendant served Beeders with an Offer of Judgment for $2,500, plus attorney fees and costs which was accepted. In his Motion for Attorney Fees and Costs, Plaintiff argued that he was entitled to his fees associated with bringing the eight separate cases. Judge Lazzara rejected that argument and limited Plaintiff to $1/8^{th}$ of his fee request and $1/8^{th}$ of his costs request.

Here, just as in the case of <u>Beeders v. Transworld Systems, Inc.</u>, U.S.D.C. M.D. Fla Case No: 8:08-cv-01298-RAL-TBM, Plaintiff has filed ten (10) separate lawsuits based on virtually identical messages left on Plaintiff's phone in yet another attempt to

circumvent and avoid the limitation to one (1) statutory recovery. As such, Defendant asserts Plaintiff's Motion for Summary Judgment should be denied as a matter of law.

*IV. Plaintiff is Barred From Filing Subsequent Duplicative Actions Where the Facts Giving Rise to Those Subsequent Actions Occurred Prior to the Filing of The Initial Action.*

In Goins v. JBC & Assoc., P.C., 352 F.Supp.2d 262 (D. Conn. 2005), the court addressed the sole circumstance when a plaintiff may bring multiple FDCPA lawsuits against the same debt collector for collection activities on the same account. In Goins, after the Plaintiff filed her first lawsuit, the defendant debt collector again violated the FDCPA, which became the basis for her second lawsuit.

The Goins court ruled that claim preclusion "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit…[t]he plaintiff has not continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later arising claims." Id. at 266-67 (citations omitted).

In this case, unlike Goins, plaintiff is attempting to bring ten (10) separate actions for claims that all accrued prior to the filing of the initial lawsuit. The facts giving rise to the claims occurred in early-2008, well before the first lawsuit was filed. Id. Under this circumstance, the Goins court would not permit the subsequent suits. See: Goins, 352 F.Supp.2d at 266; Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2nd Cir. 2000) (claim preclusion doe not preclude the filing of a second action but only if the events giving rise to that second action arose after the filing of the first action).

## V.  *Public Policy Mandates Against Claim Splitting*

Finally, as a policy matter, FDCPA and FCCPA litigation would significantly increase should the court allow this impermissible claim splitting.  Such a ruling would have a substantial and immediate impact on this Court's docket as well as on dockets state and nationwide as single plaintiffs would bring multiple claims against the same defendant. Plaintiff's counsel makes a disingenuous attempt to argue that the right to bring multiple claims will decrease the number of actions filed in federal district courts, because "filing fees in small claims courts are invariably far lower than the federal court filing fee."  Plaintiff fails to address the fact that filing multiple lawsuits in small claims court would require a potentially out-of-state Defendant to be forced to bear the cost and expense to travel to that jurisdiction over and over again to appear for the pre-trial conference and/or hire an attorney to prepare multiple pleadings in response to the claims.

In the instant matters before the court, had the matters not been removed, the Defendant would have had to appear for ten (10) separate pre-trial conferences in Hillsborough small claims court. Regardless, nine of the ten matters were removed, which required Defendant to pay nine separate removal fees, file nine separate responsive pleadings.  Nothing in this scenario equates to judicial economy and in fact, results in piecemeal litigation which courts assiduously attempt to discourage. As such, Defendant contends there is no legitimate purpose is served by allowing Plaintiffs to file multiple actions against the same defendant regarding the same alleged violations of law.

Therefore, Defendant asserts Plaintiff's Motion for Partial Summary Judgment should be denied as a matter of law.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on June 9, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to **Timothy Condon, Esquire,** Vollrath-Condon, P.A., Post Office Box 1007, Tampa, FL 33601.

**s/ Ernest H. Kohlmyer, III**
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
Molly E. Young, Esquire
Florida Bar No. 0599891
BELL, ROPER & KOHLMYER, P.A.
2707 East Jefferson Street
Orlando, Florida   32803
(407) 897-5150
(407) 897-3332 (fax)
SKohlmyer@bellroperlaw.com
Attorneys for Defendant, GULF COAST COLLECTION BUREAU, INC.