**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ERIC BEEDERS,**

    **Plaintiff,**

v.                                       Case No. 8:09-cv-00458-T-17-EAJ

**GULF COAST COLLECTION BUREAU,**

    **Defendant.**

_____/

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

    This cause is before the Court on Plaintiff's Motion for Partial Summary Judgment as to Issue of Bringing Separate Actions for Violations of FDCPA Separated in Time, filed May 26, 2009 (Doc. 18) and response thereto (Doc. 19).  For reasons set forth below, Plaintiff's motion is denied.

BACKGROUND

    On February 5, 2009, the plaintiff, Eric Beeders, filed this action as part of a series of actions in the Hillsborough County Court claiming relief for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection

Practices Act Fla. Stat. § 559.77, *et seq.*, by the defendant, Gulf Coast Collection Bureau, Inc.[1] (Doc. 2). The case was removed to the U. S. District Court for the Middle District of Florida on March 13, 2009. (Doc. 1). Nine other cases were filed in Hillsborough County Court claiming relief for similar violations.  Plaintiff filed an unopposed Motion to Consolidate on March 24, 2009. (Doc. 6). This Court stayed this action pending the removal of the remaining state claims[2] in anticipation of consolidation. (Doc. 10).  The stay was lifted solely to file the Motion for Partial Summary Judgment considered here.

Plaintiff alleges that between January 31, 2008 and April 16, 2008, Defendant made ten telephone calls regarding Plaintiff's debt, resulting in ten identical or nearly identical telephone messages as follows:

This message is intended for Eric H. Beeders.  If you are not Eric H. Beeders please hang up or disconnect.  If you are Eric H. Beeders please continue to listen to this message.  By continuing to listen to this message you acknowledge that you are Eric H. Beeders.  Please return this call by Roy Dillard from Gulf Coast Collection Bureau.  Please call 877-827-4820 and ask for file number G31852.
(Doc. 18).

Each case filed by Plaintiff against Defendant relates to one of the ten alleged telephone messages; this case pertains to an alleged telephone message left on February 6, 2008.  Each

---

[1] The original complaint also named Roy Dillard as a defendant.  This name was removed once it was determined that Roy Dillard was not a real person but a desk name used by Gulf Coast in its collection practices. (Doc. 8).
[2] *Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00461-T-17-TGW;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00486- T-17-TGW;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00487- T-17-MAP;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00488- T-17-EAJ;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00599- T-17-TBM;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00601- T-17-EAJ;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00631- T-17-MAP;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00668- T-17-EAJ;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Hillsborough County Small Claims Court, Case No. 09-SC-934-K, which is still pending and was apparently not removed because the time in which to petition for removal expired.

case, including this one, seeks actual and statutory damages for violation of the FDCPA and FCCPA for the call as a cause of action independent from the other calls.   Defendant contends that the cases should be joined in one action because they are duplicative and Plaintiff is impermissibly splitting claims to avoid the statutory cap on damages under the FDCPA and the FCCPA.  Plaintiff seeks summary judgment on whether the claims may persist as separate actions.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). All facts and inferences are to be viewed in the light most favorable to the non-moving party. *Id.* at 255. There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, if a reasonable fact-finder could draw an inference from the facts that introduces a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330

(11th Cir. 1988).

DISCUSSION

Claim preclusion "prevent[s] the splitting of a single course of action." *Hayes v. Solomon*, 597 F.2d 958, 982-83 (5th Cir. 1978). The federal claim preclusion doctrine bars subsequent suits on the same cause of action if there was a final judgment on the merits in a court of competent jurisdiction between the same parties or their privies. *Eg. Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992). Claims "based on the same factual predicate or [coming] from the same nucleus of operative fact" are parts of the same cause of action, rather than distinct causes of action, for the purposes of claim preclusion. *Trustmark Ins. Co. v ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)). Under Florida law, claim preclusion applies when the relief, cause of action, parties, and the quality or capacity of the parties involved in the claim are all identical between the two cases. *Cole v. First Development Corp. of Am.*, 339 So.2d 1130, 1131 (Fla. 2d DCA 1976). Causes of action are identical if the facts required to maintain the actions are identical. *Gordon v. Gordon*, 160 Fla. 838 (1948).

**A.     FDCPA Claim**

Plaintiff seeks relief under 15 U.S.C. § 1692k for violations of §§ 1692d(6) and

1692e(11). Section 1692d(6) prohibits calls placed by debt collectors that do not meaningfully identify caller.  Section 1692e(11) prohibits initial oral communications that either do not disclose that the debt collector is attempting to collect a debt or do not disclose that any information collected will be used to collect the debt.  Section 1692e(11) also prohibits any subsequent oral communications from debt collectors who do not identify themselves as such. To determine the amount of damages appropriate for a violation, the court is to consider the frequency and persistence of the debt collector's non-compliance with the statute, the nature of the non-compliance, and to what extent the non-compliance was intentional. 15 U.S.C. § 1692k(b)(1).

     To support the § 1692d(6) claim in this case, Plaintiff must attempt to show that the February 6, 2008 call was placed by Defendant and that the language of the telephone message did not meaningfully identify the caller.  To support the § 1692e(11) claim, Plaintiff must disclose the existence of the other calls/telephone messages and show that they were placed by Defendant to demonstrate whether the February 6, 2008, call was the initial oral communication between the parties or a subsequent one.  If the call was the initial oral communication, Plaintiff must attempt to show that in the language of the telephone message Defendant either did not disclose the nature of the call or did not disclose that any information collected would be used to collect the debt.  If the call was a subsequent communication, Plaintiff must attempt to show that the language of the message did not identify Defendant as a debt collector.  To determine damages under § 1692k, "the court shall consider" the other calls/telephone messages to show

5

the frequency and persistence of Defendant's alleged non-compliance.

To sustain a cause of action under the FDCPA for any one call and its resulting telephone message, the court must address the facts of each of the ten calls/telephone messages, including the date of each message and its contents.  These facts form a nucleus of operative fact that is identical in each suit.  The litigation of any one of these claims would have claim preclusive effect on the other cases.  These claims, which seek the same remedy and share the same nucleus of operative fact, are parts of the same cause of action and, therefore, should be joined in the same suit as separate claims within the same cause of action.

Plaintiff cites *Goins v. JBC & Assoc., P.C.*, 352 F. Supp. 2d 262 (D. Conn. 2005) as support for Plaintiff's contention that each telephone message constitutes a separate cause of action under the FDCPA.  That case involved an alleged violation of the Act that occurred after the filing of suit for previous alleged violations.  The court stated that separate suits may be brought against the same defendant for separate violations of the act when, as in that case, "the subsequent action is not duplicative and would not be barred under the claim preclusion doctrine." *Id.* at 266 (citing *United States v. The Haytian Republic*, 154 U.S. 118, 139 (1894).  However, each of Plaintiff's cases for calls (all of which occurred before the first suit was filed) would bar the others under the claim preclusion doctrine and are duplicative.  *I. A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("a suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions.").

Recovery of statutory damages under 15 U.S.C. § 1692k is limited by the language of the statute to $1,000.00 per action. § 1692k(b)(2); *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). Accordingly, *Harper* also held that a plaintiff is not eligible for $1,000.00 per violation in a single action. 961 F.2d at 1563. As Plaintiff's claims are to be joined in a single action, Plaintiff is eligible for no more than $1,000.00 dollars in statutory damages under § 1692k of the FDCPA. The statute provides no numerical limit on the amount appropriate for the actual damages or for the reasonable attorneys' costs.

B.     **FCCPA Claim**

Plaintiff also seeks relief under Fla. Stat. § 559.77(2) for a violation under § 559.72(7). Subsection (7) prohibits, in relevant part, the willful communication with a debtor or debtor's family member at a frequency that can reasonably be expected to harass. To determine the amount of statutory damages under § 559.77(2), the court must consider the frequency and persistence of the debt collector's non-compliance with the statute, the nature of the non-compliance, and the extent to which the non-compliance was intentional.

To support the violation claim, Plaintiff must attempt to show that the February 6, 2008 call was willfully placed by Defendant and that there was a frequency of willful communication that could reasonably be expected to harass Plaintiff or Plaintiff's family by citing the other calls/telephone messages. To show cause for damages, "the court shall consider" the other calls/telephone messages to show the frequency and persistence of Defendant's alleged non-

7

compliance. To sustain a cause of action under the FCCPA for any one call and its resulting telephone message, the court must address the facts of each of the ten calls/telephone messages, including the date of each message and its contents to determine willfulness and frequency. The facts necessary to maintain the cause of action in any one suit are identical to those necessary to maintain each of the other suits. Because these claims seek the same remedy and share identical facts, they are parts of the same cause of action for purposes of claim preclusion and should be joined in the same suit as separate counts within the same cause of action.

Recovery of statutory damages under the FCCPA is limited to $1,000 per defendant per adverse adjudication. Fla. Stat. § 559.77(2). "Adjudication" refers to a final determination or judgment.[3] To aid in interpretation of § 559.77(2), the statute provides that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the Federal Debt Collection Practices Act." § 559.77(5). The FCCPA also contemplates differences between the federal and state acts, and states that whichever provision is "more protective of the consumer or debtor shall prevail." § 559.552. The determination of each count of the cause of action constitutes an adjudication. Under the FCCPA, each of these adjudication, if adverse, is eligible for its own award of statutory damages up to the maximum of $1,000. Though the availability of damages for each count of the cause of action allows for more statutory recovery under the FCCPA than under the FDCPA, it is within the scope prescribed by § 559.552 of the FCCPA as being more

---

[3] Adjudication is "[t]he determination of the issues in an action according to which judgment is rendered; a solemn, final, and deliberate determination of an issue by the judicial power, after a hearing in respect to the maters determined. BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

protective of the consumer.  The motion for summary judgment is therefore denied.

Accordingly, it is:

**ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 18) be **DENIED**.

Therefore, the court will consolidate all pending related cases by separate order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of June, 2009.



Copies to all parties and counsels of record

9