UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

    Plaintiff,

v.                              Case No.: 8:09-CIV-458-T-17-EAJ

GULF COAST COLLECTION
BUREAU, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff Eric Beeders hereby files this Amended Complaint in compliance with the Court's Order entered herein on June 30, 2009 (Docket document #22), and sues defendant Gulf Coast Collection Bureau, Inc., stating as follows:

### PART I: INTRODUCTION

1. This action and eight others removed to this Court were originally filed in state court, specifically the small claims division of the County Court of Hillsborough County of the 13th Judicial Circuit, State of Florida. All nine cases were removed to Federal Court by Gulf Coast pursuant to 28 U.S.C. Sec. 1441(a), and all have now been consolidated into this action pursuant to the Court's Order on Plaintiff's Motion for Partial Summary Judgment entered herein on June 30, 2009. A tenth action originally filed in the above state court

has been dismissed as of the date of filing hereof, the said action having been incorporated into this Amended Complaint.

2. This is an action brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts; and the Florida Consumer Collection Practices Act, Chap. 559, Florida Statutes ("FCCPA"), which prohibits all persons from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.

3. Violations of the FDCPA and FCCPA are analyzed pursuant to an objective standard, that of the "least sophisticated consumer"; for statutory damage purposes, under this standard the effect of such violations upon individual litigants bringing such actions is not relevant.

4. Pursuant to 15 U.S.C. § 1692k, defendants subject to the provisions of the FDCPA are jointly and severally liable to each separate plaintiff for actual damages, maximum statutory damages of $1,000, attorney's fees, and costs.

5. Pursuant to § 559.77(2), Fla. Stat., defendants subject to the provisions of the FCCPA are each separately liable to each separate plaintiff for actual damages,

attorneys' fees, costs, and maximum statutory damages of $1,000 for each separate violation displaced in time; the Court is also authorized to award punitive damages within its discretion, and is empowered to provide equitable relief by enjoining the defendant from further violations of the FCCPA. pursuant to this section.

 6. The plaintiff has retained the below-signed attorney and is obligated to pay him a reasonable fee for his services.

## PART II: JURISDICTION AND VENUE

 7. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

 8. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## PART III: PARTIES

 9. Plaintiff Eric Beeders ("Beeders") is a natural person residing in Hillsborough County, Florida, which is in the Middle District of Florida, Tampa Division.

 10. Defendant Gulf Coast Collect Bureau, Inc. ("Gulf Coast") is a corporation organized under the laws of the state of Florida with its principal place of business being located in Sarasota, Florida.

11. Gulf Coast is a "debt collector" as defined at 15 U.S.C., Section 1692a(6), and is thereby subject to the provisions of the FDCPA; it is also subject to the provisions of the FCCPA.

## PART IV: CLAIM FOR VIOLATIONS OF FDCPA

### COUNT I: CLAIM UNDER FDCPA

12. Paragraphs 1 through 11 above are hereby realleged and incorporated as if more fully stated herein.

13. On various dates and at various times as shown herein below, Gulf Coast engaged in debt collection activities against Beeders; the debt sought to be collected was a consumer debt within the meaning of the definitions provided under the FDCPA and the FCCPA.

14. Acts constituting violations by Gulf Coast of the FDCPA include the following:

    a. On January 31, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    b. On February 6, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a

debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    c. On February 9, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    d. On February 15, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    e. On February 18, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    f. On February 23, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    g. On February 28, 2008 Gulf Coast placed a

telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    h. On March 21, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    I. On March 31, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    j. On April 16, 2008 Gulf Coast placed a telephone call to Beeders, leaving a message on his voice messaging system in which it was not disclosed that the call was from a debt collector, thus violating 15 U.S.C. §§ 1692d(6) and 1692e(11).

    k. The telephone answering machine messages noted in subparagraphs (a) through (j) above have been preserved by Beeders; many other telephone calls were made by Gulf Coast to the residence of Beeders. The continuous phone calls made by

Gulf Coast to Beeders were intended to annoy, abuse, or harass him, thus constituting a violation of 15 U.S.C. § 1692d(5).

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000 together with actual damages, attorney's fees, and costs of this action.

### PART V: CLAIMS FOR VIOLATIONS OF FCCPA

#### COUNT I: FIRST CLAIM UNDER FCCPA

16. Paragraphs 1 through 11, 13, and 14(a) are hereby realleged and incorporated as if more fully stated herein.

17. The act by Gulf Coast described in paragraph 15(a) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

#### COUNT II: SECOND CLAIM UNDER FCCPA

18. Paragraphs 1 through 11, 13, and 14(b) are hereby realleged and incorporated as if more fully stated herein.

19. The act by Gulf Coast described in paragraph 15(b) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

#### COUNT III: THIRD CLAIM UNDER FCCPA

20. Paragraphs 1 through 11, 13, and 14(c) are hereby realleged and incorporated as if more fully stated herein.

21. The act by Gulf Coast described in paragraph 15© above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

### COUNT IV: FOURTH CLAIM UNDER FCCPA

22. Paragraphs 1 through 11, 13, and 14(d) are hereby realleged and incorporated as if more fully stated herein.

23. The act by Gulf Coast described in paragraph 15(d) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

### COUNT V: FIFTH CLAIM UNDER FCCPA

24. Paragraphs 1 through 11, 13, and 14(e) are hereby realleged and incorporated as if more fully stated herein.

25. The act by Gulf Coast described in paragraph 15(e) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

### COUNT VI: SIXTH CLAIM UNDER FCCPA

26. Paragraphs 1 through 11, 13, and 14(f) are hereby realleged and incorporated as if more fully stated herein.

27. The act by Gulf Coast described in paragraph 15(f) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

### COUNT VII: SEVENTH CLAIM UNDER FCCPA

28. Paragraphs 1 through 11, 13, and 14(g) are hereby realleged and incorporated as if more fully stated herein.

29. The act by Gulf Coast described in paragraph 15(g) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

### COUNT VIII: EIGHTH CLAIM UNDER FCCPA

30. Paragraphs 1 through 11, 13, and 14(h) are hereby realleged and incorporated as if more fully stated herein.

31. The act by Gulf Coast described in paragraph 15(h) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

### COUNT IX: NINTH CLAIM UNDER FCCPA

32. Paragraphs 1 through 11, 13, and 14(i) are hereby realleged and incorporated as if more fully stated herein.

33. The acts by Gulf Coast described in paragraph 15(i) above constitute a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

<u>COUNT X: TENTH CLAIM UNDER FCCPA</u>

34. Paragraphs 1 through 11, 13, and 14(j) are hereby realleged and incorporated as if more fully stated herein.

35. The act by Gulf Coast described in paragraph 15(j) above constitutes a violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

<u>COUNT XI: ELEVENTH CLAIM UNDER FCCPA</u>

36. Paragraphs 1 through 11, 13, and 14(a) through (k) are hereby realleged and incorporated as if more fully stated herein.

37. The acts by Gulf Coast described in paragraphs 14(a) through (k) above collectively constitute a separate violation of § 559.72(7), Fla. Stat.

WHEREFORE, Beeders demands judgment against Gulf Coast for statutory damages of $1,000.

**PART VI: AD DAMNUM**

WHEREFORE, plaintiff Eric Beeders demands judgment against defendant Gulf Coast Collection Bureau, Inc. for total damages as follow:

a. Actual damages of $5,000 under the FDCPA and FCCPA for multiple, repeated violations of both statutes;

b. Equitable relief enjoining the defendant from further

violations of the FCCPA;

    c. Costs and attorneys' fees under the FDCPA and FCCPA;

    d. Statutory damages in the amount of $1,000 for multiple violations of the FDCPA;

    e. Statutory damages in the amount of $11,000 for eleven (11) separate, temporally displaced violations of the FCCPA;

    f. Punitive damages pursuant to § 559.77(2), Fla. Stat., within the sound discretion of the Court;

    g. Such other and further relief as the Court may deem just and proper.

    s/ Timothy Condon
TIMOTHY CONDON, ESQ. FBN 217921
307 S. Fielding Ave., Suite #2
Tampa, Florida 33606-4126
813-251-2626   Fax: 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF