```
            UNITED STATES DISTRICT COURT MIDDLE DISTRICT
                   OF FLORIDA TAMPA DIVISION
```

ERIC BEEDERS,

    Plaintiff,

v.                                    Case No.: 8:09-458-T-17-EAJ

GULF COAST COLLECTION BUREAU,
INC.,

    Defendant.
_____/

<u>PLAINTIFF'S COMPLIANCE WITH COURT'S ORDER TO SHOW CAUSE</u>

Plaintiff Eric Beeders ("Beeders") hereby complies with the Court's Order to Show Cause entered in the above-captioned action on July 9, 2009 (Dkt. #26), and states as follows:

1. The Court's Order to Show Cause directs a response with regard to possible dismissal for lack of prosecution, since no Case Management Report has been filed in the above-captioned action within the time prescribed by Local Rule 3.05.

2. By way of response to the Court's Order to Show Cause, Beeders would state as follows:

    a. This case involves ten (10) separate lawsuits filed in the County Court in and for Hillsborough County, small claims division, for ten temporally displaced violations of both the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

    b. Of the ten lawsuits above filed in small claims court, nine (9) were removed to Federal Court by the defendant at

various times by the filing of petitions for removal between March 16, 2009 and April 3, 2009 inclusive.

 c. During and after the removal of the above-said actions to Federal Court, this Court was given notice of the pending, related cases being removed.

 d. Of the nine (9) removed actions, this case reflected the lowest case number in Federal Court; accordingly, the other eight (8) removed cases were reassigned over time to this Court, the last of which was reassigned on June 19, 2009

 e. In connection with the removal of the above-said nine (9) cases and reassignments, a motion for consolidation was also filed on March 24, 2009 by Beeders.

 f. On April 7, 2009 this Court entered an Order staying this matter pending removal and reassignment of the county court small claims cases.

 g. On May 7, 2009 Beeders filed a Motion to Lift Stay in this action (Dkt. #12) in order to file a Motion for Partial Summary Judgment with respect to filing multiple separate actions for temporally displaced violations of the FDCPA and FCCPA. This motion was granted by the Court on May 8, 2009 (Dkt. #13), but only for the purpose of the filing of a motion for partial summary judgment.

 h. On June 30, 2009 this Court entered its Order denying the Motion for Partial Summary Judgment (Dkt. #22), the motion and a memorandum in opposition having been filed prior thereto.

 I. On July 1, 2009 this Court entered an Order lifting

the stay and consolidating all of the nine (9) actions into the above-captioned case (Dkt. #23), and directing Beeders to file an amended complaint in comportment with the Court's Order within ten (10) days from the date thereof.

   3. Efforts to schedule a Case Management Conference with opposing counsel began immediately after the Court's stay was lifted and the nine (9) cases were consolidated, and by July 8, 2009 the conference had been scheduled by counsel for the respective parties for July 21, 2009.

   4. Counsel for the plaintiff tenders apologies to the Court for the delay, and by way of explanation would suggest confusion by virtue of the fact that the stay imposed by the Court's Order of April 7, 2009 (Dkt. #10) was not generally lifted until entry of the Court's Order of July 1, 2009 (Dkt. #23); in addition, the amended complaint directed to be filed by the Court's Order of July 1, 2009 (Dkt. #23) was not filed until July 6, 2009. Accordingly, because of the unusual nature of the issues before the court, the multiple actions pending, the stay in effect with regard to all the removed actions, and the attendant uncertainty as to the expected trajectory of the actions, counsel for the plaintiff thought it advisable to wait until the Court ruled on the plaintiff's Motion for Partial Summary Judgment (Dkt. #18) before scheduling and holding the case management conference required by Local Rule 3.05.

   WHEREFORE, counsel for the plaintiff would request that the Case Management Conference required to be held in this action be allowed to be held on July 21, 2009, with the Case Management

Report to be submitted to the Court within fourteen (14) days thereof, all in accordance with Local Rule 3.05(c)(2)(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

```
                    s/ Timothy Condon
                    TIMOTHY CONDON, ESQ. FBN 217921
                    307 South Fielding Avenue, #2
                    Tampa, Florida 33606-4126
                    813-251-2626   Fax 813-200-3395
                    Email: tim@timcondon.net
                    COUNSEL FOR PLAINTIFF
```