UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. : 8:09-cv-00458-T-17-EAJ

ERIC BEEDERS,

                Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC.

                Defendant.

_____/

**DEFENDANT, GULF COAST COLLECTION BUREAU, INC.'S**
**AMENDED MOTION FOR RECONSIDERATION**
**(LOCAL RULE 3.01(g) Certification Only)**

COMES NOW Defendant, GULF COAST COLLECTION BUREAU, INC., by and through its undersigned counsel and hereby files its Motion for Reconsideration of the Court's Order on Plaintiff's Motion for Partial Summary Judgment pursuant to Fed. R.Civ.P. 59(e), and states as follows:

1. Plaintiff filed ten (10) separate lawsuits against the Defendant, Gulf Coast Collection Bureau, Inc. asserting identical claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and Florida's Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, *et. seq.*

2. Plaintiff then filed a Motion for Partial Summary Judgment requesting this Court enter an order finding a consumer has the right to bring separate actions based upon temporally displaced violations of the FDCPA and FCCPA. [Dk. 18]

3. Defendant filed its response in opposition asserting Plaintiff has engaged in impermissible claim splitting; Plaintiff was not entitled to recover statutory damages per

violation and a prevailing plaintiff is entitled to only the statutory penalty per action; and Plaintiff was barred from filing subsequent duplicative actions when the facts giving rise to those subsequent actions occurred before the filing of the initial action. [Dk. 19]

4. Defendant further asserted a policy argument stating public policy disfavors claim splitting and such a ruling would have a substantial and immediate impact on this Court's docket as well as all state and federal dockets as single plaintiffs would bring multiple claims against the same defendant. [Dk. 19]

5. On June 30, 2009, this Court entered its Order denying Plaintiff's Motion for Partial Summary Judgment in which the Court ruled a Plaintiff may be entitled to the maximum statutory damages of up to $1,000 for each violation asserted as a separate count within the cause of action under the FCCPA. [Dk. 22]

6. In support of its ruling, the Court relied on the statutory language under Fla. Stat. §559.77(2) which limits damages to $1,000 per defendant per adverse adjudication and found the determination of each count of the cause of action constitutes a cause of action. [Dk. 22]

7. Defendant respectfully requests this Court reconsider its ruling as to statutory damages under the FCCPA since a review of the statutory construction reflects a clear and unambiguous intent on the part of the Florida Legislature to mirror the FDCPA in its determination of statutory damages of up to $1,000 per cause of action.

8. Thus, Defendant requests this court alter or amend its June 30, 2009 Order denying Plaintiff's Motion for Partial Summary Judgment to find damages are of up to $1,000 are limited to one award per cause of action, not an award per individual counts within a single cause of action.

**GOOD FAITH ATTEMPT TO RESOLVE ISSUES**

Prior to the filing of this motion, Defendants' counsel, in accordance with Local Rule 3.01(g), contacted Plaintiff's counsel to determine whether Plaintiff objected to this motion. Plaintiff has objected to this motion and therefore the parties are unable to agree on the resolution of the motion.

**Memorandum of Law**

Fed.R.Civ.P. 59(e) allows a party to motion the Court to amend or alter a judgment which has been entered within 10 days of the entry of the judgment. The Court's order denying Plaintiff's Motion for Partial Summary Judgment was entered on June 30, 2009 (Dk. 22), therefore this motion is timely filed with the Court.

Defendant asserts Plaintiff is only entitled to one statutory penalty per lawsuit under the FCCPA, not a statutory penalty for each count or alleged violation within the cause of action as determined by this Court.[1] It has been clearly established that the FDCPA provides for one statutory penalty of up to $1,000.00 per lawsuit. Statutory damages are not awarded per violation, i.e., per each individual improper communication. See: Harper v. Better Bus. Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992) (ruling that damages were limited to $1,000 per action because "the FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology.").

---

[1] This is a matter of first impression for the Court. Defense counsel has researched this issue using Westlaw and has not been able to locate any Florida case law on point. Defense counsel is unaware of any Florida case law in which a Florida state court has ruled on this issue.

A review of the statutory construction of the FCCPA reveals the Florida's Legislature's clear and unambiguous intent to mirror the FDCPA in the determination of statutory damages. Fla. Stat. §559.72, *et. seq.* While the term "adjudication" can be interpreted to mean a determination of the merits each individual allegation within the lawsuit, based upon the definition provided by the Court, it can also be interpreted to mean the determination of all issues within a single lawsuit. [Dk. 22- fn. 3]

In 2001, the Florida Legislature amended the damages provision of the FCCPA from the "defendant shall be liable for actual damages or $500, whichever is greater" to "actual damages and for additional statutory damages of up to $1,000" indicating an intent by the Florida Legislature to mirror the damages available under the FDCPA. Further, the FCCPA continues to mirror the FDCPA in setting guidelines for the determination of statutory damages. Fla. Stat. §559.77(2) states that "[i]n determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional." As stated, this language mirrors the language provided under the FDCPA in determining the amount of statutory damages available to the Plaintiff in a single action and further supports an intent by the Legislature to provide for $1,000 per defendant per lawsuit. Moreover, the language itself provides for the fact there may be more than one violation within a single lawsuit by the use of "frequency and persistence" in determining the amount of fees up to $1,000.

It is also important to look to the specific list of violations provided for under the FCCPA, including a catch-all which specifically addresses frequency of communications with a debtor. Fla. Stat. §559.72(7) states a debt collector cannot "[w]illfully communicate with the

debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family." This demonstrates a clear and unambiguous intent by the Florida Legislature to provide for a single violation which may arise out of series of violations under the same subsection, not unlike the allegations before the Court in the instant matter.

As such, Defendant asserts the FCCPA should be interpreted to provide for up to $1,000 in statutory damages per lawsuit and requests the Court reconsider its earlier ruling on this issue.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on July 14, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to **Timothy Condon, Esquire,** Vollrath-Condon, P.A., Post Office Box 1007, Tampa, FL 33601.

**s/ Ernest H. Kohlmyer, III**
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
Molly E. Young, Esquire
Florida Bar No. 0599891
BELL, ROPER & KOHLMYER, P.A.
2707 East Jefferson Street
Orlando, Florida   32803
(407) 897-5150
(407) 897-3332 (fax)
SKohlmyer@bellroperlaw.com
Attorneys for Defendant, GULF COAST COLLECTION BUREAU, INC.