IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. : 8:09-cv-00458-T-17-EAJ

ERIC BEEDERS,

           Plaintiff,

v.

GULF COAST COLLECTION
BUREAU, INC.

           Defendants.

_____/

**DEFENDANT, GULF COAST COLLECTION BUREAU, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW, the Defendant, GULF COAST COLLECTION BUREAU, INC. by and through its undersigned counsel, and hereby files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint and herein states as follows:

**PART I- INTRODUCTION**

1. Admitted;

2. Admitted for the purposes of claims identification, jurisdiction and venue only; otherwise denied;

3. Denied;

4. Admitted to the extent the FDCPA provides for statutory damages up to $1,000 per cause of action; otherwise denied;

5. Denied;[1]

6. Unknown at this time as to the conditions of representation, including payment for legal services, between Plaintiff and his counsel, therefore Defendant is without specific knowledge to either admit or deny this statements contained in this paragraph; therefore Denied.

## PART II- JURISDICTION AND VENUE

7. Admitted for the purposes of claims identification, jurisdiction and venue only; otherwise denied;

8. Admitted for the purposes of venue; otherwise denied;

## PART III- PARTIES

9. Admitted for the purposes of jurisdiction only; otherwise denied.

10. Admitted;

11. Admitted to the extent Defendant is a "debt collector" as defined by the FDCPA and FCCPA; otherwise denied;

## PART IV- CLAIM FOR VIOLATIONS OF FDCPA

12. Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 11 above.

13. Unknown at this time; therefore denied;

14. Denied as to each and every part and sub-part; Defendant demands strict proof thereof;

---

1 Defendant has a Motion for Reconsideration of this allegation and issue currently pending before this Court.

15.[2]    Denied; Defendant demands strict proof thereof;

## PART V- CLAIMS FOR VIOLATIONS OF FCCPA

### COUNT I- FIRST CLAIM UNDER FCCPA

16.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 15 above.

17.    Denied; Defendant demands strict proof thereof;

### COUNT II- SECOND CLAIM UNDER FCCPA

18.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 17 above.

19.    Denied; Defendant demands strict proof thereof;

### COUNT III- THIRD CLAIM UNDER FCCPA

20.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 19 above.

21.    Denied; Defendant demands strict proof thereof;

### COUNT IV- FOURTH CLAIM UNDER FCCPA

22.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 21 above.

23.    Denied; Defendant demands strict proof thereof;

### COUNT V- FIFTH CLAIM UNDER FCCPA

24.    Defendant incorporates and re-alleges the admissions and/or denials as

---

[2] Plaintiff fails to number paragraph 15 which is his request for damages from the Court.

specifically pled in paragraphs 1 through 23 above.

    25.    Denied; Defendant demands strict proof thereof;

## COUNT VI- SIXTH CLAIM UNDER FCCPA

    26.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 25 above.

    27.    Denied; Defendant demands strict proof thereof;

## COUNT VII- SEVENTH CLAIM UNDER FCCPA

    28.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 27 above.

    29.    Denied; Defendant demands strict proof thereof;

## COUNT VIII- EIGHTH CLAIM UNDER FCCPA

    30.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 29 above.

    31.    Denied; Defendant demands strict proof thereof;

## COUNT IX- NINTH CLAIM UNDER FCCPA

    32.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 31 above.

    33.    Denied; Defendant demands strict proof thereof;

## COUNT X- TENTH CLAIM UNDER FCCPA

    34.    Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 33 above.

35. Denied; Defendant demands strict proof thereof;

## COUNT XI- ELEVENTH CLAIM UNDER FCCPA

36. Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 35 above.

37. Denied; Defendant demands strict proof thereof;

## PART VI- AD DAMNUM

38. Denied as to each and every part and sub-part; Defendant demands strict proof thereof;

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k (Section 813(c) and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bone fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

Second Affirmative Defense

1. Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

2. Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) years statute of limitations under Florida's Consumer Collection Practices Act.

Fourth Affirmative Defense

4. Defendant affirmatively alleges that the Plaintiff failed to mitigate their damages, if any, in this case.

Fifth Affirmative Defense

5. Defendant affirmatively alleges that Plaintiff has failed to demonstrate a "communication" made by the Defendant as that term is defined under the FDCPA and/or FCCPA.

Sixth Affirmative Defense

6. Defendant affirmatively alleges that the Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of its employees, agents or principals.

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on July 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to **Timothy Condon, Esquire,** Vollrath-Condon, P.A., Post Office Box 1007, Tampa, FL 33601.

> **s/ Ernest H. Kohlmyer, III**
> Ernest H. Kohlmyer, III, Esquire
> Florida Bar No. 0110108
> BELL, ROPER & KOHLMYER, P.A.
> 2707 East Jefferson Street
> Orlando, Florida   32803
> (407) 897-5150
> (407) 897-3332 (fax)
> SKohlmyer@bellroperlaw.com
> Attorneys for Defendant, GULF COAST COLLECTION BUREAU, INC.