```
              UNITED STATES DISTRICT COURT MIDDLE DISTRICT
                     OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

     Plaintiff,

v.                                    Case No.: 8:09-458-T-17-EAJ

GULF COAST COLLECTION BUREAU,
INC.,

     Defendant.
_____/
```

## MEMORANDUM BY PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff Eric Beeders ("Beeders") hereby files this Memorandum in Opposition to the Motion for Reconsideration (Docket document #27, hereinafter "Dkt. #27")[1] filed herein by defendant Gulf Coast Collection Bureau, Inc. ("Gulf Coast") pursuant to Fed.R.Civ.P. 59(3), and states that the motion should be denied because this Court's well-reasoned Order denying the plaintiff's Motion for Partial Summary Judgment (Dkt. #22) is eminently correct under the law.

### MEMORANDUM OF LAW

#### I. PROCEDURAL BACKGROUND

Between January 12, 2009 and March 26, 2009 Beeders filed ten separate actions in the Small Claims Division of the County Court in and for Hillsborough County, Florida, making

---

[1] The defendant's original motion was filed on July 14, 2009; an Amended Motion for Reconsideration was filed over certificate of service also dated July 14, 2009 which added only the Local Rule 3.01(g) certification.

claim for ten separate, temporally displaced violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA) committed by Gulf Coast between January 31, 2008 and April 16, 2008 inclusive.[2] Thereafter, Gulf Coast removed nine (9) of the ten cases to this Court between March 12, 2009 and April 3, 2009, inclusive.[3]

The above-said nine removed cases were assigned to various jurists of this Court. A stay was entered by this Court on April 7, 2009 (Dkt. #10) as to all the removed actions, pending reassignment to this Jurist.

On May 7, 2009---all the removed cases having been reassigned to this Court---Beeders filed a Motion to Lift Stay in Consolidated Cases in Order for Plaintiff to File Motion for Partial Summary Judgment on Single Issue (Dkt. #12). This Court granted that motion for the sole purpose of addressing the single issue of filing multiple actions for separate, temporally displaced violations in its Endorsed Order entered on May 8, 2009 (Dkt. #13).

---

[2]Defendant Gulf Coast erroneously stated in its Motion for Reconsideration, in paragraph 1, that Beeders had filed 10 separate lawsuits "asserting identical claims" under the FDCPA and FCCPA. The Court recognized in its Order on Plaintiff's Motion for Partial Summary Judgment (Dkt. #22, p. 6) that the claims were not "identical," but that they do "seek the same remedy and share the same nucleus of operative fact, [and] are parts of the same cause of action and, therefore, should be joined in the same suit as separate claims within the same cause of action."

[3]The tenth case was not removed because the removal deadline had passed; however, that action, being Case No.Case No. 09-934-SC-K in Hillsborough County Small Claims Court, was voluntarily dismissed on July 6, 2009; the claim in that action is reflected in the Amended Complaint filed herein through the CM/ECF system on July 6, 2009 (Dkt. #25).

Page 2 of 12

Thereafter, on May 26, 2009 Beeders filed his Motion for Partial Summary Judgment as to Issue of Bringing Separate Actions for Violations of FDCPA Separated in Time (Dkt. #18), and Gulf Coast filed its Response in Opposition to the motion on June 9, 2009 (Dkt. #19). On June 30, 2009 this Court entered its Order on Plaintiff's Motion for Partial Summary Judgment (Dkt. #22); the Order denied the plaintiff's motion for partial summary judgment, ruling that statutory damages are limited under the FDCPA to a maximum of "$1,000 per action," no matter how many temporally displaced violations are alleged. The Court further ruled that while separate actions may not be filed for temporally displaced violations of the FCCPA, the language of the state statute does indicate that separate awards of statutory damages may be awarded in cases where the FCCPA has been repeatedly violated over time, and separate, temporally displaced violations of the act are alleged in separate counts in a single lawsuit.

After entry of the Court's Order on Plaintiff's Motion for Partial Summary Judgment (hereinafter sometimes referred to as "the Order"), defendant Gulf Coast filed a Motion for Reconsideration on July 14, 2009 (Dkt. #27), to which this Memorandum in Opposition responds.

**II. STANDARD OF REVIEW**

Although there is no specific authority in the Federal Rules of Civil Procedure providing for motions for

reconsideration, any interlocutory order may be reconsidered at any time in any civil proceeding. Stewart v. Hooters of America, Inc., Case No. 8:04-cv-40-T-17-MAP, 2007 WL 1752838, *1 (M.D. Fla. 2007). Motions for reconsideration, also, are clearly similar in nature to motions for rehearing, which are provided for at Fed.R.Civ.P. 60(b). In such cases, this Court has ruled as follows:

> **The proper standard of review for the Court when considering a motion for rehearing is set forth in Prudential Securities, Inc. v. Emerson, 919 F.Supp. 415 (M.D. Fla. 1996). The Prudential court held that, "[a] court will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction....Motions for rehearing 'should not be used to raise arguments which could, and should, have been made....The motion should also demonstrate why the court should reconsider its prior decision, and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision....The Court will not reconsider its decision when a motion does not raise new issues, but only relitigates what has already found to be lacking."**

Gelles v. Skrotsky, 15 F.Supp.2d 1293, 1294 (M.D. Fla. 1998).

This Court has also ruled that "There are three instances in which relief pursuant to a motion for reconsideration is proper: (1) to provide the Court with newly discovered evidence that was not previously available; (2) to present an intervening change in the controlling law; or (3) to prevent or correct clear error of law or prevent manifest injustice.

Reconsideration of an order is an extraordinary remedy to be employed sparingly." <u>McCorriston v. L.W.T., Inc.</u>, 536 F.Supp.2d 1268 (M.D. Fla. 2008).

### III: ARGUMENT

The sole argument by Gulf Coast is that, in passing the FCCPA, the Florida Legislature indicated a "clear and unambiguous intent to mirror the FDCPA in the determination of statutory damages." Although normally such an argument might require resort to the rules of statutory construction, there are several clear reasons why it fails without such necessity. Those reasons follow:

A. The argument fails in the face of the statutory language of the FCCPA itself, where the Florida Legislature has specifically addressed the relationship between the FCCPA and the FDCPA, mandating at § 559.552, Fla. Stat., the following:

> **Relationship of state and federal law.--Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is <u>in addition to the requirements and regulations of the federal act</u>. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.**

(Emphasis added.) In order for the argument of Gulf Coast to

prevail, the above language---which specifically notes and provides for the differences or "inconsistency" between the FDCPA and FCCPA---would have to be ignored.[4]

B. Secondly, the language of the FDCPA and FCCPA explicitly differ with regard to the assessment of statutory damages. The FDCPA provides at 15 U.S.C. § 1692k(a)(2)(A) that "in the case of any action by an individual" statutory damages may be awarded "as the court may allow, but not exceeding $1,000...." The FCCPA at § 559.77(1), Fla. Stat., provides, by contrast, that "A debtor may bring a civil action against a person" violating any provision of the FCCPA, and then separately states in § 559.77(2), Fla. Stat., that "Upon adverse adjudication, the defendant shall be liable for actual damages and for additional statutory damages of up to $1,000...." As can be seen, the language of the FCCPA clearly differs from that of the FDCPA with respect to awards of statutory damages in civil actions. This hardly indicates that the legislature of the state of Florida evinced "a clear and unambiguous intent to mirror the FDCPA in the determination of statutory damages," as argued by Gulf Coast.

---

[4] Interestingly, the FDCPA contains language that is the obverse of the quoted FCCPA language; 15 U.S.C. § 1692n provides that the FDCPA "does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title." Thus, both Congress and the Florida Legislature provided for differences between Florida state law and the FDCPA.

C. Thirdly, as noted above, Congress specifically provided for differences between the FDCPA and state consumer laws, mandating that state law will control over any provision of the FDCPA "if the protection such law affords any consumer is greater than the protection provided by this title." 15 U.S.C. § 1692n. While the Florida Legislature included language in the FCCPA that if any provision of the state law clashed with any provision of the FDCPA, "the provision which is more protective of the consumer or debtor shall prevail." § 559.552, Fla. Stat.

Given the above language, in order for Gulf Coast's argument to prevail, the Court would have to find that the Florida Legislature meant for differences between the FDCPA and FCCPA to be resolved in favor of the provision that is more protective of a consumer...EXCEPT in instances relating to the award of statutory damages in civil actions. If so, that would be a perverse reading of the intent of the Florida Legislature, for "It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993, 996 Fla. 2003). Furthermore,

> **[W]hen the language of [a] statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for**

> **resorting to the rules of statutory interpretation and construction; the statute must be given its plan and obvious meaning....It has also been accurately stated that courts of this state are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power."**

<u>American Bankers Life Assurance Company of Florida v. Williams</u>, 212 So.2d. 777, 778 (Fla. 1st DCA, 1968).

D. Fourth, this Court has previously recognized and ruled that there are differences between the FDCPA and the FCCPA with respect to the awarding of statutory damages, namely that the FCCPA's formula for award of statutory damages is more protective of consumers than the FDCPA, and therefore controls under state law. In <u>LeBlanc v. NCO Financial Systems, Inc.</u>, Case No. 8:07-cv-943-T-26-MAP (M.D. Fla. March 5, 2008), the Court faced the question of whether a plaintiff in an action brought under the FDCPA could recover separate awards of statutory damages against each defendant. It ruled as follows:

> **[T]he Court agrees with Defendants' contention that a plaintiff is entitled to one award of statutory damages not to exceed $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, regardless of the number of defendants sued.**
> **Second, the Court...determines that section 559.77(2) of the Florida Statutes does not impose the same limitation on damages as does § 1692k(a)(2)(A). The language of section 559.77(2) clearly states**

> **in relevant part that "[u]pon adverse adjudication, the defendant shall be liable... for additional statutory damages of up to $1,000,..." Given this unambiguous language, it is clear that the Florida legislature intended that each defendant found liable for violating the FCCPA would be liable for up to $1,000.00 in additional statutory damages, as contrasted with the unambiguous language of § 1692k(a)(2)(A) which limits statutory damages "in the case of any action by an individual . . ."**

(Citations and emphasis omitted.) If this Court should now find that the Florida Legislature "clearly and unambiguously" intended for the FCCPA to "mirror" the FDCPA with regard to award of statutory damages, the above ruling would have to be in error. However, the Court's existing and eminently correct ruling in the Order comports with the previous ruling on the same issue noted above.

E. Fifth, Gulf Coast makes specific arguments in support of its Motion for Reconsideration that are not convincing. For instance, it is argued that because the Florida Legislature amended the FCCPA in 2001 to increase statutory damage awards from $500 to $1,000, that must mean the state legislature meant the FCCPA to be "identical" to the FDCPA (but only with respect to the award of such damages). However, it does not automatically follow that the FCCPA is intended to "mirror" the FDCPA just because a single provision with regard to damages is changed by the state legislature to better protect consumers.

Page 9 of 12

It is similarly argued that because some language in § 559.77(2), Fla. Stat., is similar in part to FDCPA language with regard to "determining the defendant's liability for any additional statutory damages," then that must mean the Florida Legislature intended the FCCPA to "mirror the FDCPA in its determination of statutory damages of up to $1,000 per cause of action." The argument is unconvincing for the same reason: Just because some language in the FCCPA is the same as some language in the FDCPA, it is not a license to conclude that the state act is meant to "mirror" the federal law.

Finally, Gulf Coast argues that since § 559.77(7), Fla. Stat., prohibits a debt collector from willfully communicating "with a debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family," that must somehow mean that the Florida Legislature intended that "a single violation...may arise out of series [sic] of violations under the same subsection...." The problem is that the indicated language can more sensibly and reasonably be read to support multiple awards of statutory damages for temporally displaced violations of the indicated section. The argument of Gulf Coast is essentially that the FCCPA gives a green light to malicious debt collectors---once they've paid their maximum $1,000 "fee"---to repeatedly call and harass a debtor and every member of his or her family at will, and for as long as they please. Neither the statutory

rules of construction nor the clear intent of the Florida Legislature in passing the FCCPA indicates that such perverse permission is intended to be given to debt collectors under a statute that was ostensibly passed to **protect** consumers. After all, it has been ruled that "The FCCPA is to be construed in a manner that is protective of the consumer." <u>Laughlin v. Household Bank, Ltd.</u>, 969 So.2d 509, 512 (Fla. 1st DCA 2007). To read the FCCPA in the perverse manner urged by Gulf Coast would be to turn the statute on its head, essentially giving permission to out-of-control debt collectors to conduct abusive debt collection activities...which is exactly the **opposite** of what the Florida Legislature clearly intended in passing it.

The conclusion of this Court in the Order is logical, well-reasoned, and exactly correct: "Though the availability of damages for each count of the cause of action allows for more statutory recovery under the FCCPA than under the FDCPA, it is within the scope prescribed by § 559.552 of the FCCPA as being more protective of the consumer."[5]

### IV. CONCLUSION

Accordingly, for the above reasons as stated in this Memorandum of Law, the Motion for Reconsideration filed herein

---

[5] It could have been, but was not, noted in the Order that the language of the FDCPA, reflecting the intent of Congress, **also** supports the Court's reasoning and conclusion with regard to the FCCPA. 15 U.S.C. § 1692n.

by defendant Gulf Coast Collection Bureau, Inc. discussed above should be denied.

          Respectfully submitted,

          s/ Timothy Condon

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on July 20, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

         s/ Timothy Condon
         TIMOTHY CONDON, ESQ. FBN 217921
         307 South Fielding Avenue, #2
         Tampa, Florida 33606-4126
         813-251-2626  Fax 813-200-3395
         Email: tim@timcondon.net
         COUNSEL FOR PLAINTIFF