UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC BEEDERS,**
      **Plaintiff,**

v.                                                Case No. 8:09-cv-00458-T-17-EAJ

**GULF COAST COLLECTION BUREAU,**
      **Defendant.**
_____/

## ORDER ON DEFENDANT'S AMENDED MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Rule 59 (e) Amended Motion for Reconsideration of the Court's Order on Plaintiff's Motion for Partial Summary Judgment, filed July 15, 2009 (Dkt. 29), and Plaintiff's response thereto filed July 20, 2009. (Dkt. 30). For the reasons set forth below, Defendant's Motion is denied.

### BACKGROUND

This Court has previously discussed the background facts of this case in the Order on Plaintiff's Motion for Partial Summary Judgment filed on June 30, 2009. (Dkt. 22, 1—3). Those facts are re-adopted and accepted as true for the purpose of resolving this pending motion. Accordingly, only a brief synopsis of the facts is needed here.

Plaintiff, Eric Beeders, filed a series of actions seeking relief against the defendant, Gulf Coast Collection Bureau Inc., for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.77, *et. seq.* (Dkt. 2). Plaintiff alleges that, between January 31, 2008 and April 16, 2008, the Defendant called the Plaintiff and left ten identical or nearly identical

telephone messages regarding Plaintiff's debt. (Dkt. 18). Plaintiff claims these messages violate the FDCPA and the FCCPA and seeks a remedy of actual and statutory damages under both statutes.

On May 26, 2009, Plaintiff filed a Motion for Partial Summary Judgment on the issue of whether Plaintiff's claims could persist as separate actions. (Dkt. 18). On June 30, 2009, this Court denied Plaintiff's motion and ruled that the claims must be consolidated into one action. This Court also recognized that a Plaintiff may be entitled to the maximum statutory damages of up to $1,000.00 for each violation asserted as a separate count within the cause of action under the FCCPA. (Dkt. 22). Subsequently, this Court granted Plaintiff ten days to file an amended complaint encompassing all of Plaintiff's claims. (Dkt. 23). Plaintiff's amended complaint, filed July 6, 2009, lists eleven claims against the Defendant for violation of the FCCPA and seeks $11,000.00 in statutory damages for those violations. (Dkt. 23, 7—11). On July 15, 2009, the Defendant timely filed its Amended Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59 (e) requesting that this Court alter or amend its June 30, 2009, Order to reflect that statutory damages under the FCCPA are limited to an award of $1,000.00 per cause of action, not per count within a single cause of action. (Dkt. 29, 2). Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Reconsideration which asserts that this Court's ruling regarding the award of statutory damages under the FCCPA is correct. (Dkt. 31, 1). Subsequently, Defendant filed a Notice of Filing Supplemental Authority in Support of Defendant's Motion for Reconsideration. (Dkt. 34).

**STANDARD OF REVIEW**

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996). This Court will

not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1239 (11th Cir. 1985)). Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir. 1990)). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.,* 2005 WL 1053691 (citing *Lamar Advertising of Mobile, Inc., v. City of Lakeland, Fla.,* 189 F.R.D. 480, 489 (M.D. Fla. 1999)).

## DISCUSSION

Although the district courts are given substantial discretion in ruling on motions for reconsideration, *Mackin v. City of Boston,* 969 F.2d 1273, 1279 (1st Cir. 1992), this Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (referencing *Decker Coal Co. v. Hartman,* 706 F.Supp. 745, 750 (D. Montana 1998)). Defendant fails to state which ground justifies granting its motion for reconsideration. Therefore, this Court will evaluate each justification to determine if reconsideration is appropriate.

Defendant's motion fails to cite new and controlling law or mention the availability of new evidence. Thus, these justifications cannot be the basis that rehearing is granted. However, the Defendant does rely on *Peters v. Collision Clinics Internat'l, Inc.*, 404 So.2d 116 (Fla. 4th Dist. App. 1981), in support of its Motion for Reconsideration.

"Motions for rehearing 'should not be used "to raise arguments which could, and should, have been made"' earlier." *Emerson,* 919 F.Supp. at 417 (citing *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir. 1990) (quoting *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). Denial of a motion for reconsideration is proper "when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Id.* (quoting *Lussier,* 904 F.2d at 667). Defendant's motion for reconsideration requests this Court reconsider its ruling because a review of the statutory construction of the FCCPA "reflects a clear and unambiguous intent on the part of the Florida Legislature to mirror the FDCPA in its determination of statutory damages of up to $1,000 per cause of action." (Dkt. 29 ¶ 7). This is the same argument Defendant posited in its response to Plaintiff's Motion for Partial Summary Judgment. (Dkt.19). However, Defendant's response failed to cite any law interpreting the award of statutory damages under the FCCPA and instead relied solely on Federal case law interpreting the award of statutory damages under the FDCPA. Now, however, Defendant cites *Peters* in support of its interpretation of the FCCPA. (Dkt. 34).

The *Peters* court interpreted the 1981 version of the FCCPA and addressed the issue of whether that version granted debtors the ability to receive statutory damages for each violation of the statute.[1] 404 So.2d at 117. The Florida Fourth District Court of Appeals held that it did not because there was no indication in the statute that a debtor was entitled to recover at least $500.00 for every violation of the FCCPA. *Id.* The court reasoned, "It would have been quite simple for the Legislature to provide actual damages or $500.00 for each violation of the statute, but it did not do so." *Id.* Defendant relies on this reasoning in his request for reconsideration and

---

[1] The *Peters* court paraphrased the 1981 version of Fla. Stat. § 559.77 as, ". . . a debtor may bring a civil action against a person violating the provisions of Section 559.72 and upon a decision in favor of the debtor bringing suit and upon a decision in favor of the debtor the defendant shall be liable for the debtor's actual damages or $500, whichever is greater, together with attorneys fees and costs."404 So. 2d at 117.

states that even though the FCCPA has since been amended, the Florida Legislature's intent to mirror the FDCPA remains the same. (Dkt. 34 ¶ 3).

Considering *Peters* was decided in 1981 and is from a Florida Appellate Court, it can hardly be considered new and controlling law. Likewise, it seems implausible that this case was not available for Defendant's persuasive use in the Westlaw database prior to Defendant filing its response to Plaintiff's Motion for Summary Judgment.[2] This Court is left to wonder why this interpretation of the statute was not argued initially. "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier*, 904 F.2d at 667. Because Defendant has failed to articulate a reason as to why its *Peters* argument was not initially raised during its response to Plaintiff's Motion for Partial Summary Judgment, denial of Defendant's motion for reconsideration is appropriate.

The final justification is allowed only if there is a need to correct clear error or prevent manifest injustice. *Sussman*, 153 F.R.D. at 694. This Court does find *Peters* applicable, however, it is not persuasive enough to convince this Court that a clear error was made in the original interpretation of the statute. Further, there is no manifest injustice that will occur as a result of our original interpretation of the FCCPA. Allowing the Plaintiff to allege eleven violations of the FCCPA and claim statutory damages of $11,000.00 in the initial complaint stage does not automatically award Plaintiff this sum; Plaintiff will still have to proceed and prove its case. Likewise, the Defendant is still afforded the ability to defend the complaint and utilize other

---

[2] Defendant asserts in its Amended Motion for Reconsideration that Defense counsel researched the issue of statutory damages under the FCCPA and was unable to find any Florida case law on point and is unaware of any Florida case law in which a Florida State Court has ruled on this issue. (Dkt. 29, 3 n. 1). Like the Defendant, this Court has not found any Florida case law that has interpreted the award of statutory damages under the current FCCPA, however, *Peters* is referenced in the case law annotations of the Florida Statutes.

litigation strategies to attack the validity of Plaintiff's complaint. Additionally, subsequent case law could impact the issue. Because there is no clear error that must be corrected or manifest injustice that must be prevented, denial of Defendant's motion for reconsideration is appropriate.

## CONCLUSION

As a result, this Court denies Defendant's motion for reconsideration because Defendant has not presented any new and controlling law, established any new facts, or demonstrated that there is a clear error that must be corrected or manifest injustice that must be prevented. Accordingly, it is:

**ORDERED** the Defendant's Rule 59 (e) Motion for Reconsideration of this Court's Order on Plaintiff's Motion for Partial Summary Judgment be **DENIED.**

**DONE AND ORDERED** in Chambers, in Tampa Florida on this 16th day of September, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All
Parties and Counsel of Record