IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

        Plaintiff,

v.

                              CASE NO. : 8:09-cv-00458-EAK-EAJ

GULF COAST COLLECTION
BUREAU, INC. and ROY
DILLARD

        Defendants.
_____/

## DEFENDANTS, GULF COAST COLLECTION BUREAU, INC.'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Defendant, GULF COAST COLLECTION BUREAU, INC. (hereinafter referred to as "Defendant"), by and through its undersigned attorneys and pursuant to Rule 56, Federal Rules of Civil Procedure, and hereby requests entry of Summary Judgment in its favor and against Plaintiff, ERIC BEEDERS (hereinafter referred to as "Plaintiff"), and as grounds therefore states:

1. On or about January 29, 2009, Plaintiff's counsel filed a series of lawsuits in the County Court in Hillsborough County, Florida, each seeking damages for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practices Act ("FCCPA") based upon the Defendant's collection communications to Plaintiff.

2. Defendant denies all liability and damages as to Plaintiff's claims under the FDCPA and FCCPA. Defendant further asserts it is entitled to summary judgment as a matter of law since there is no genuine issue of fact as to whether Defendant complied with the FCCPA.

3. Plaintiff asserts in each separate lawsuit, that Plaintiff is entitled to damages for

allegedly violating Section 559.72(7) Fla. Stat. by failing to disclose on the Plaintiff's answering machine that the call from was a debt collector as required under 15 U.S.C. Section 1692e(11)

4. However, Defendant asserts that it is entitled to a judgment as a matter of law as there is no genuine issue of material fact that Defendant violated Section 559.72(7) Fla. Stat. based on the alleged violation of Section 1692e(11).

5. Further, Defendant asserts that the content of the subject audio recording containing the message to the Plaintiff adequately identifies the name of the caller and that the caller is a debt collector as required under Sections 1692d(6) and/or Section 1692e(11).

WHEREFORE, Defendant, Gulf Coast Collection Bureau, Inc. respectfully requests the Court grant Defendant's Motion for Summary Judgment in its entirety.

## MEMORANDUM OF LAW

### Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment *"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."* In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.1979). In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); SEC v. Blavin, 760 F.2d 706 (6th Cir.1985). Although the moving party has the burden of showing that no genuine issue of

material fact exists, the non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that, if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

## ARGUMENT IN SUPPORT OF MOTION WITH CITATIONS TO AUTHORITY

Defendant asserts that it is not liable under Florida's Consumer Collection Practices Act ("FCCPA"), namely, Section 559.72(7) Fla. Stat. for allegedly failing to verbally disclose during an answering machine message that the communication was from a "debt collector." Section 559.72(7) Fla. Stat. states in pertinent part that:

> No person shall. . . (7) "willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can be reasonably be expected to abuse or harass the debtor or any member of her or his family."

In reviewing the operative pleadings in this matter, the Plaintiff does not seek damages arising from the "frequency" of the telephone communications but merely *"by leaving a message in which it was not disclosed that the call was from a debt collector."* See: Statements of Claim, Paragraph 8. Therefore, in order for the Plaintiff to prove a violation under sub-section 7, the Plaintiff must argue that the Defendant's alleged action in leaving a message which did not disclose that the call was from a debt collector constitutes a willful engagement of conduct that can be reasonably be expected to abuse or harass the debtor or any member of her or his family. Plaintiff provides no evidence that the Defendant's alleged action were "willful" nor provides any evidence that said action, even if proven true, would be reasonably expected to "abuse" or harass him.

In contrast to the federal Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692e(11) and 1692d(5), the FCCPA does not require disclosure of identification information absent a request from the debtor. Section 559.72(15) Fla. Stat. , specifically states that no person shall:

> Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

In addition, the FCCPA makes it a violation to

> disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information.

See Section 559.72(5) Fla. Stat.

This identical issue and allegations were raised in <u>Gustavo Sampiao v. I.C. Systems, Inc.</u>, 09-21689-CIV-Jordan/McAliley[1] in which the Southern District of Florida granted Defendant's motion for judgment on the pleadings as to Count III (FCCPA Section 559.72(7)). As argued by the Defendant debt collector in <u>Sampiao</u>, "courts are not at liberty to add words to statutes that were not placed by there by the Legislature." <u>Seagrave v. State</u>, 802 So.2d 281, 287 (Fla. 2001). In this case, the court should "give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." <u>Forsythe v. Longboat Key Beach Erosion Control Dist.</u>, 604 So.2d 452, 455 (Fla. 1992). Further, the court should not read on portion of the statute to effective negate another. In reading the FCCPA statutory scheme, where sub-section 7 is the more general provision and subsection 15 is the more specific, the more specific provision prevails over the more general. See: <u>McDonald v. State</u>, 957 So.2d 605, 611 (Fla. 2007)

The court in <u>Sampiao</u> agreed and held that "In addition, Section 559.72(7) <u>Fla. Stat.</u> cannot be read to make unlawful a debt collector's failure to disclose his identity because Section 559.72(15) <u>Fla. Stat.</u> requires that a debt collector disclose his identity only when *"requested to do so by a debtor"* (emphasis added) See: <u>American Home Assurance Co. v. Plaza Materials Corp.</u>, 908 S.2d 360,366 (Fla. 2005) (holding that a court must avoid interpreting a statute so as to "render part of [the] statute meaningless." ) [See attached Order, page 2] Therefore, the Defendant respectfully request the court to adopt the holding in <u>Sampiao</u> as held by the Southern District of Florida and grant Defendant's motion for summary judgment as to each and every claim under Section 559.72(7) <u>Fla. Stat.</u> brought by the Plaintiff in each case consolidated hereto.

---

[1] A copy of the motion for judgment on the pleadings and order granting Defendant's motion are attached hereto for the court's review and reconsideration. (See Exhibit 1)

## Section 1692d(6)

Next, Plaintiff asserts that Defendant violated Section 1692d(6) which makes it a violation of the FDCPA by placing a telephone call without meaningful disclosure of the caller's identity. Defendant asserts that the evidence in this case clearly demonstrates that each and every call initiated by Gulf Coast Collection Bureau, as recorded by the Plaintiff, contained the disclosure that the call was from "Roy Dillard" and from "Gulf Coast Collection Bureau, Inc." See: Sample Audio recording attached as Exhibit 2.[2] Certainly, there is no issue of material fact in dispute that the disclosure of the caller's name and disclosure of the collection agency's name is not "meaningful disclosure of the caller's identity." Therefore, Defendant seeks judgment as a matter of law as to each and every allegation under Section 1692d(6) raised on the operative pleadings as consolidated in this case based on the foregoing.

## Section 1692e(11)

Similarly, the Fair Debt Collection Practices Act, (FDCPA) creates a violation of the Act for the "failure to disclose in sequent communications that the communication is from a debt collector. . ." See: 15 U.S.C. Section 1692e(11). Nothing in the statute specifically requires the caller to use the "phrase "This communication is from a debt collector" or substantially similar language to avoid a violation. The statute merely requires that the debtor be placed on notice that the caller is a debt collector. Defendant has attached a sample audio recording which clearly indicates that the caller is Roy Dillard from Gulf Coast Collection Bureau and requests the Plaintiff to call back regarding "File number _____."

Thus, the court must view this language from the prospective of the "least sophisticated

---

[2] Other audio recordings provided by the Plaintiff demonstrate the exact same audio script which identifies the caller as Roy Dillard from Gulf Coast Collection Bureau in a computer generated voice message.

consumer" standard. In order to give effect to the Act's intent to "protect[ ] the gullible as well as the shrewd," Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006) (*quoting* Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993)), courts have analyzed the statutory requirements "from the perspective of the least sophisticated debtor." Rosenau v. UniFund Corp, 539 F.3d 218, 221 (3rd Cir. 2008) (quoting Brown, 464 F.3d at 454). This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor. Id. at 455. Nevertheless, the least sophisticated standard safeguards bill collectors from liability for "bizarre or idiosyncratic interpretations of collection notices" by preserving at least a modicum of reasonableness, as well as "presuming a basic level of understanding and willingness to read with care [on the part of the recipient]." Id. at 221 (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir.2000)). Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety. Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 510 (6th Cir.2007); see also, Schweizer v. Trans Union Corp., 136 F.3d 233, 238 (2d Cir.1998) (analyzing a debt collection letter as a whole under the least sophisticated debtor standard); Peter v. GC Servs. L.P., 310 F.3d 344, 349 (2d Cir.2002) (same); McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir.2002) (same). Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

Defendant asserts that it is undisputed that the least sophisticated consumer, in listening to the audio recording which indicated that the call was from "Gulf Coast **Collection** Bureau, Inc.", would understand and be placed on notice that the communication was from a debt collector. Although, the Plaintiff does not assert that the message was misleading or deceptive and since a review of Section 1692e(11) is does not require such a finding, Defendant asserts that the identification of the name of the collection agency as "Gulf Coast Collection Bureau, Inc." calling regarding a "file number" does adequately comply with the "debt collector" disclosure of Section 1692e(11) of the FDCPA. Had Congress required a debt collector to specifically state *"This communication is from a debt collector"* it would have drafted and adopted a provision specifically requiring that such language be used. On the contrary, since the statute merely requires the debt collector to place the debtor on notice that it is a debt collector, the disclosure of the debt collector's name indicating that it was a "collection bureau" is more than sufficient so comply with this statutory provision. Therefore, Defendant respectfully requests that the court grant its motion for summary judgment as to each and every allegation under Section 1692e(11) as presented by the Plaintiff in these operative pleadings consolidated in this case.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests this Court to grant its Motion for Summary Judgment as to Plaintiff's claims under 15 U.S.C. Section 1692d(6), 1962e(11) and Section 559.72(7) Fla. Stat.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on **May 20, 2010**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Timothy Condon, Esq, 307 S. Fielding Ave, Tampa, FL 33606;

                                    /s/ Ernest H. Kohlmyer, III
                                    Ernest H. Kohlmyer, III, Esquire
                                    Florida Bar Number: 0110108
                                    SOUTH MILHAUSEN, P.A.
                                    Gateway Center
                                    1000 Legion Place, Suite 1200
                                    Orlando, Florida 32801
                                    407-539-1638
                                    407-539-2679 (fax)
                                    E-mail: Skohlmyer@southmilhausen.com
                                    Attorneys for Defendant, Gulf Coast

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-21689-CIV-JORDAN

| | |
|---|---|
| GUSTAVO B. SAMPAIO | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| I.C. SYSTEM, INC. | ) |
| | ) |
| Defendant | ) |
| | ) |

**ORDER**

For the reasons stated below, I.C. System's motion for partial judgment on the pleadings [D.E. 6] is GRANTED and Counts 3, 4, and 6 are DISMISSED WITH PREJUDICE.

"Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). As a result, I "take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *See id.*

Mr. Sampaio alleges that I.C. System left several pre-recorded messages on his voice mail. In some of the messages, the recording identified the caller as a debt collector attempting to gather information from Jamal Ashley. In other messages, the recording requested a return phone call or stated that the caller would call at another time. Mr. Sampaio states that he does not know Jamal Ashley and is not liable for his debt. He asserts that I.C. System's conduct violates federal law and Florida law and that, as a result, he is entitled to declaratory and injunctive relief. No material issue of fact remains as to Counts 3, 4, and 6, and I conclude that I.C. System is entitled to judgment as a matter of law.

Count 3 alleges that the phone messages constituted willful conduct that harassed Mr. Sampaio in violation of Fla. Stat. § 559.72(7) because the message failed to disclose the caller's name and used a pre-recorded voice. In relevant part, § 559.72(7) makes unlawful willful "conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Mr. Sampaio admits that he does not know, and is not related to, the debtor, Jamal Ashley. Therefore, under the plain language of this statutory provision, he has no right of action because this

provision applies only to "the debtor or any member of his or her family." *See Nicoll v. Baker*, 668 So. 2d 989, 990-91 (Fla. 1996) ("When the words of a statute are plain and unambiguous and convey a definite meaning, courts have no occasion to resort to rules of construction-they must read the statute as written . . ."). Mr. Sampaio cites no authority holding that the protections of § 559.72(7) extend beyond a debtor or his family. In addition, § 559.72(7) cannot be read to make unlawful a debt collector's failure to disclose his identity because § 559.72(15) requires that a debt collector disclose his identity only when "when requested to do so by a debtor."*See Am. Home. Assur. Co v. Plaza Materials Corp.*, 908 So. 2d 360, 366 (Fla. 2005) (citations omitted) (holding that a court must avoid interpreting a statute so as to "render part of [the] statute meaningless").

Count 4 alleges that I.C. System intentionally caused Mr. Sampaio harm by invading his privacy through the repeated telephone calls. To prove the tort of invasion of privacy under Florida law, a plaintiff must demonstrate either physical intrusion or "publicity in the sense of communication to the public in general or to a large number of persons." *See Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir. 1989); *Santiesteban v. Goodyear Tire & Rubber Co.*, 306 F.2d 9, 11 (5th Cir. 1962)[1]. In this case, Mr. Sampaio does not allege that I.C. System engaged in a physical intrusion or publication that would satisfy this requirement.

Count 6 does not make any additional allegations; rather, Mr. Sampaio merely states that he seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)(A). This count fails to state "a claim for relief" as required by Fed. R. Civ. P. 8.

For these reasons, I.C. System is entitled to judgment as a matter of law as to Counts 3, 4 and 6.[2]

DONE and ORDERED in chambers in Miami, Florida, this 14th day of September, 2009.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to:   All counsel of record

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

[2] If Mr. Sampaio wishes to seek declaratory and injunctive relief on any of his other claims, he may file a motion to amend the complaint.

EHXIBIT 2 is an audio recording being filed with the court on CD-ROM via Federal Express on May 20, 2010; audio wav vile is also being emailed to Plaintiff's counsel on the same day.