IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

        Plaintiff,

v.

                                CASE NO. : 8:09-cv-00458-EAK-EAJ

GULF COAST COLLECTION
BUREAU, INC. and ROY
DILLARD

        Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

    COMES NOW, the Defendant, GULF COAST COLLECTION BUREAU, INC. (hereinafter referred to as "Defendant"), by and through its undersigned attorneys and pursuant to Rule 56, Federal Rules of Civil Procedure, and hereby files its Response In Opposition to Plaintiff's Motion for Summary Judgment and requests entry of Summary Judgment in its favor and against Plaintiff, ERIC BEEDERS (hereinafter referred to as "Plaintiff"), and as grounds therefore states:

    1.    On or about January 29, 2009, Plaintiff's counsel filed a series of lawsuits in the County Court in Hillsborough County, Florida, each seeking damages for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practices Act ("FCCPA") based upon the Defendant's collection communications to Plaintiff.

    2.    Defendant has denied all liability and damages as to Plaintiff's claims under the FDCPA and FCCPA. Defendant further asserts it is entitled to summary judgment as a matter of law since there is no genuine issue of fact as to whether Defendant complied with the FCCPA.

As such, Defendant filed its Motion for Summary Judgment with Memorandum of Law on or about May 20, 2010. **[Dk. 43]**

3. Plaintiff asserted in each separate lawsuit, that Plaintiff is entitled to damages for allegedly violating Section 559.72(7) <u>Fla</u>. <u>Stat</u>. by failing to disclose on the Plaintiff's answering machine that the call from was a debt collector as required under 15 U.S.C. Section 1692e(11)

4. However, Defendant has asserted that it is entitled to a judgment as a matter of law as there is no genuine issue of material fact that Defendant violated Section 559.72(7) <u>Fla</u>. <u>Stat</u>. based on the alleged violation of Section 1692e(11). In opposition to Plaintiff's Motion for Summary Judgment filed on May 21, 2010, Defendant still contends that there is no genuine issue of material fact in dispute in its favor, however, in the alternative, states herein that at least a genuine issue of material fact exists as to whether the audio message satisfies the disclosure requirements of Section 1692e(11) as the sample recording submitted by the Defendant clearly indicates that the caller was Roy Dillard with Gulf Coast Collection Bureau, Inc. Defendant asserts that this disclosure is sufficient to satisfy the FDCPA and FCCPA.

5. Further, Defendant asserts that the content of the subject audio recording containing the message to the Plaintiff adequately identifies the name of the caller and that the caller is a debt collector as required under Sections 1692d(6) and/or Section 1692e(11).

WHEREFORE, Defendant, Gulf Coast Collection Bureau, Inc. respectfully requests the Court deny Plaintiff's Motion for Summary Judgment in its entirety.

## **MEMORANDUM OF LAW**

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "*shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and*

*admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."* In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.1979). In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); SEC v. Blavin, 760 F.2d 706 (6th Cir.1985). Although the moving party has the burden of showing that no genuine issue of material fact exists, the non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that, if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

**ARGUMENT IN SUPPORT OF MOTION**
**WITH CITATIONS TO AUTHORITY**

Defendant asserts that it is not liable under Florida's Consumer Collection Practices Act ("FCCPA"), namely, Section 559.72(7) Fla. Stat. for allegedly failing to verbally disclose during an answering machine message that the communication was from a "debt collector." Section 559.72(7) Fla. Stat. states in pertinent part that:

> No person shall. . . (7) "willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can be reasonably be expected to abuse or harass the debtor or any member of her or his family."

In reviewing the operative pleadings in this matter, the Plaintiff does not seek damages arising from the "frequency" of the telephone communications but merely *"by leaving a message in which it was not disclosed that the call was from a debt collector."* See: Statements of Claim, Paragraph 8.  Therefore, in order for the Plaintiff to prove a violation under sub-section 7, the Plaintiff must argue that the Defendant's alleged action in leaving a message which did not disclose that the call was from a debt collector constitutes a willful engagement of conduct that can be reasonably be expected to abuse or harass the debtor or any member of her or his family. Plaintiff provides no evidence that the Defendant's alleged action were "willful" nor provides any evidence that said action, even if proven true, would be reasonably expected to "abuse" or harass him.

In contrast to the federal Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692e(11) and 1692d(5), the FCCPA does not require disclosure of identification information

absent a request from the debtor. Section 559.72(15) Fla. Stat. , specifically states that no person shall:

> Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

In addition, the FCCPA makes it a violation to

> disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information.
> 
> See Section 559.72(5) Fla. Stat.

This identical issue and allegations were raised in Gustavo Sampiao v. I.C. Systems, Inc., 09-21689-CIV-Jordan/McAliley[1] in which the Southern District of Florida granted Defendant's motion for judgment on the pleadings as to Count III (FCCPA Section 559.72(7)). As argued by the Defendant debt collector in Sampiao, "courts are not at liberty to add words to statutes that were not placed by there by the Legislature." Seagrave v. State, 802 So.2d 281, 287 (Fla. 2001). In this case, the court should "give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992). Further, the court should not read on portion of the statute to effective negate another. In reading the FCCPA statutory scheme, where sub-section 7 is the more general provision and subsection 15 is the more specific, the more specific provision prevails over the more general. See: McDonald v. State, 957 So.2d 605, 611 (Fla. 2007)

---

[1] A copy of the motion for judgment on the pleadings and order granting Defendant's motion was attached to Defendant's Motion for Summary Judgment filed May 20, 2010 [Dk. 43]

The court in Sampaio agreed and held that "In addition, Section 559.72(7) Fla. Stat. cannot be read to make unlawful a debt collector's failure to disclose his identity because Section 559.72(15) Fla. Stat. requires that a debt collector disclose his identity only when *"requested to do so by a debtor"* (emphasis added) See: American Home Assurance Co. v. Plaza Materials Corp., 908 S.2d 360,366 (Fla. 2005) (holding that a court must avoid interpreting a statute so as to "render part of [the] statute meaningless.") [See Order, page 2] Therefore, the Defendant respectfully request the court to adopt the holding in Sampiao as held by the Southern District of Florida and grant Defendant's motion for summary judgment as to each and every claim under Section 559.72(7) Fla. Stat. brought by the Plaintiff in each case consolidated hereto.

### Section 1692d(6)

Next, Plaintiff asserts that Defendant violated Section 1692d(6) which makes it a violation of the FDCPA by placing a telephone call without meaningful disclosure of the caller's identity. Defendant asserts that the evidence in this case clearly demonstrates that each and every call initiated by Gulf Coast Collection Bureau, as recorded by the Plaintiff, contained the disclosure that the call was from "Roy Dillard" and from "Gulf Coast Collection Bureau, Inc." Defendant has provided the court with a sample audio recording as Exhibit filed with the court on May 20, 2010 [Dk. 47][2] Certainly, there is no issue of material fact in dispute that the disclosure of the caller's name and disclosure of the collection agency's name is not "meaningful disclosure of the caller's identity." Therefore, Defendant seeks the denial of Plaintiff's request for a judgment as a matter of law as to each and every allegation under Section 1692d(6) raised on the operative pleadings as consolidated in this case based on the foregoing.

---

[2] Other audio recordings provided by the Plaintiff demonstrate the exact same audio script which identifies the caller as Roy Dillard from Gulf Coast Collection Bureau in a computer generated voice message.

**Section 1692e(11)**

Similarly, the Fair Debt Collection Practices Act, (FDCPA) creates a violation of the Act for the "failure to disclose in sequent communications that the communication is from a debt collector. . ." See: 15 U.S.C. Section 1692e(11). Nothing in the statute specifically requires the caller to use the "phrase "This communication is from a debt collector" or substantially similar language to avoid a violation. The statute merely requires that the debtor be placed on notice that the caller is a debt collector. In review of the audio recording clearly, the voice states that the caller is Roy Dillard from Gulf Coast Collection Bureau and requests the Plaintiff to call back regarding "File number _____."

Thus, the court must view this language from the prospective of the "least sophisticated consumer" standard. In order to give effect to the Act's intent to "protect[ ] the gullible as well as the shrewd," Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006) (*quoting* Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993)), courts have analyzed the statutory requirements "from the perspective of the least sophisticated debtor." Rosenau v. UniFund Corp, 539 F.3d 218, 221 (3rd Cir. 2008) (quoting Brown, 464 F.3d at 454). This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor. Id. at 455. Nevertheless, the least sophisticated standard safeguards bill collectors from liability for "bizarre or idiosyncratic interpretations of collection notices" by preserving at least a modicum of reasonableness, as well as "presuming a basic level of understanding and willingness to read with care [on the part of the recipient]." Id. at 221 (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir.2000)). Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their

entirety. Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 510 (6th Cir.2007); see also, Schweizer v. Trans Union Corp., 136 F.3d 233, 238 (2d Cir.1998) (analyzing a debt collection letter as a whole under the least sophisticated debtor standard); Peter v. GC Servs. L.P., 310 F.3d 344, 349 (2d Cir.2002) (same); McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir.2002) (same). Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

Defendant asserts that it is undisputed that the least sophisticated consumer, in listening to the audio recording which indicated that the call was from "Gulf Coast **Collection** Bureau, Inc.", would understand and be placed on notice that the communication was from a debt collector. Although, the Plaintiff does not assert that the message was misleading or deceptive and since a review of Section 1692e(11) is does not require such a finding, Defendant asserts that the identification of the name of the collection agency as "Gulf Coast Collection Bureau, Inc." calling regarding a "file number" does adequately comply with the "debt collector" disclosure of Section 1692e(11) of the FDCPA. Had Congress required a debt collector to specifically state *"This communication is from a debt collector"* it would have drafted and adopted a provision specifically requiring that such language be used. On the contrary, since the statute merely requires the debt collector to place the debtor on notice that it is a debt collector, the disclosure of the debt collector's name indicating that it was a "collection bureau" is more than sufficient so comply with this statutory provision. Therefore, Defendant respectfully requests that the court

deny Plaintiff's motion for summary judgment as to each and every allegation under Section 1692e(11) as presented by the Plaintiff in these operative pleadings consolidated in this case.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court to deny Plaintiff's Motion for Summary Judgment as to Plaintiff's claims under 15 U.S.C. Section 1692d(6), 1962e(11) and Section 559.72(7) Fla. Stat.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 2, 2010**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Timothy Condon, Esq, 307 S. Fielding Ave, Tampa, FL  33606;

 /s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar Number:  0110108
SOUTH MILHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida  32801
407-539-1638
407-539-2679 (fax)
E-mail:  Skohlmyer@southmilhausen.com
Attorneys for Defendant, Gulf  Coast