UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, TAMPA DIVISION

ERIC BEEDERS,

    Plaintiff,

v.                                    Case No.: 8:09-cv-458-T-17-AEP

GULF COAST COLLECTION
BUREAU, INC.,

    Defendant.
_____/

**MEMORANDUM BY PLAINTIFF IN
 OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY
DEFENDANT GULF COAST COLLECTION BUREAU, INC.**

Plaintiff Eric Beeders ("Beeders") hereby files this Memorandum in Opposition to the Motion for Summary Judgment filed herein by defendant Gulf Coast Collection Bureau, Inc. ("Gulf Coast")  pursuant to Fed.R.Civ.P. 56, and states that the said Motion for Summary Judgment should be denied. The motion is without merit because, as shown below, the record is clear that Gulf Coast is liable in this action to the plaintiff, and therefore no reasonable jury could return a verdict for the non-moving party.

**MEMORANDUM OF LAW**

**I. PROCEDURAL BACKGROUND**

Between the dates of January 12, 2009 and March 26, 2009 inclusive,

Beeders brought ten (10) actions against Gulf Coast in the small claims division of the County Court in Hillsborough County, Florida. The actions concerned ten separate, temporally displaced violations of one or more provisions of both the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). The violations were committed by Gulf Coast by leaving telephone voice mail messages on the home telephone of Beeders, each of which failed to comply with certain requirements of the FDCPA and the FCCPA. The ten recorded messages were left on Beeders' telephone between January 31, 1008 and March 31, 2008 inclusive, and were preserved by Beeders preparatory to bringing this action.[1] In addition, many other telephone calls were made by Gulf Coast to Beeders, to the extent that they constituted harassment and abuse (Docket document #25, ¶ 15(k); herein after referenced in the form of "Dkt. 25").

After the ten small claims actions were filed in small claims court, Gulf Coast timely filed notices of removal to federal court for all except one of the cases.[2] The nine (9) cases removed from state small claims court were assigned

---

[1] The ten (10) recorded messages are automated computer messages, and virtually identical; one has been filed with the Court by Gulf Coast as Exhibit 2 in the form of a CD-ROM recorded disk (Dkt. 43, Ex. 2).

[2] Time had apparently run out for removal as to the first case filed in small claims court by the time the decision was made to effect removal of the actions. That case was subsequently dismissed, and its claim incorporated into the Amended Complaint filed in this action (Dkt. 25).

to various jurists, and eventually were consolidated before this Court[3] after Beeders filed a Motion to Consolidate Cases on March 24, 2009 (Dkt. 6), and the Court entered an Order on April 7, 2009 staying all the removed cases pending removal to this Court of the remaining actions (Dkt. 10).

On May 7, 2009 Beeders filed a motion to lift the Court's stay (Dkt. 12) as to all nine removed cases, for the sole purpose of filing a motion for partial summary judgment on the single issue of whether separate actions may be filed and litigated for the purpose of claiming separate awards of statutory damages under both the FDCPA and the FCCPA for temporally displaced violations of the Acts.

On May 8, 2009 the Court entered an Endorsed Order granting the motion to lift the stay for the sole purpose noted above (Dkt. 13).

On May 26, 2009 Beeders filed a Motion for Partial Summary Judgment as to Issue of Bringing Separate Actions for Violations of FDCPA Separated in Time (Dkt. 18). Gulf Coast filed a Response in Opposition to the plaintiff's motion on June 9, 2009 (Dkt. 19).

Thereafter, on June 30, 2009 the Court entered its Order on Plaintiff's Motion for Partial Summary Judgment (Dkt. 22). The Order denied the Motion

---

[3] The nine removed cases were consolidated into this action as the case with the lowest case number.

for Partial Summary Judgment filed by Beeders, ruling that separate lawsuits may not be filed and litigated pursuant to either the FDCPA or the FCCPA. The Court further found that multiple violations of the FDCPA relating to debt collection activities with respect to a single debt owed by a single debtor, being pursued by a single debt collector, are entitled to a maximum statutory damages award in a single lawsuit of $1,000, whether the multiple violations are temporally displaced or not. (Dkt. 22, p. 6.) The Court also ruled, however, that multiple claims under the FCCPA for temporally displaced violations under that statute are eligible for multiple awards of statutory damages if brought in separate counts, because they would involve "separate adjudications" within the meaning of the FCCPA at § 559.77(2). (Dkt. 22, pp. 8-9.)[4]

On July 1, 2009 the Court entered an Order lifting the stay imposed on the pending consolidated actions, and allowed Beeders ten days within which to file an amended complaint (Dkt. 23).

On July 6, 2009 Beeders filed his Amended Complaint in accordance

---

[4] On July 14, 2009 Gulf Coast filed a Motion for Reconsideration (Dkt. 27) of the Court's Order on the plaintiff's Motion for Partial Summary Judgment (Dkt. 18); on July 15, 2009 it filed an Amended Motion for Reconsideration (Dkt. 29); and on August 7, 2009 it filed a Notice of Supplemental Authority (Dkt. 34) with the case of *Peters v. Collision Clinics Int'l, Inc.*, 404 So.2d 116 (Fla. 4th DCA 1981) attached. On September 16, 2009 the Court entered an Order denying the Amended Motion for Reconsideration (Dkt. 37), finding that "This Court does find *Peters* applicable, however, it is not persuasive enough to convince this Court that a clear error was made in the original interpretation of the statute." The Court was correct to make such a finding, since *Peters* was and is inapplicable to the fact-pattern alleged in this action, as more particularly discussed below.

with the Court's Order (Dkt. 25), and Gulf Coast timely filed its Answer and Affirmative Defenses on July 17, 2009 (Dkt. 30).

Gulf Coast and Beeders have now both filed motions for summary judgment, on May 20, 2010 and May 21, 2010 respectively (Dkt. 43, 45), and Beeders now files this Memorandum Opposition to the Motion for Summary Judgment filed by Gulf Coast (Dkt. 43).

## II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

The standard for evaluating and ruling upon a motion for summary judgment pled pursuant to Fed.R.Civ.P. 56 "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict...If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (citation omitted). That is, "summary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party'." *Id.*, citing *Sartor v. Arkansas Gas Corp.*, 321 U.S. 620, 624.

The Eleventh Circuit has explained the rule as follows:

> **The moving party bears the initial burden of showing that there is an absence of a genuine issue of**

> **material fact and that it is therefore entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed2d 265 (1986). If the moving party meets this burden, the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). The non-moving party must set forth specific facts showing that there is a genuine issue for trial, not merely make a summary denial of the movant's allegations. Fed.R.Civ.P. 56(e).**

*Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1323-24 (11th Cir. 2005).

What is a "material fact" for purposes of considering a motion for summary judgment? "The substantive law applicable to the case determines which facts are material." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

In addition, "The district court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inference in his favor." *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991).

### III. ARGUMENT

**A. WHY THE FCCPA REQUIRES DEBT COLLECTORS TO DISCLOSE IN TELEPHONE CALLS TO DEBTORS THAT THE CALLS ARE FOR THE PURPOSE OF DEBT COLLECTION.**

Gulf Coast argues that the FCCPA is silent with respect to the obligation

of debt collectors making collection calls to disclose the nature of their calls, and thus does not require it. This is incorrect, for the reasons that follow.

First, with reference to the FDCPA, it is undisputed by Gulf Coast that 15 U.S.C. §§ 1692d(6) and 1692e(11) require the disclosure of identification information by debt collectors making collection calls, including those who leave telephone voice mail messages. (Dkt. 43, unnumbered 4th and 6th pages.) Specifically, § 1692d(6) of the FDCPA, which is headed "Harassment or abuse," provides in pertinent part as follows:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) [T]he placement of telephone calls without meaningful disclosure of the caller's identity.**

Federal Courts have universally interpreted the above section of the FDCPA to require that a debt collector disclose the reason the call is being made. "Meaningful disclosure requires a debt collector to 'disclose enough information so as not to mislead the recipient as to the purpose of the call.' *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1112 (C.D. Calif. 2005) . . . . [Thus, a] debt collector violates 1692d(6) if the collector leaves an answering machine message under an alias and fails to disclose that the call is

related to debt collection. See, e.g., *Hosseinzadeh*, 387 F.Supp.2d at 1112; *Joseph v. J.J. Mac Intyre Cos.*, 281 F.Supp.2d 1156, 1163 (N.D. Cal. 2003); *Leyse v. Corporate Collection Servs., Inc.*, No. 03-8491, 2006 WL 2708451, at *3-*5 (S.D.N.Y. Sept. 18, 2006)." *Knoll v. Allied Interstate, Inc.*, 502 F.Supp.2d 943, 946 (D. Minn., 2007). *See also Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 597; *on reconsideration* 555 F.Supp. 1005 (N.D. Ga. 1983) ("[T]he meaningful disclosure required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name."); *Edwards v. Niagara Credit Solutions, Inc.*, 586 F.Supp.2d 1346, 1359 (N.D. Ga. 2008) (voice mail messages are communications within the meaning of the FDCPA, and if they do not disclose the identity of the caller and the purpose of the call they violate both §§ 1692d(6) and 1692e(11)).

But the immediate issue at hand is whether the FCCPA, through § 559.72(7), Fla. Stat., creates a similar requirement to that of §§ 1692d(6) and 1692e(11). Gulf Coast argues that it does not, but the conclusion to the contrary is inescapable. The clear legal and statutory train of logic follows:

1. The FCCPA provides in pertinent part at § 559.77(5) that "In applying

and construing [the FCCPA], due consideration and great weight shall be given to the interpretations of the . . . federal courts relating to the federal Fair Debt Collection Practices Act." The FCCPA further explicitly provides that its provisions are "[i]n addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provisions which is more protective of the consumer or debtor shall prevail."

    2. Section 559.72(7) of the FCCPA, under which Beeders has brought his claims, provides in pertinent part that "In collecting consumer debts, no person shall: . . . (7) [W]illfully engage in...conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." What is the definition under the FCCPA of "conduct which can reasonably be expected to abuse or harass the debtor"? No definition is given in the statute's definitional § 559.55. However, authority to **look** to for the definition of what constitutes "abuse or harassment" **is** given at § 559.552 and §559.77(5). Specifically, when interpreting the provisions of the FCCPA, Courts are to look to the FDCPA and the "interpretations of the Federal Trade Commission and the federal courts relating to" the FDCPA. § 559.77(5), Fla. Stat.

    In following the mandate to look to the FDCPA, court interpretation is

hardly needed: The definition of "abuse and harassment" is specifically included at 15 U.S.C. § 5692d(6), where it is stated that "placement of telephone calls without meaningful disclosure of the caller's identity" is defined to be "harassment or abuse." That fact, together with the multiple court rulings noted above which rule that "meaningful disclosure" must include disclosure of the purpose of the call, clearly define "conduct which can reasonably be expected to abuse or harass the debtor" within the meaning of § 559.72(7), Fla. Stat.

   3. Although no further authority need be cited than the clear definitional language of the FDCPA shown above, it should be further noted that the 11th Circuit has ruled that "[c]laims under Sec. 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).

   Thus, by the clear terms of the FCCPA, with mandated reference to both the FDCPA and federal court rulings on the FDCPA, the failure of a debt collector---such as Gulf Coast in the instant case---to disclose that a telephone call is being made for the purpose of debt collection, is *ipso facto* an instance of behavior "which can reasonably be expected to abuse or harass the debtor"

within the meaning of § 559.72(7), Fla. Stat.

Gulf Coast cites one case that it claims disposes of the argument with regard to a debt collector's failure to disclose the purpose of a call under the FCCPA. It is worthy of discussion, if for no other reason than to demonstrate that it is inapt, and easily distinguishable. The case of *Sampiao v. I.C. Systems, Inc.*, 09-21689-CIV-JORDAN (S.D. Fla. September 14, 2009),[5] is cited as being authoritatively dispositive of the issues under the FCCPA in this action. It is not. The plaintiff in that action alleged a "violation of Fla. Stat. § 559.72(7) [sic] because the message [left on a telephone answering system by the debt collector] failed to disclose the caller's name and used a pre-recorded voice." The Court dismissed the case, finding that the plaintiff had no cause of action under the FCCPA. Specifically, because the plain terms of § 559.72(7), Fla. Stat., extend protection only to "a debtor or his family," and Mr. Sampaio admitted that he was not related to the purported debtor whom the debt collector was calling about, he had no right to bring an action under the FCCPA for the calls and messages left on his telephone. *Accord, Belin v. Litton Loan Serv., L.P.*, 2006 WL 1992410 *13-14 (M.D. Fla. July 14, 2006).

As an afterthought, the Court in *Sampaio,* at p. 2, also noted that "§

---

[5] Gulf Coast apparently thought the case to be so supportive of its position, that it attached a copy of the Order in the case to its Motion for Summary Judgment (Dkt. 43) as Exhibit "1".

559.72(7) cannot be read to make unlawful a debt collector's failure to disclose his identity because § 559.72(15) requires that a debt collector disclose his identity only 'when requested to do so by a debtor'," and "a court must avoid interpreting a statute so as to 'render part of (the) statute meaningless." But that is not what Beeders' causes of action rest upon at all. There is no allegation in the Amended Complaint (Dkt. 25) that Gulf Coast failed to identify itself. In fact, every one of the sub-paragraphs from 14(a) through (j) of the Amended Complaint (Dkt. 25)---which form the factual backbone for Beeders' multiple claims on temporally displaced violations---specifically states that each message left for Beeders was one "in which it was not disclosed that the call was from a debt collector," **not** that the debt collector failed to identify itself.

In other words, the failure to disclose the **purpose** of the calls constituted the repeated violations, not any failure to disclose the **identity** of the caller, which was the entire rationale for the ruling in *Sampaio.* This fact, combined with the proviso in the FCCPA that between it and the FDCPA, "the provision which is more protective of the consumer or debtor shall prevail"; combined with the ruling by the 11th Circuit in *Jeter*, 760 F.2d at 1179, as to the least sophisticated consumer; combined with the fact that § 559.72(15) of the FCCPA deals **only** with a debt collector's obligation to provide "adequate

identification of herself or himself or her or his employer or other entity whom she or he represented when requested to do so by a debtor," shows that *Sampaio* is wholly inapplicable to the facts alleged in this action. It does not deal at all with whether the FCCPA requires disclosure of the **purpose** of a collection call, only with disclosure of the **identity** of a debt collector caller.

It is worth noting here also that the same situation applies with respect to the question of multiple awards of statutory damages for multiple temporally displaced violations of the FCCPA. Gulf Coast has cited the case of *Peters v. Collision Clinics Int'l Inc.,*, 404 So.2d 116 (Fla. 4th DCA, 1981) when it filed its notice of supplementary authority on August 7, 2009 (Dkt. 34). Where *Sampaio* does not address the question of required disclosure of the purpose of a telephone call under the FCCPA, *Peters* similarly does not address the question of multiple awards of statutory damages for multiple temporally displaced violations of the FCCPA pled in separate counts of a complaint. This is because the fact situation in *Peters* dealt with a **single act** that violated two sections of the FCCPA, namely the mailing of a letter to a police department (in Dania, Florida) that complained of non-payment of a debt by one or more

police officers with the department.[6] Sending the letter was alleged to have violated both § 559.72(4) and § 559.72(6) of the FCCPA. Thus, in *Peters* there was a single action that was said to have violated two parts of the FCCPA. In this action, by contrast, Beeders alleges multiple, separate, temporally displaced violations of the FCCPA, each of which can be brought as a separate claim under Florida law, *Bacardi v. Lindzon*, 845 So.2d 33, 36 (Fla. 2002), as correctly ruled by the Court previously in this case.

**B. WHY GULF COAST VIOLATED BOTH § 1692d(6) AND § 1692e(11) OF THE FDCPA WITH ITS VOICE MAIL MESSAGES LEFT ON THE HOME TELEPHONE OF ERIC BEEDERS.**

**1. 15 U.S.C. § 1692d(6):** Gulf Coast argues that it did not violate § 1692d(6) of the FDCPA because each recorded message left on Beeders' home telephone identified the caller as being "Roy Dillard"[7] calling for "Gulf Coast Collection Bureau." However, it has already been abundantly demonstrated above that the "meaningful disclosure of the caller's identity" required by § 1692d(6) includes disclosure of the "purpose" of the call, i.e. that the call is to attempt to collect a debt. *Hosseinzadeh*, 387 F.Supp.2d at 1112; *Joseph*, 281

---

[6] The letter was subsequently posted on the police department bulletin board, but the two violations of the FCCPA claimed arose out of the single act of sending the letter to "the police department."

[7] Later found to have been a pseudonym or "desk name" used by Gulf Coast, and accordingly dropped as a party defendant from this action.

F.Supp.2d at 1163; *Leyse*, No. 03-8491, 2006 WL 2708451, at *3-*5; *Knoll*, 502 F.Supp.2d at 946; *Wright*, 548 F.Supp. at 597; *Edwards*, 586 F.Supp.2d at 1359. Accordingly, since Gulf Coast failed to make that mandatory disclosure, it must be found to be liable under § 1692d(6) of the FDCPA, and its motion for summary judgment on this basis consequently denied.

**2. 15 U.S.C. § 1692e(11):** Gulf Coast also argues, somewhat more fervently, that it is not liable for repeatedly violating § 1692e(11) of the FDCPA by leaving its messages on Beeders' telephone, because the identification of the caller as "Gulf Coast Collection Bureau" is said to inform the debtor that the message was from a debt collector (and thus, presumably, also that the call is for the purpose of collecting a debt).

Gulf Coast, to its credit, in making the above argument does cite various cases indicating that the question must be approached from the standpoint of the "least sophisticated consumer." It does not, however, cite the seminal 11th Circuit case of Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). That oversight is remedied here by noting that the Court in *Jeter* ruled, at 1175, that "[w]e believe that '[t]he FDCPA's purpose of protecting [consumers] ... is best served by a definition of 'deceive' that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and

telephone calls', *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. at 599."

Thus, the questions becomes this: Would the name "Gulf Coast Collection Bureau" left on the multiple messages for Beeders adequately inform a least sophisticated consumer that the call was from a debt collector, and for the purpose of debt collection? Might the debtor think Gulf Coast to be in the business of buying and selling coin collections? Or collections of antiques? What if it was a charitable organization engaged in the "collection" of clothing and cast-offs like Salvation Army or the League of Mercy? Could it be that having "collection bureau" in its name meant that it was associated with the "credit bureaus"? Or perhaps it was simply a charitable organization raising funds for poor people by being a "collection bureau" on the Gulf Coast of the state of Florida. Viewed from the standpoint of a well-educated attorney, sophisticated in the wiles of the debt collection industry, one **might** guess that "Gulf Coast Collection Bureau" is a debt collection company making a call to collect an unpaid debt...but then again maybe not.

The Court in *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 669 (S.D. NY, 2006) dealt with precisely this question when NCO Financial Systems, Inc. argued that its name, and the fact that it had previously sent a dunning letter to the consumer, constituted the disclosure required by §

Page 16 of 20

1692e(11). The Court there begged to differ, observing as follows:

> **The issue is whether the identification of the debt collection agency by name—"NCO Financial Systems"—is sufficient to fulfill the requirement of disclosure that "the communication is from a debt collector." 15 U.S.C. § 1692e(11). The Court notes that, other than the name "NCO Financial Systems," the January 18 Pre-Recorded Message contains no other suggestion or clue that the correspondence is from a debt collector. Put another way, this is not a case where the fact that the communication is from a debt collector would be apparent even to the least sophisticated consumer. Compare *Epps*, 1998 WL 851488, at \*9 (holding that where letter indicated "this is an attempt to collect a debt and any information obtained will be used for that purpose," and that "it is imperative that you immediately forward the past due balance," the letter would not confuse an unsophisticated consumer about the author's status as a debt collector); *Ross v. Commercial Fin. Servs., Inc.*, 31 F.Supp.2d 1077, 1079-80 (N.D.Ill.1999) (holding that letter, which disclosed that debt collector was a "different kind of debt collection company," satisfied § 1692e(11), even though it did not use exact term "debt collector").**

In the instant case, there is no indication that any dunning letter or letters were sent to Beeders by Gulf Coast. Thus, the question becomes purely one of whether the name "Gulf Coast Collection Bureau" would serve to inform a least sophisticated consumer that the call was from a debt collection company seeking to collect a debt. The answer is that, given the standard, it would appear there is simply no way that any jury or other finder of fact could find for

Gulf Coast. "For a plaintiff to succeed on a summary judgment motion, he 'must demonstrate that on all essential elements of [his] case on which [he] bears the burden of proof at trial, [that] no reasonable jury could find for the non-moving party.' *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995) (internal quotations omitted)." *Goolsby v. Gain Technologies, Inc.*, Case No. 08-16587, p. 29 (11th Cir. January 2, 1010).

Beeders would submit to the Court that the above standard has been met, and accordingly the defendant's motion for summary judgment on that basis should be denied.

### C. THE FAILURE OF GULF COAST TO ADDRESS A CLAIM BY BEEDERS IN THE AMENDED COMPLAINT UNDER BOTH THE FDCPA AND THE FCCPA.

There are two other claims under the FDCPA and FCCPA by Beeders in the Amended Complaint. They are neither disputed nor addressed by Gulf Coast in its motion for summary judgment (Dkt. 43). In fact, Gulf Coast makes an obviously false statement in its motion, at its unnumbered 4th page, where it states that "In reviewing the operative pleadings in this matter, the Plaintiff does not seek damages arising from the 'frequency' of the telephone communications but merely '*by leaving a message in which it was not disclosed that the call was from a debt collector.*'" (Emphasis in original.) In

fact, and to the contrary, the Amended Complaint (Dkt. 25) clearly makes out causes of action under both the FDCPA and the FCCPA "arising from the 'frequency' of the telephone communications" left on Beeders' home telephone voice mail system. In paragraph 14(k), at pages 6-7 of the Amended Complaint (Dkt. 25), it is alleged that "The continuous phone calls made by Gulf Coast to Beeders were intended to annoy, abuse, or harass him, thus constituting a violation of 15 U.S.C. § 1692d(5)." That claim is repeated under the FCCPA on page 10 of the Amended Complaint in paragraph 37, where it is stated that "The acts by Gulf Coast described in paragraphs 14(a) through (k) above collectively constitute a separate violation of § 559.72(7), Fla. Stat." Gulf Coast has neither discussed nor contravened that claim under either the FDCPA or the FCCPA in its Motion for Summary Judgment (Dkt. 43), and accordingly its motion must be denied also as to those claims.

## V. CONCLUSION

For the above reasons as stated in this Memorandum of Law, the Motion for Summary Judgment filed herein by defendant Gulf Coast Collection Bureau, Inc. discussed above should be denied.

Respectfully submitted,

s/ Timothy Condon

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ Timothy Condon
TIMOTHY CONDON, ESQ.   FBN 217921
307 S. Fielding Ave., #2, Tampa, FL  33606
Telephone 813-251-2626 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF