UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ERIC BEEDERS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 8:09-cv-00458-EAK-AEP |
| | ) |
| GULF COAST COLLECTION | ) |
| BUREAU, INC., | ) |
| | ) |
|        Defendant. | ) |
| _____ | ) |

## ORDER ON DEFENDANT'S AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant's Motion For Summary Judgment (Doc. 43) and Plaintiff's Motion for Summary Judgment (Doc. 45), as well as each party's respective response thereto. (Docs. 48, 49). For reasons set forth below, Defendant's motion is **GRANTED** in part and **DENIED** in part and Plaintiff's motion is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

On February 5, 2009, the Plaintiff, Eric Beeders ("Beeders") filed this action as part of a series of actions in the Hillsborough County Court claiming relief for multiple alleged violations of the Fair Debt Collection Practices Act (FDCPA), Title 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act (FCCPA), Florida Statutes Chapter 559, by the Defendant, Gulf Coast Collection Bureau, Inc.[1] ("Gulf Coast"). (Doc. 2). All ten alleged violations were related to separate telephone calls Gulf Coast made to Beeders in an attempt to collect a debt.

---

[1] The original complaint also named Roy Dillard as a defendant. This name was removed once it was determined that Roy Dillard was not a real person but a "desk name" used by Gulf Coast in its collection practices. The use of such names is not a violation of the FDCPA or FCCPA and thus is not at issue. *E.g. Wright v. Credit Bureau of Ga., Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982).

The case was removed to the United States District Court for the Middle District of Florida on March 13, 2009. (Doc. 1). Beeders filed nine other cases in Hillsborough County Court claiming relief for similar violations.

Beeders filed an unopposed Motion to Consolidate on March 24, 2009. (Doc. 6). This Court stayed this action on April 7, 2009 pending removal of the remaining state claims[2] in anticipation of consolidation. (Doc. 10). The stay was lifted on May 8, 2009 (Doc. 13) to allow Beeders to file a Motion for Partial Summary Judgment on the issue of whether the FDCPA and FCCPA permitted these claims to persist as separate actions, thereby allowing recovery of actual and statutory damages for each individual action filed, or whether statutory damages were limited to $1000.00 as applied to all of the claims combined. (Doc. 18). This Court ruled that because damages under both the FDCPA and FCCPA require consideration of the overall frequency of the calls, and, therefore, evidence of the entire series of calls is necessary to address each claim individually, the suits all involved the same "nucleus of operative fact . . . and, therefore, should be joined in the same suit as separate claims within the same cause of action." Order on Plaintiff's Motion for Partial Summary Judgment 6 (June 30, 2009). This ruling limited Beeders' total recovery for all FDCPA claims to the statutory limit of $1,000.00. *Id*.

However, the Court interpreted the more protective damages rule contained in the FCCPA as allowing Beeders to seek recovery for the statutory limit of $1,000.00 for each

---

[2] *Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00461-T-17-TGW;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00486-T-17-TGW;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00487-T-17-MAP;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00488-T-17-EAJ;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00599-T-17-TBM;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00601-T-17-EAJ;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00631-T-17-MAP;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Case No. 8:09-cv-00668-T-17-EAJ;
*Beeders v. Gulf Coast Collection Bureau, Inc. et al*, Hillsborough County Small Claims Court, Case No. 09-CC-000934, which is now closed and was apparently not removed because the time in which to petition for removal had expired.

*adjudication* of the ten separate FCCPA claims, provided each was pled in a separate count of the complaint. *Id*. at 8. In compliance with the Court's ruling, Beeders filed an Amended Complaint (Doc. 25) on July 6, 2009, pleading each alleged violation of the FDCPA and FCCPA as a separate count, and Gulf Coast filed its Answer and Affirmative Defenses on July 17, 2009. (Doc. 30). Gulf Coast filed its Motion for Summary Judgment on May 20, 2010, seeking a ruling that Beeders' allegations do not constitute a violation of the FDCPA or FCCPA as a matter of law. (Doc. 43). Beeders cross-filed his Motion for Summary Judgment on May 21, 2010, seeking the opposite ruling. (Doc. 45). Both parties agree that the factual circumstances are as follows.

Between January 31, 2008 and April 16, 2008, Gulf Coast made ten automated telephone calls to Beeders regarding a debt he owed to Gulf Coast. These telephone calls resulted in ten identical or nearly identical voicemail messages, the content of which is not a matter of factual dispute. The transcript of the messages is as follows:

> This message is intended for Eric H. Beeders. If you are not Eric H. Beeders please hang up or disconnect. If you are Eric H. Beeders please continue to listen to this message. By continuing to listen to this message you acknowledge that you are Eric H. Beeders. Please return this call to Roy Dillard from Gulf Coast Collection Bureau. Please call 877-827-4820 and ask for file number G31852.

(Doc. 18). As explained below, although these basic facts are not at issue, the import of those facts is in part a question of fact for a jury to decide, making a granting of summary judgment on all issues inappropriate.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All facts and inferences are to be viewed in the light most favorable to the non-moving party. *Id*. at 255. There is no genuine issue of material fact when "the record taken as a whole could not lead the rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, if a reasonable fact-finder could draw an inference from the facts that introduces a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988).

## **DISCUSSION**

The FDCPA is a strict liability statute, the purpose of which is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (2009). The FCCPA closely mirrors the federal statute, and accordingly courts must give "due consideration and great weight" to federal interpretations of the FDCPA in applying and interpreting the FCCPA. 2010 Fla. Sess. L. Serv. ch. 2010-127 § 559.77(5).[3] However, the laws are not identical, and this Court must be conscious of the differences between the two. Because of the

---

[3] Due to recent amendments to certain provisions of the FCCPA, the Court has used the source, West's Florida Session Law Service, rather than the official code when citing those provisions of the FCCPA throughout this document.

differences between the specific provisions of the FDCPA and FCCPA at issue in this case, the Court will address the two statutes separately.

**FDCPA**

Beeders has alleged in his Amended Complaint (Doc. 25) that Gulf Coast's phone messages violated Sections 1692d(6) and 1692e(11) of the FDCPA by failing to adequately disclose that the calls were from a debt collector. Title 15 U.S.C. § 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." Similarly, Title 15 U.S.C. § 1692e(11) prohibits "[t]he failure to disclose in the . . . initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector."

Although these provisions use different language, and Section 1692d(6) seems to require less information, the effect of judicial interpretation of the phrase "meaningful disclosure" has been to impose substantially the same requirements for both. *E.g. Wright v. Credit Bureau of Ga., Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982). Specifically, the caller must "accurately disclose[] the name of her employer and the nature of her business and conceal[] no more than her real name." *Id.*; *accord e.g. Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 943, 946 (D. Minn. 2007). Under either provision of the FDCPA, the caller must make clear that he or she is a debt collector calling in relation to a debt, "so as not to mislead the recipient as to the purpose of the call." *Hosseinzadeh v. M.R.S. Assoc., Inc.*, 387 F. Supp.2d 1104, 1112 (C.D. Cal. 2005).

In interpreting alleged violations of the FDCPA, the Eleventh Circuit has adopted the "least sophisticated consumer" standard. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985); *accord e.g. LeBlanc v. Unifund CCR Partners, ZB*, 601 F.3d 1185, 1193-1194 (11th

Cir. 2010). It is through the eyes of this least sophisticated consumer, rather than those of an expert or even a reasonable consumer, that the law must attempt to determine whether a "debt collection practice has a tendency or capacity to deceive." *Jeter*, 760 F.2d at 1173. This standard was adopted in order to conform to the statute's purpose of protecting consumers "who could not otherwise protect themselves in the marketplace." *Id.* at 1172. The Eleventh Circuit adapted the standard when dealing specifically with alleged violations under Section 1692d, which is entitled "Harassment or Abuse." *Id.* at 1179. In such cases, the alleged violations "should be viewed from the perspective of a consumer whose circumstances make[] him relatively more susceptible to harassment, oppression, or abuse." *Id.*

The least sophisticated consumer standard is objective rather than subjective, and thus "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008). Although this standard is very protective of consumers, "it prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

Whether particular conduct would harass or deceive the least sophisticated consumer is ordinarily a question for the jury. *Jeter*, 760 F.2d at 1178-1179; *accord LeBlanc*, 601 F.3d at 1195. To prevail on summary judgment, Gulf Coast must show that no reasonable jury, when evaluating the messages through the eyes of the least sophisticated consumer, could possibly find that the phone messages failed to identify that the calls were from a debt collector and related to debt collection activities. Conversely, Beeders must show that the opposite is true.

Gulf Coast has submitted no authority in support of its position, instead arguing that the content of the messages speaks for itself and clearly meets the statutory requirements even under the least sophisticated consumer standard. The Court does not agree that the matter is so easily decided in Gulf Coast's favor. Beeders, on the other hand, has submitted substantial authority to support his proposition that the Court can rule as a matter of law that Gulf Coast's messages do not adequately disclose the purpose of the calls. However, as the Court will explain below, the cases presented in support of Beeders' position are factually distinguishable from the present case. The unique factual circumstances present here persuade the Court that whether the least sophisticated consumer would have understood that Gulf Coast's messages were from a debt collector in relation to debt collection activities is a disputed fact best submitted to a jury, and, therefore, summary judgment for either party on the FDCPA claims is inappropriate.

By including the name of their company on the messages Gulf Coast left on Beeders' voicemail, there is a question of fact as to whether Gulf Coast adequately indicated the nature of its business. It is clear from the cases described above, that in communications with debtors, debt collectors must indicate (1) the name of their business, and (2) the nature of their business. *E.g. Wright*, 548 F. Supp. at 597. It is undisputed in this case that Gulf Coast clearly identified the name of their company in its messages to Beeders. What is at issue here is whether the name of the company, "Gulf Coast Collection Bureau," is adequate to inform the least sophisticated consumer that Gulf Coast was a debt collector calling in regard to debt collection activities.

The cases cited by Beeders, indicating that leaving only the name of the company was not sufficient to satisfy the requirements of Sections 1692d(6) and 1692e(11), involved defendants whose companies did not contain the word "collections." For example, in *Leyse v. Corporate Collection Services, Inc.*, the court granted summary judgment for the plaintiff,

holding that messages indicating the caller was from "CCS" were not sufficient to identify the caller as a debt collector, because the plaintiff had no way of knowing what the acronym meant. 2006 WL 2708451 * 4 (S.D.N.Y. Sept. 18, 2006). Similarly, in *Foti v. NFO Financial Systems, Inc.*, the court held that messages directing the plaintiff to call "NCO Financial Systems regarding a personal business matter that requires . . . immediate attention," did not provide adequate identification under the FDCPA. 424 F. Supp. 2d 643, 648, 669 (S.D.N.Y. 2006). However, even the *Foti* court acknowledged that the FDCPA does not require debt collectors to quote the statutory language verbatim in order to be in compliance. *Id*. at 668 (quoting *Emanuel v. Am. Credit. Exch.*, 870 F.2d 805, 808 (2d Cir. 1989)). Therefore, Gulf Coast's failure to specifically state that the messages left on Beeders' voicemail were related to debt collection does not necessarily mean the FDCPA was violated.

Neither the *Foti* nor the *Leyse* court stated that indicating only the name of the company is a per se violation of Sections 1692d(6) and 1692e(11). Quite the opposite—the fact that both courts even bothered to analyze whether the least sophisticated consumer would understand that the calls were from a debt collector supports the possibility that leaving only the name of the company might satisfy the statute if the name was sufficiently specific to alert the consumer to the nature of the call. In the present case, a reasonable jury might find that, upon hearing the name, "Gulf Coast Collection Bureau," it would be sufficiently obvious to even the least sophisticated consumer that the call was related to debt collection. Conversely, a reasonable jury might also find that the name "Gulf Coast Collection Bureau" could be vague and confusing. Therefore, this issue is clearly a triable issue of material fact properly submitted to a jury. As to the FDCPA claims, both the Plaintiff's and Defendant's cross-motions for summary judgment are denied.

**FCCPA**

As noted above, the FCCPA was drafted to closely mirror the FDCPA, and accordingly it directs courts to give "due consideration and great weight" to federal interpretations of the FDCPA in applying and interpreting the FCCPA. 2010 Fla. Sess. L. Serv. at § 559.77(5). Additionally, the FCCPA states, "Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state . . . . In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which [sic] is more protective of the consumer or debtor shall prevail." Fl. Stat. § 559.552 (2008). Both sections give deference to the FDCPA, but neither supports the argument advanced by Beeders.

Beeders has filed several claims under the FCCPA, using Section 559.72(7), which prohibits debt collectors from "willfully engag[ing] in other conduct which [sic] can reasonably be expected to abuse or harass the debtor or any member of her or his family." 2010 Fla. Sess. L. Serv. at § 559.72(7). However, as noted by Gulf Coast in its motion for summary judgment (Doc. 43), the FCCPA also specifically exempts debt collectors from the identification requirements of the FDCPA, instead requiring adequate identification only "*if requested* to do so by a debtor." 2010 Fla. Sess. L. Serv. at § 559.72(15) (emphasis added). The Court summarizes Beeders' arguments as follows: (1) Section 1692d of the FDCPA defines a debt collector's failure to provide meaningful identification as a form of harassment; (2) FCCPA Section 559.72(7) prohibits harassment; (3) FCCPA Section 559.77 effectively would adopt the FDCPA definition of harassment, and therefore a violation of FDCPA Section 1692d *must* be a violation of FCCPA Section 559.72(7); (4) FCCPA Section 559.552 allows the FDCPA to overrule

FCCPA Section 559.72(15).[4]  Although the Court agrees with Beeders' that the FCCPA uses the FDCPA definition of harassment, Beeders' final conclusion is a leap of logic unsupported by law.

Beeders is correct that the FCCPA looks to the FDCPA definition of harassment, and thus harassing conduct under the FDCPA may be a violation of FCCPA Section 559.72(7).  For example, the Middle District of Florida has ruled that claims under the FCCPA may rely on the FDCPA standard of harassment as it relates to the frequency of calls.  *Brandt v. I.C. Sys., Inc.*, 2010 WL 582051 * 2-3 (M.D. Fla. Feb. 19, 2010).  The Middle District has also relied on the FDCPA definition of "debt collection" when evaluating a claim under the FCCPA, which does not define the term.  *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007).  However, both of these cases are distinguishable from the present case in an important respect—the courts looked to the FDCPA for definitional guidance in those cases because the FCCPA *was silent on the issue*.  Neither case involved an alleged violation of the FCCPA based on an FDCPA definition that was expressly exempted under the FCCPA, as is the case here.

There are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable.  For example, this jurisdiction has noted that FCCPA Section 559.72(5) "places narrower, more specific constraints on a debt collector's contact with third parties" than does its federal counterpart.  *Niven v. Natl. Action Fin. Servs., Inc.*, 2008 WL

---

[4] These arguments are contained in Memorandum by Plaintiff in Opposition to Motion for Summary Judgment Filed by Defendant Gulf Coast Collection Bureau, Inc.  (Doc. 49)

4190961 * 2 (M.D. Fla. Sept. 10, 2008). In *Niven*, the court established that the plaintiff must prove a separate and more burdensome set of elements under the FCCPA than under the FDCPA. *Id*. Although the court did not specifically rule on the relevance of FCCPA Section 559.552 in potentially allowing the FDCPA to overrule the more restrictive state provision, it made clear that a violation of the FDCPA does not automatically give rise to an independent cause of action under state law. *Id*. Another court did specifically address the import of FCCPA Section 559.552, and it held that this provision did not mean that the FCCPA was voided whenever it conflicted with the FDCPA. *Conner v. BCC Fin. Mgt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1302-1303 (S.D. Fla. 2008). Specifically, the court ruled that although under the FDCPA a plaintiff was not liable for the defendant's attorney's fees after losing summary judgment, the plaintiff could still be held liable under the FCCPA, which imposed a different standard. *Id*. at 1303. The court specifically rejected the plaintiff's argument that because she was not liable under the FDCPA, Section 559.552 of the FCCPA also meant she could not be liable under Florida law. *Id*.

Similarly, in this case, despite the fact that Gulf Coast may be found liable for harassment under the FDCPA, such a finding would not be sufficient to overrule the express language of FCCPA Section 559.72(15). *See Sampiano v. I.C. Sys., Inc.*, 09-21689-CIV-JORDAN (S.D. Fla. Sept. 14, 2009) (holding that FCCPA Section 559.72(7) "cannot be read to make unlawful a debt collector's failure to disclose his identity," because such a reading would be in direct conflict with FCCPA Section 559.72(15)); *see also Am. Home Assurance Co. v. Plaza Materials Corp.*, 908 So.2d 360, 366 (Fla. 2005) ("a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.") (citations omitted).

Beeders attempts to distinguish *Sampiano* on the ground that FCCPA Section 559.72(15) only pertains to a debt collector's failure to disclose his *identity* and not the *purpose* of his call.  However, Beeders has undermined this position by arguing that the Court must look to the FDCPA for definitional guidance of the word "harassment."[5]  By accepting this logic, the Court must also look to the FDCPA for the definition of the phrase "provide adequate identification" as it is used in FCCPA Section 559.72(15).  This phrase is clearly analogous to the requirement of "meaningful disclosure of the caller's identity," as used in 15 U.S.C. § 1692d(6), which courts have interpreted to include both the name of the caller and the nature of the business—in other words, the purpose of the call.  *See e.g. Wright*, 548 F. Supp. at 597.  Therefore, the meaning of "identification" in Section 559.72(15) of the FCCPA must also refer to the caller's purpose, and the provision thus requires disclosure of that purpose only when requested by the debtor.

In arguing for the Court to rule that FCCPA Section 559.552 is overruled by the FDCPA, Beeders fundamentally mischaracterizes the nature and meaning of that provision.  This provision is intended to acknowledge deference to the FDCPA in areas where the laws conflict—not to simply incorporate all of the FDCPA's provisions by reference.  This Section establishes that the FCCPA does not intend to "limit or restrict" the applicability of the FDCPA in the State of Florida, but it does not give rise to a separate state cause of action in situations where the Florida Legislature has deliberately chosen to exclude a particular provision of the FDCPA.  Therefore, this Court finds that the express language of FCCPA Section 559.72(15) prohibits Beeders' state claims from continuing because he has not stated a cause of action under the FCCPA.  Beeders' motion for summary judgment is thus denied, and Gulf Coast's motion for

---

[5] *Supra* n. 4

summary judgment is granted as it relates to the FCCPA claims, thus, leaving only the federal cause of action to be tried in this case. Accordingly, it is:

**ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 45) be **DENIED**, and Defendant's Motion for Summary Judgment (Doc. 43) be **DENIED** in part and **GRANTED** in part, as stated in this opinion. The case will be set for trial as soon as practicable.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to all parties and counsels of record