IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

       Plaintiff,

v.

                                    CASE NO. : 8:09-cv-00458-EAK-AEP

GULF COAST COLLECTION
BUREAU, INC

       Defendant.
_____/

### **DEFENDANT, GULF COAST COLLECTION BUREAU, INC.'S TRIAL BRIEF**

COMES NOW, the Defendant, GULF COAST COLLECTION BUREAU, INC. (hereinafter referred to as "Defendant"), by and through its undersigned attorneys and pursuant to this Court's Trial Order, and hereby files this Trial Brief:

### **FACTUAL BACKGROUND**

1.    On or about January 29, 2009, Plaintiff's counsel filed a series of lawsuits in the County Court in Hillsborough County, Florida, each seeking damages for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practices Act ("FCCPA") based upon the Defendant's collection communications to Plaintiff.

2.    Defendant denied all liability and damages as to Plaintiff's claims under the FDCPA and FCCPA. Defendant further asserted that it was entitled to summary judgment as a matter of law since there is no genuine issue of fact as to whether Defendant complied with the FDCPA and FCCPA.

3.    On July 6, 2010, this court entered an order partially granting Defendant' Motion for Summary Judgment as to Plaintiff's FCCPA claims leaving the claim under Section

1692e(11) to be resolved by the trial of fact>

## MEMORANDUM OF LAW

### The "Least Sophisticated Consumer" Standard

The Eleventh Circuit has adopted the "least sophisticated consumer standard" in reviewing alleged violations of the FDCPA: See: Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985) "The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'" Smith v. Computer Credit, Inc., 167 F.3d 1052, 1054 (6th Cir.1999) (*citing* Swanson v. Southern Or. Credit Service, 869 F.2d 1222, 1227 (9th Cir. 1988)). "Actual confusion is not necessary; the dunning letter is examined through the eyes of a hypothetical 'unsophisticated consumer' [or least sophisticated consumer]" Keen v. Omnibus International, 1998 WL 485682, at 2 (N.D. Ill. August 12, 1998). "[T]he true test remains whether the letter, taken as a whole, would confuse an unsophisticated consumer about his or her rights." Id. "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." U.S. v. National Financial Services, Inc., 98 F.3d 131, 135-6 (4th Cir. 1996); Creighton v. Emporia Credit Service, Inc., 981 F.Supp. 411, 414 (E.D.Va 1997); Rosenau v. Unifund Corp., 539 F.3d 218,221 (3d Cir. 2008)

### 15 U.S.C. Section 1692e(11)

Section 1692e(11) in pertinent part states that a debt collector shall

> disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Nothing in the statute specifically requires the caller to use the "phrase "This communication is from a debt collector" or substantially similar language to avoid a violation. The statute merely requires that the debtor be placed on notice that the caller is a debt collector. Defendant has attached a sample audio recording which clearly indicates that the caller is Roy Dillard from Gulf Coast Collection Bureau and requests the Plaintiff to call back regarding "File number _____."

Thus, the court must view this language from the prospective of the "least sophisticated consumer" standard. Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

Defendant asserts that it is undisputed that the least sophisticated consumer, in listening to the audio recording which indicated that the call was from "Gulf Coast **Collection** Bureau, Inc." and in conjunction with the reference to "File Number G31852, would understand and be placed on notice that the communication was from a debt collector and for a debt collection purpose. Defendant asserts that the identification of the name of the collection agency as "Gulf Coast Collection Bureau, Inc." calling regarding a "file number" does adequately comply with the "debt collector" disclosure of Section 1692e(11) of the FDCPA. Had Congress required a debt collector to specifically state *"This communication is from a debt collector"* it would have drafted and adopted a provision specifically requiring that such language be used. On the contrary, since the statute merely requires the debt collector to place the debtor on notice that it is a debt collector, the disclosure of the debt collector's name indicating that it was a "collection

bureau" is more than sufficient so comply with this statutory provision. Therefore, Defendant respectfully requests that the court grant judgment in its favor and against Plaintiff as to Plaintiff's allegation under Section 1692e(11).

**Section 1692d(5)**

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. A debt collector that causes a person's telephone to ring "repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct. 15 U.S.C. § 1692d(5). Additionally, a debt collector that engages "any person in telephone conversation repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct. 15 U.S.C. § 1692d(5). "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir.1985). Intent may be established by circumstantial evidence or inferred from a party's actions. In re Jennings, 533 F.3d 1333, 1339 (11th Cir.2008). "A plaintiff must show that the repeated calls were made with the intent to annoy, abuse, or harass." *See* Gorman v. Wolpoff & Abramson, LLP, 435 F.Supp.2d 1004, 1012 (N.D.Cal.2006), *rev'd on other grounds,* 584 F.3d 1147 (9th Cir.2009). "Congress did not intend the FDCPA to completely bar any debt collection calls." *Id.* In determining liability under § 1692d(5), courts often consider the volume and pattern of calls made to the debtor. Sanchez v. Client Servs., Inc., 520 F.Supp.2d 1149, 1161 (N.D.Cal.2007); *see also* Kuhn v. Account Control Tech., Inc., 865 F.Supp. 1443, 1453 (D.Nev.1994) (granting summary judgment to plaintiff where defendant made six calls in twenty-four minutes); Bingham v. Collection Bureau, Inc., 505 F.Supp. 864, 873 (D.N.D.1981) (finding violation where defendant immediately called back

after plaintiff hung up).

In this case, there is no evidence or testimony that indicates that any representative of PCS engaged in conduct in which multiple calls were placed during a single day or with the intent to call repeatedly or in such frequent succession as to harass the Plaintiff in violated of Section 1692d(5). The Plaintiff asserts that the call frequency for the subject account which apparently range from January 31, 2008 to April 16, 2008. The court has already held that during this period of time, Plaintiff received 10 voice-mail messages as indicated in Plaintiff's complaint in the same format as presented to the court in audio form. These dates are identified as January 31st, February 6th, February 9th, February 15th, February 18th, February 23rd, February 28th, March 21st, March 31st, and April 16th. [See Amended Complaint, Paragraph 14 a through j.] As a matter of law, the call frequency fails to demonstrate a pattern of intent to harass and also, based on state law opinion as applicable to Section 559.72(7) Fla. Stat. in Shauer v. Morse Operations, Inc., 5 So.3d 2 (Fla. 4th DCA 2009)(6 attempts over 6 month period not a violation of Section 559.72(7) Fla. Stat. as a matter of law), fails to violate the FDCPA.

**Bona Fide Error Defense**

Defendant asserts that even if the court finds that it violated the FDCPA, the court must still consider whether the Defendant is entitled to the statute's bona fide error defense pursuant to Section 1692k(c). Defendant further asserts the facts of this case clearly demonstrate that Defendant has established policies and procedures to avoid and prevent the allegations of violations of Section 1692e(11) and/or Section 1692d(5).

To demonstrate entitlement to judgment as a matter of law under the bona fide error defense found at 15 U.S.C. §1692k(c), Defendant must show by a preponderance of the evidence that: (1) the violation was unintentional, and (2) it occurred notwithstanding the maintenance of

procedures reasonably adapted to avoid such error.

Defendant will provide testimony and documents that company policies and procedures were implemented and maintained to avoid the allegations of violations of Section 1692e(11) in regards to its pre-recorded call messages in response to the court decisions in <u>Foti</u> and <u>Berg</u> as well as implement computer software programming to prevent excessive calling attempts.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **September 14, 2010**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Timothy Condon, Esq, 307 S. Fielding Ave, Tampa, FL 33606;

/s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar Number: 0110108
SOUTH MILHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida 32801
407-539-1638
407-539-2679 (fax)
E-mail: Skohlmyer@southmilhausen.com
Attorneys for Defendant, Gulf Coast