IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

        Plaintiff,

v.

                              CASE NO. : 8:09-cv-00458-EAK-AEP

GULF COAST COLLECTION
BUREAU, INC

        Defendant.
_____/

## JOINT PRETRIAL STATEMENT

Plaintiff, ERIC BEEDERS, and Defendant, GULF COAST COLLECTION BUREAU, INC., by and through their undersigned counsel and pursuant to Local Rule 3.06, jointly submit the following Pretrial Stipulation.  The Parties anticipate that the **Non-Jury Trial** in this cause will require no more than **3 hours**.

## A.    BASIS OF FEDERAL JURISDICTION

This court has jurisdiction of this action pursuant to 16 U.S.C. Section 1692(k), 28 U.S.C. Section 1331.

## B.    NATURE OF THIS ACTION

1.    ***Plaintiff's Claim***

Plaintiff Eric Beeders makes claim against Gulf Coast Collection Bureau, Inc. for violations of the federal Fair Debt Collection Practices Act ("FDCPA").  More particularly, Beeders claims that multiple telephone calls made to him by the defendant

during 2007 and 2008 were intended for the purpose of annoying, abusing or harassing him into making payment or payments on a debt that he could not or would not pay at those times, thus violating the FDCPA at 15 U.S.C. § 1692d(5). Beeders further claims that multiple messages left for him on his telephones---measured from the perspective of the least sophisticated consumer---failed to adequately convey the fact that the calls were made by a debt collector for the purpose of collecting a debt, in violation of the FDCPA at 15 U.S.C. §§ 1692d(6) and 1692e(11).

2.  *Defendants' Claim*

The Defendant, Gulf Coast Collection Bureau, Inc.'s denies all liability and damages which have been alleged against it in Plaintiff's Complaint. Defendant asserts that it has fully complied with Sections 1692e(11) and 1692d(6) in that its audio recording message adequately identifies itself as a debt collector explicitly in its name and that the call was for a debt collection purpose based on the information provided by the disclosure *"This message is for Eric H. Beeders. If you are not Eric H. Beeders please hang up or disconnect. If you are Eric H. Beeders, please continue to listen to this message. [3 second pause] Please return this call to Roy Dillard from Gulf Coast Collection Bureau. Please call 877-827-4820 and ask for file number G31852, again that file number G31852."* Defendant asserts that the "least sophisticated consumer" would understand and comprehend that based on the information provided in this message that the Gulf Coast Collection Bureau was a debt collector and that the nature of the call was for a debt collection purpose.   Defendant further asserts that the frequency of the

telephone calls to the Plaintiff were not intended to annoy, oppress or harass the Plaintiff and therefore Defendant has not violated Section 1692d(5). Finally,  the Defendant contends that even if a technical violation of these sections exist, Defendant is protected by the statute's "bona fide error" defense in that the actions were not intentional and occurred despite reasonable procedures adapted to avoid such errors.

**C.      STATEMENT OF EACH PARTY'S CASE**

      1.Plaintiff's Statement of the Case:                Attachment "A"

      2.Defendant's Statement of the Case:              Attachment "B"

**D.      LIST OF EXHIBITS TO BE OFFERED AT TRIAL AND OBJECTIONS**

      1.Plaintiff's List of Exhibits:                     Attachment "C"

      2.Defendant's List of Exhibits:                 Attachment "D"

**E.      LIST OF ALL WITNESSES TO BE CALLED AT TRIAL**

      1.Plaintiff's List of Witnesses:                   Attachment "E"

      2.Defendant's List of Witnesses:               Attachment "F"

**F.      STATEMENT OF MONETARY DAMAGES**

      1.Plaintiff's Damages:                           Attachment "G"

**G.      LIST OF DEPOSITIONS TO BE OFFERED AT TRIAL**

      1.Plaintiff's List of Depositions:                 N/A

      2.Defendant's List of Depositions:              N/A

**H.    CONCISE STATEMENT OF THOSE FACTS THAT ARE ADMITTED**

1.     The District Court for the Middle District of Florida, Tampa Division has jurisdiction and venue over the persons and the subject matter in and off the action.

2.     That Eric H. Beeders is defined as a "consumer" and/or "debtor" as those terms are defined under the Fair Debt Collection Practices Act ("FDCPA")

3.     That the subject debt obligation was defined as a "consumer debt" as that term is defined under the Fair Debt Collection Practices Act ("FDCPA").

4.     That Gulf Coast Collection Bureau utilizes a pre-recorded messaging system that provides the Plaintiff with the following message:

> *"This message is for **Eric H. Beeders**. If you are not **Eric H. Beeders** please hang up or disconnect. If you are Eric H. Beeders, please continue to listen to this message. [3 second pause] Please return this call to Roy Dillard from Gulf Coast Collection Bureau. Please call 877-827-4820 and ask for file number **G31852**, again that file number **G31852**."*

5.     That such audio recordings are considered subsequent communications as defined by the FDCPA.

**I.    AGREED TO ISSUES OF LAW**

1.          The jurisdiction and venue of the Court are appropriate.

2.          Pursuant to 15 U.S.C. Section 1692k(d), the statute of limitations under the Fair Debt Collection Practices Act is one (1) year .

3.        In order to establish a bona fide error defense, defendants must establish that: (1) the violation was not intentional and (2) occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. Section 1692k(c).

4.        Statutory damages are capped at a maximum $1000.00 per case under the FDCPA and the determination of damages are based on the factors set out in Section 1692k(b)(1).

5.        In order to expedite the resolution of this action, the plaintiff has agreed to seek only statutory damages, but the abandonment of the claim for statutory damages should not be considered by the Court as a negating factor if and when the plaintiff applies for an award of fees after the action has been decided.

## J.    CONCISE STATEMENT OF THOSE ISSUES OF FACT THAT REMAIN TO BE LITIGATED

1.        Whether Defendant's audio recording message provides the least sophisticated consumer with adequate information to identify the call as coming from a debt collector and being for the purpose of debt collection, as required under Section 1692e(11) and 1692d(6) of the Fair Debt Collection Practices Act (FDCPA)?

2.        Whether the frequency of telephone communications between the Defendant and the Plaintiff violated Section 1692d(5) by causing the telephone to ring with the intent to annoy abuse or harass the Plaintiff?

3.     Whether Gulf Coast Collection Bureau, Inc. demonstrated by the preponderance of the evidence that it maintains policies and procedures reasonably adapted to avoid such a violation of Section 1692 d(6) and 1692e(11) entitling it to the bona fide error defense pursuant to Section 1692k(c)?

4.     Whether Gulf Coast Collection Bureau, Inc. demonstrated by a preponderance of the evidence that it maintains policies and procedures reasonably adapted to avoid violations of Section 1692d(5) entitling it to the bona fide error defense pursuant to Section 1692k(c)?

**K.     ISSUES OF LAW THAT REMAIN TO BE DETERMINED BY THE COURT**

None at this time

**L.     STATEMENT OF DISAGREEMENT AS TO APPLICATION OF RULES OF EVIDENCE OR FEDERAL RULES OF CIVIL PROCEDURE**

None at this time.

**M.     ALL MOTIONS OR MATTERS REQUIRING THE ATTENTION OF THE COURT**

1.          Defendant has been informed that Plaintiff intends to offer testimony and/or documentary evidence from attorney Frederick W. Vollrath as to names of corporations, partnerships, LLC's, etc. and their business areas as identified in Plaintiff's Exhibit List and Plaintiff's Witness List. Defendant interposed an opposition to this evidence based on untimely disclosure admissibility and relevancy to which the court stated would be resolved at trial.  Defendant reserves the right to challenge and object to and witness or document which was not disclosed during the pendency of the case and/or reserves the right to offer rebuttal evidence or testimony should such motion to strike be denied.

**N.**        **SIGNATURES OF COUNSEL FOR PARTIES**

/s/ Ernest "Skip" H. Kohlmyer

Ernest "Skip" H. Kohlmyer
Florida Bar No. 0110108
South Milhausen, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, FL 32801
(407) 539-1638
(407) 539-2679 (fax)
skohlmyer@southmilhausen.com
Attorney for Defendant

/s/ Timothy Condon, Esquire

Timothy Condon, Esquire
Florida Bar No. 217921
307 S. Fielding Avenue, #2
Tampa, Florida 33606
(813) 251-2626
(813) 200-3395 (fax)
tim@timcondon.net
Attorney for Plaintiff

ATTACHMENT A

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

       Plaintiff,

v.                       Case No.: 8:09-cv-458-T-17-AEP

GULF COAST COLLECTION
BUREAU, INC.,

       Defendant.

_____/

## PLAINTIFF'S STATEMENT OF THE CASE

This is an action brought by Eric Beeders ("Beeders"), an individual

consumer, making claim against Gulf Coast Collection Bureau, Inc. ("Gulf Coast")

for multiple violations of the federal Fair Debt Collection Practices Act

("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), both

of which prohibit debt collectors from engaging in abusive, deceptive and unfair

practices in connection with collecting debts. Beeders seeks award of statutory

damages from Gulf Coast, as well as costs of litigation and reasonable attorney's

fees  pursuant to the provisions of the FDCPA.[1]

On various dates between January 31, 2008 and April 16, 2008, and at other

_____

[1] Beeders' claims under the FCCPA were extinguished by the Court's Order on
Defendant's and Plaintiff's Motions for Summary Judgment (Dkt. 50) entered on July 6, 2010.

# EXHIBIT "A"

times, Gulf Coast made many telephone collection calls to Eric Beeders,

repeatedly leaving voice mail messages on his telephone answering systems. The

many calls were made, and messages left, by a computerized telephone calling

system; ten (10) of the recorded messages were saved. The wording of each of the

messages is nearly if not exactly the same; they all read substantially as follow:

> **This is a message for Eric Beeders. If you are not Eric
> H. Beeders please hang up or disconnect. If you are
> Eric Beeders please continue to listen to this message.
> By continuing to listen to this message you acknowledge
> that you are Eric Beeders. Please return this call to Roy
> Dillard from Gulf Coast Collection Bureau. Please call
> 877-827-4820 and ask for file number G31852. Again
> that file number G31852.**

That message left repeatedly on the telephone answering systems of telephones

registered to Eric Beeders failed and fails to adequately inform Beeders that the

call was from a "debt collector" and were made for the purposes of "debt

collection" as required by the FDCPA.

There are two issues to be considered by the Court, as follow:

A. WHETHER THE REPEATED TELEPHONE CALLS MADE TO

BEEDERS WERE "WITH INTENT TO ANNOY, ABUSE, OR HARASS ANY

PERSON AT THE CALLED NUMBER," as prohibited by the FDCPA at 15

U.S.C. § 1692d(5). As the Court noted in its Order on Defendant's and Plaintiff's

Motions for Summary Judgment (Dkt. 50) ("the summary judgment order"),
"Whether particular conduct would harass or deceive the least sophisticated
consumer is ordinarily a question for the jury." It is the position of the plaintiff
that repeatedly calling and repeatedly leaving messages as the defendant did on his
telephones, could *only* be for the purpose of annoying him into both responding
and paying an alleged debt.

B. WHETHER A TELEPHONE MESSAGE THAT SAYS "PLEASE
RETURN THIS CALL TO ROY DILLARD FROM GULF COAST
COLLECTION BUREAU" is sufficient to inform the least sophisticated consumer
that the call is from a debt collector and for the purpose of collecting a debt. As
the Court noted in the summary judgment order, "What is at issue here is whether
the name of the company, 'Gulf Coast Collection Bureau,' is adequate to inform
the least sophisticated consumer that Gulf Coast was a debt collector calling in
regard to debt collection activities" (Dkt. 50, p. 7), as required by the FDCPA at
15 U.S.C. §§ 1692d(5) and 1692e(11).

As the Court noted in the summary judgment order, "The least sophisticated
consumer standard is objective rather than subjective, and thus 'it is not necessary
for a plaintiff to show that she he4rself was confused by the communication she
received; it is sufficient for a plaintiff to demonstrate that the least sophisticated

Page 3 of 4

consumer would be confused'," citing *Jacobson v. Health Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir., 2008). (Dkt. 50, p. 6.)

It is the position of the plaintiff that under the objective standard enunciated above, merely including the word "collection" in the name of a company is not only insufficient to ensure that the least sophisticated consumer will be made aware of the nature of the telephone call, but that it can also deceive by being open to more than one reasonable interpretation, at least one of which is inaccurate, in which case it violates the FDCPA. Beeders would submit to this Court that giving Gulf Coast a "pass" on the question of how many ways an unsophisticated consumer might interpret a call from "Gulf Coast Collection Bureau" is tantamount to traducing the least sophisticated consumer standard enunciated by the 11th Circuit and others.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ Timothy Condon
TIMOTHY CONDON, ESQ.   FBN 217921
307 S. Fielding Ave., #2, Tampa, FL  33606
Telephone 813-251-2626 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF

Page 4 of  4

# ATTACHMENT B

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

         Plaintiff,

v.

                                          CASE NO. : 8:09-cv-00458-EAK-AEP

GULF COAST COLLECTION
BUREAU, INC

         Defendant.
_____/

### DEFENDANT, GULF COAST COLLECTION BUREAU, INC.'S STATEMENT OF THE CASE

      COMES NOW, the Defendant, GULF COAST COLLECTION BUREAU, INC. (hereinafter referred to as "Defendant"), by and through its undersigned attorneys and pursuant to this Court's Trial Order, and hereby provides this STATEMENT OF THE CASE.

### FACTUAL BACKGROUND

      1.      On or about January 29, 2009, Plaintiff's counsel filed a series of lawsuits in the County Court in Hillsborough County, Florida, each seeking damages for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practices Act ("FCCPA") based upon the Defendant's collection communications to Plaintiff.

      2.      Defendant denied all liability and damages as to Plaintiff's claims under the FDCPA and FCCPA.  Defendant further asserted that it was entitled to summary judgment as a matter of law since there is no genuine issue of fact as to whether Defendant complied with the FDCPA and FCCPA.

      3.      On July 6, 2010, this court entered an order partially granting Defendant' Motion for Summary Judgment as to Plaintiff's FCCPA claims leaving the claim under Section

1692e(11) to be resolved by the trial of fact>

## MEMORANDUM OF LAW

### The "Least Sophisticated Consumer" Standard

The Eleventh Circuit has adopted the "least sophisticated consumer standard" in reviewing alleged violations of the FDCPA: See: <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985) "The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'" <u>Smith v. Computer Credit, Inc.</u>, 167 F.3d 1052, 1054 (6th Cir.1999) (*citing* <u>Swanson v. Southern Or. Credit Service</u>, 869 F.2d 1222, 1227 (9th Cir. 1988)). "Actual confusion is not necessary; the dunning letter is examined through the eyes of a hypothetical 'unsophisticated consumer' [or least sophisticated consumer]" <u>Keen v. Omnibus International</u>, 1998 WL 485682, at 2 (N.D. Ill. August 12, 1998). "[T]he true test remains whether the letter, taken as a whole, would confuse an unsophisticated consumer about his or her rights." <u>Id</u>. "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." <u>U.S. v. National Financial Services, Inc.</u>, 98 F.3d 131, 135-6 (4th Cir. 1996); <u>Creighton v. Emporia Credit Service, Inc.</u>, 981 F.Supp. 411, 414 (E.D.Va 1997); <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218,221 (3d Cir. 2008).

### 15 U.S.C. Section 1692e(11)

Section 1692e(11) in pertinent part states that a debt collector shall

> disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Nothing in the statute specifically requires the caller to use the "phrase "This communication is from a debt collector" or substantially similar language to avoid a violation. The statute merely requires that the debtor be placed on notice that the caller is a debt collector.  Defendant has attached a sample audio recording which clearly indicates that the caller is Roy Dillard from Gulf Coast Collection Bureau and requests the Plaintiff to call back regarding "File number _____."

Thus, the court must view this language from the prospective of the "least sophisticated consumer" standard.  Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

Defendant asserts that it is undisputed that the least sophisticated consumer, in listening to the audio recording which indicated that the call was from "Gulf Coast **Collection** Bureau, Inc." and in conjunction with the reference to "File Number G31852, would understand and be placed on notice that the communication was from a debt collector and for a debt collection purpose. Defendant asserts that the identification of the name of the collection agency as "Gulf Coast Collection Bureau, Inc." calling regarding a "file number" does adequately comply with the "debt collector" disclosure of Section 1692e(11) of the FDCPA. Had Congress required a debt collector to specifically state *"This communication is from a debt collector"* it would have drafted and adopted a provision specifically requiring that such language be used. On the contrary, since the statute merely requires the debt collector to place the debtor on notice that it is a debt collector, the disclosure of the debt collector's name indicating that it was a "collection

bureau" is more than sufficient so comply with this statutory provision. Therefore, Defendant respectfully requests that the court grant judgment in its favor and against Plaintiff as to Plaintiff's allegation under Section 1692e(11).

### Section 1692d(5)

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. A debt collector that causes a person's telephone to ring "repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct. 15 U.S.C. § 1692d(5). Additionally, a debt collector that engages "any person in telephone conversation repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct. 15 U.S.C. § 1692d(5). "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir.1985). Intent may be established by circumstantial evidence or inferred from a party's actions. In re Jennings, 533 F.3d 1333, 1339 (11th Cir.2008). "A plaintiff must show that the repeated calls were made with the intent to annoy, abuse, or harass." See Gorman v. Wolpoff & Abramson, LLP, 435 F.Supp.2d 1004, 1012 (N.D.Cal.2006), rev'd on other grounds, 584 F.3d 1147 (9th Cir.2009). "Congress did not intend the FDCPA to completely bar any debt collection calls." Id. In determining liability under § 1692d(5), courts often consider the volume and pattern of calls made to the debtor. Sanchez v. Client Servs., Inc., 520 F.Supp.2d 1149, 1161 (N.D.Cal.2007); see also Kuhn v. Account Control Tech., Inc., 865 F.Supp. 1443, 1453 (D.Nev.1994) (granting summary judgment to plaintiff where defendant made six calls in twenty-four minutes); Bingham v. Collection Bureau, Inc., 505 F.Supp. 864, 873 (D.N.D.1981) (finding violation where defendant immediately called back

after plaintiff hung up).

In this case, there is no evidence or testimony that indicates that any representative of PCS engaged in conduct in which multiple calls were placed during a single day or with the intent to call repeatedly or in such frequent succession as to harass the Plaintiff in violated of Section 1692d(5). The Plaintiff asserts that the call frequency for the subject account which apparently range from January 31, 2008 to April 16, 2008. The court has already held that during this period of time, Plaintiff received 10 voice-mail messages as indicated in Plaintiff's complaint in the same format as presented to the court in audio form.  These dates are identified as January 31st, February 6th, February 9th,  February 15th, February 18th,  February 23rd, February 28th,  March 21st, March 31st, and April 16th.  [See Amended Complaint, Paragraph 14 a through j.] As a matter of law, the call frequency fails to demonstrate a pattern of intent to harass and also, based on state law opinion as applicable to Section 559.72(7) Fla. Stat. in Shauer v. Morse Operations, Inc., 5 So.3d 2 (Fla. 4th DCA 2009)(6 attempts over 6 month period not a violation of Section 559.72(7) Fla. Stat. as a matter of law), fails to violate the FDCPA.

**Bona Fide Error Defense**

Defendant asserts that even if the court finds that it violated the FDCPA, the court must still  consider whether the Defendant is entitled to the statute's bona fide error defense pursuant to Section 1692k(c).  Defendant further asserts the facts of this case clearly demonstrate that Defendant has established policies and procedures to avoid and prevent the allegations of violations of Section 1692e(11) and/or Section 1692d(5).

To demonstrate entitlement to judgment as a matter of law under the bona fide error defense found at 15 U.S.C. §1692k(c), Defendant must show by a preponderance of the evidence that:  (1) the violation was unintentional, and (2) it occurred notwithstanding the maintenance of

procedures reasonably adapted to avoid such error.

Defendant will provide testimony and documents that company policies and procedures were implemented and maintained to avoid the allegations of violations of Section 1692e(11) in regards to its pre-recorded call messages in response to the court decisions in <u>Foti</u> and <u>Berg</u> as well as implement computer software programming to prevent excessive calling attempts.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 14, 2010**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Timothy Condon, Esq, 307 S. Fielding Ave, Tampa, FL  33606;

> /s/ Ernest H. Kohlmyer, III
> Ernest H. Kohlmyer, III, Esquire
> Florida Bar Number:  0110108
> SOUTH MILHAUSEN, P.A.
> Gateway Center
> 1000 Legion Place, Suite 1200
> Orlando, Florida  32801
> 407-539-1638
> 407-539-2679 (fax)
> E-mail:  Skohlmyer@southmilhausen.com
> Attorneys for Defendant, Gulf  Coast

ATTACHMENT C

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

      Plaintiff,

v.                          Case No.: 8:09-cv-458-T-17-AEP

GULF COAST COLLECTION
BUREAU, INC.,

      Defendant.

_____/

| PLAINTIFF'S TRIAL EXHIBIT LIST | | | | |
|---|---|---|---|---|
| Exhibit No. | Date Identified | Date Admitted | Witness | Description |
| | | | | |
| 1 | | | | Records of Fla. Dept. of State., Div. of Corporations, showing lists of corporations, trademarks, limited partnerships, general partnerships, limited liability companies, and fictitious names utilizing the word "collection" in their registered names. |
| 2 | | | | Records produced by the defendant showing telephone calls made to the plaintiff. |
| 3 | | | | Recordings of ten (10) telephone voice mail messages left on the telephones of the plaintiff by the defendant. |
| 4 | | | | Printed transcriptions of ten (10) telephone voice mail message left on the telephones of the plaintiff by the defendant. |

**EXHIBIT "C"**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ Timothy Condon
TIMOTHY CONDON, ESQ.   FBN 217921
307 S. Fielding Ave., #2, Tampa, FL 33606
Telephone 813-251-2626 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF

# ATTACHMENT D

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

        Plaintiff,

v.

                           CASE NO. : 8:09-cv-00458-EAK-AEP

GULF COAST COLLECTION
BUREAU, INC

        Defendant.

_____/

## DEFENDANT'S TRIAL EXHIBIT LIST

____ Plaintiff   _X_ Defendant

| EXHIBIT LIST | | | | | |
|---|---|---|---|---|---|
| Exhibit No. | Date Identified | Date Admitted | Witness | Objections | Description |
| 1. | | | | | Collection Notes for Account for File Number G31852 |
| 2. | | | | | Policy and Procedures governing call frequency; Mercury Dialer Campaign Set Up |
| 3. | | | | | Policy and Procedures relating to Foti and Berg decision compliance and call frequency compliance. PPMS meeting September 25, 2007 |
| 4. | | | | | Policy and Procedures relating to Foti and Berg decision compliance; Memo dated June 1, 2009 |
| 5. | | | | | Sample audio recording of pre-recorded message |
| Alt. 6 | | | | | Subject to Defendant's Motion to Strike Plaintiff's Exhibit 1, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Defendant offers rebuttal evidence identified as Excerpts of ACA International Membership Rooster |
| Alt.7 | | | | | Subject to Defendant's Motion to Strike Plaintiff's Exhibit 1, Defendant offers rebuttal evidence identified as Department of Corporation's Records containing name with "collection" and/or "bureau" as debt collection purpose |
| Alt. 8 | | | | | Subject to Defendant's Motion to Strike Plaintiff's Exhibit 1, Defendant offers rebuttal evidence identified as Florida's Department of Business Regulation Records with list of registered debt collectors with "collection" and/or bureau in its name. |

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on **July 30, 2010**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to: **Timothy Condon, Esquire,** 307 S. Fielding Ave. Tampa, Fl 33606.

/s/ **Ernest "Skip" H. Kohlmyer**
Ernest "Skip" H. Kohlmyer
Florida Bar No. 0110108
South Milhausen, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, FL 32801
(407) 539-1638
(407) 539-2679 (fax)
skohlmyer@southmilhausen.com
Attorney for Defendant

ATTACHMENT E

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

      Plaintiff,

v.                        Case No.: 8:09-cv-458-T-17-AEP

GULF COAST COLLECTION
BUREAU, INC.,

      Defendant.

_____/

## PLAINTIFF'S WITNESS LIST FOR TRIAL

Plaintiff Eric Beeders hereby files the following list of witnesses who may be called to testify at trial in the above action:

1. All parties to this action.

2. All witnesses of all other parties.

3. Representative of Gulf Coast Collection Bureau, Inc.

4. Frederick W. Vollrath, Esq., c/o Timothy Condon, Esq., 307 S. Fielding Ave., #2, Tampa, FL 33606, to testify regarding names and business areas of corporations, trademarks, limited partnsips, general partnerships, limited liaiblity companies, and fictitous names utilizing the word "collections" in their names.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ Timothy Condon
TIMOTHY CONDON, ESQ.   FBN 217921
307 S. Fielding Ave., #2, Tampa, FL  33606
Telephone 813-251-2626 Fax 813-200-3395

# EXHIBIT "E"

Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF

**EXHIBIT "E"**

# ATTACHMENT F

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC BEEDERS,

        Plaintiff,

v.

                                  CASE NO. : 8:09-cv-00458-EAK-AEP

GULF COAST COLLECTION
BUREAU, INC

        Defendant.
_____/

## DEFENDANT'S LIST OF WITNESSES TO TESTIFY AT TRIAL

    1.      Jack W. Brown, III, Esquire
            Corporate Representative/Records Custodian
            Gulf Coast Collection Bureau, Inc.
            5630 Marquesas Cir.
            Sarasota, FL  34233
            Tel:  (941) 927-6999

    2.      Eric H. Beeders
            c/o Tim Condon, Esquire
            Vollrath-Condon, P.A.
            307 S. Fielding Ave., #2
            Tampa, Florida 33606

# ATTACHMENT G

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

      Plaintiff,

v.                          Case No.: 8:09-cv-458-T-17-AEP

GULF COAST COLLECTION
BUREAU, INC.,

      Defendant.

_____/

## PLAINTIFF'S STATEMENT OF MONETARY DAMAGES

      Plaintiff Eric Beeders hereby makes this statement as to monetary damages

claimed in the above-captioned action, and states that in order to expedite the

resolution of this action, he has elected to pursue only monetary damages under

the FDCPA, specifically for award of statutory damages in the amount of $1,000.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 14, 2010 I electronically filed the
foregoing with the Clerk of the Court by using the CM/ECF system. I further
certify that I mailed the foregoing document and the notice of electronic filing by
first-class mail to the following non-CM/ECF participants: N/A.

               /s/ Timothy Condon
               TIMOTHY CONDON, ESQ.   FBN 217921
               307 S. Fielding Ave., #2, Tampa, FL  33606
               Telephone 813-251-2626 Fax 813-200-3395
               Email: tim@timcondon.net
               ATTORNEY FOR PLAINTIFF