UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA TAMPA DIVISION

ERIC BEEDERS,

      Plaintiff,

v.                                    Case No.: 8:09-cv-458-T-17-AEP

GULF COAST COLLECTION
BUREAU, INC.,

      Defendant.
_____/

## PLAINTIFF'S STATEMENT OF THE CASE

    This is an action brought by Eric Beeders ("Beeders"), an individual consumer, making claim against Gulf Coast Collection Bureau, Inc. ("Gulf Coast") for multiple violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in connection with collecting debts. Beeders seeks award of statutory damages from Gulf Coast, as well as costs of litigation and reasonable attorney's fees pursuant to the provisions of the FDCPA.[1]

    On various dates between January 31, 2008 and April 16, 2008, and at other

---

[1] Beeders' claims under the FCCPA were extinguished by the Court's Order on Defendant's and Plaintiff's Motions for Summary Judgment (Dkt. 50) entered on July 6, 2010.

# EXHIBIT "A"

times, Gulf Coast made many telephone collection calls to Eric Beeders, repeatedly leaving voice mail messages on his telephone answering systems. The many calls were made, and messages left, by a computerized telephone calling system; ten (10) of the recorded messages were saved. The wording of each of the messages is nearly if not exactly the same; they all read substantially as follow:

> **This is a message for Eric Beeders. If you are not Eric H. Beeders please hang up or disconnect. If you are Eric Beeders please continue to listen to this message. By continuing to listen to this message you acknowledge that you are Eric Beeders. Please return this call to Roy Dillard from Gulf Coast Collection Bureau. Please call 877-827-4820 and ask for file number G31852. Again that file number G31852.**

That message left repeatedly on the telephone answering systems of telephones registered to Eric Beeders failed and fails to adequately inform Beeders that the call was from a "debt collector" and were made for the purposes of "debt collection" as required by the FDCPA.

There are two issues to be considered by the Court, as follow:

A. WHETHER THE REPEATED TELEPHONE CALLS MADE TO BEEDERS WERE "WITH INTENT TO ANNOY, ABUSE, OR HARASS ANY PERSON AT THE CALLED NUMBER," as prohibited by the FDCPA at 15 U.S.C. § 1692d(5). As the Court noted in its Order on Defendant's and Plaintiff's

Motions for Summary Judgment (Dkt. 50) ("the summary judgment order"), "Whether particular conduct would harass or deceive the least sophisticated consumer is ordinarily a question for the jury." It is the position of the plaintiff that repeatedly calling and repeatedly leaving messages as the defendant did on his telephones, could *only* be for the purpose of annoying him into both responding and paying an alleged debt.

      B. WHETHER A TELEPHONE MESSAGE THAT SAYS "PLEASE RETURN THIS CALL TO ROY DILLARD FROM GULF COAST COLLECTION BUREAU" is sufficient to inform the least sophisticated consumer that the call is from a debt collector and for the purpose of collecting a debt. As the Court noted in the summary judgment order, "What is at issue here is whether the name of the company, 'Gulf Coast Collection Bureau,' is adequate to inform the least sophisticated consumer that Gulf Coast was a debt collector calling in regard to debt collection activities" (Dkt. 50, p. 7), as required by the FDCPA at 15 U.S.C. §§ 1692d(5) and 1692e(11).

      As the Court noted in the summary judgment order, "The least sophisticated consumer standard is objective rather than subjective, and thus 'it is not necessary for a plaintiff to show that she he4rself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated

consumer would be confused'," citing *Jacobson v. Health Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir., 2008). (Dkt. 50, p. 6.)

It is the position of the plaintiff that under the objective standard enunciated above, merely including the word "collection" in the name of a company is not only insufficient to ensure that the least sophisticated consumer will be made aware of the nature of the telephone call, but that it can also deceive by being open to more than one reasonable interpretation, at least one of which is inaccurate, in which case it violates the FDCPA. Beeders would submit to this Court that giving Gulf Coast a "pass" on the question of how many ways an unsophisticated consumer might interpret a call from "Gulf Coast Collection Bureau" is tantamount to traducing the least sophisticated consumer standard enunciated by the 11th Circuit and others.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ Timothy Condon
TIMOTHY CONDON, ESQ.   FBN 217921
307 S. Fielding Ave., #2, Tampa, FL  33606
Telephone 813-251-2626 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF