UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC BEEDERS,**

    **Plaintiff,**

**v.**                                          **Case No.: 8:09-CV-00458-T-AEP**

**GULF COAST COLLECTION BUREAU,**

    **Defendant.**
_____/

## FINAL ORDER

Following a November 17, 2010 bench trial, the Court makes the following findings of fact and conclusions of law:

### I. BACKGROUND

Eric Beeders (the "Plaintiff") brought this lawsuit against Gulf Coast Collection Bureau, Inc. (the "Defendant") for violations of the federal Fair Debt Collection Practices Act ("FDCPA").[1] More particularly, the Plaintiff claims that multiple telephone calls made to him by the Defendant during 2007 and 2008 were intended for the purpose of annoying, abusing, or harassing him into making payments on a debt that he could not or would not pay at those times, thus violating the FDCPA at 15 U.S.C. § 1692d(5). The Plaintiff further claims that multiple messages left for him on his telephone, measured from the perspective of the least sophisticated

---

[1] In his Amended Complaint, the Plaintiff alleged multiple violations of the FDCPA and the Florida Consumer Collection Practices Act (the "FCCPA") by the Defendant. (Dkt. No. 25.) The alleged violations of the FCCPA were dismissed by the Court in its July 6, 2010 Summary Judgment Order (Dkt. No. 50).

consumer, failed to adequately convey the fact that the calls were made by a debt collector for the purpose of collecting a debt, in violation of the FDCPA at 15 U.S.C. §§ 1692d(6) and 1692e(11).

The Defendant has denied all liability and damages, which have been alleged against it. The Defendant asserts that the frequency and volume of the telephone calls to the Plaintiff was not intended to annoy, oppress, or harass the Plaintiff, and therefore the Defendant has not violated FDCPA Section 1692d(5). The Defendant also asserts that the audio messages left for the Plaintiff have fully complied with FDCPA Sections 1692d(6) and 1692e(11) by adequately identifying the Defendant as a debt collector explicitly in its name and based on the information provided by the disclosure. The Defendant argues that the "least sophisticated consumer" would understand and comprehend that based on the information provided in this message, the nature of the call was for a debt collection purpose. Lastly, the Defendant contends that even if a technical violation of these sections exist, the Defendant is protected by the statute's "bona fide error" defense in that the actions were not intentional, and occurred despite reasonable procedures adapted to avoid such errors.

## II. FINDINGS OF FACT[2]

The following facts have been established by a preponderance of credible evidence:

1. The Defendant made a series of approximately forty (40) automated telephone calls to the Plaintiff from January 2008 to May 2008, whereupon voice messages were left for him on approximately fifteen (15) occasions.

---

[2] To the extent that any of the following factual findings may represent conclusions of law, the Court adopts them as such.

2. The Plaintiff recorded ten (10) of these messages, and they all contain substantially the same "script" as follows:

> This message is for Eric H. Beeders. If you are not Eric H. Beeders please hang up or disconnect. If you are Eric H. Beeders, please continue to listen to this message. [3 second pause] Please return this call to Roy Dillard from Gulf Coast Collection Bureau. Please call 877-827-4820 and ask for file number G31852, again that's file number G31852.

3. The calls made by the Defendant to the Plaintiff were placed no sooner than two days from the previous call, and never was more than one call placed per day.

4. Following the last of these calls, the Plaintiff contacted the Defendant, requesting that the Defendant stop calling him, to which the Defendant complied. While the Plaintiff claimed at trial that he also asked the Defendant to stop calling him three times previous to the last call, the Court finds the Plaintiff's testimony in this regard not credible.

5. The Defendant's messages were sufficient to inform a "least sophisticated consumer" that the call was being made by a debt collector for the purpose of collecting a debt.

### III. CONCLUSIONS OF LAW[3]

The FDCPA is a strict liability statute, the purpose of which is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (2009). The Plaintiff has alleged two categories of violations under the FDCPA: (1) the harassment provisions of

---

[3] To the extent that any of the following conclusions of law may represent findings of fact, the Court adopts them as such.

3

FDCPA Section 1692d(5); and (2) the disclosure provisions of FDCPA Section 1692d(6) and 1692e(11).

**1.      The Harassment Provisions Under FDCPA Section 1692d(5)**

The FDCPA Section 1692d(5) provides that a debt collector may not cause "a telephone to ring or engag[e] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." In determining liability under FDCPA Section 1692d(5), courts often consider the volume and pattern of calls made to the debtor. *See Brandt v. I.C. Sys., Inc.*, No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *2 (M.D.Fla. Feb.19, 2010) (noting that "[c]ourts have held that '[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.'") (quoting *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp.2d 492, 505 (D.Md.2004)); *Krapf v. Nationwide Credit Inc.,* No. SACV 09-00711 JVS (MLGx), 2010 WL 2025323, at *3-4 (C.D.Cal. May 21, 2010); *see also Kuhn v. Account Control Tech., Inc.*, 865 F.Supp. 1443, 1453 (D.Nev.1994) (granting summary judgment to plaintiff where defendant made six calls in twenty-four minutes); *Bingham% v. Collection Bureau, Inc.*, 505 F.Supp. 864, 873 (D.N.D.1981) (finding a violation of the FDCPA where the defendant immediately called back after the plaintiff hung up). Under FDCPA Section 1692d(5), "[a]ctionable harassment or annoyance turns on the volume and pattern of calls made, irrespective of the substance of the messages." *Majeski v. I.C. Sys., Inc.*, No. 08 C 5583, 2010 WL 145861, at *3 (N.D.Ill. Jan. 8, 2010). Further, the Eleventh Circuit has held that "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to

4

harassment, oppression, or abuse." *Waite v. Financial Recovery Services, Inc.*, No. 8:09-cv-02336-T-33AEP, 2010 WL 5209350, at *3 (M.D.Fla. Dec.16, 2010) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)).

In the instant case, the calls at issue took place from January 2008 to May 2008. These calls were received by the Plaintiff from the hours of approximately 8:00 A.M. to 11:00 A.M., and occurred at a frequency of no more than one call per day, and no more than one call every two days. (Tr. Ex. 3.) Absent additional evidence demonstrating a significantly larger volume and frequency of calls, the Court finds that the Defendant's calls did not constitute "egregious conduct" meant to harass, annoy, or abuse the Plaintiff. *See Waite v. Financial Recovery Services, Inc.*, No. 8:09-cv-02336-T-33AEP, 2010 WL 5209350, at *5 (M.D.Fla. Dec.16, 2010) (noting that even though the call log showed that the defendant placed up to twenty-nine (29) calls in a single month and up to four (4) calls in a single day, nothing in the record indicated "that the phone calls were intended to be annoying, abusive, or harassing"); *cf. Krapf v. Nationwide Credit Inc.,* No. SACV 09-00711 JVS (MLGx), 2010 WL 2025323, at *3-4 (C.D.Cal. May 21, 2010) (finding a triable issue of fact where the plaintiff's call volume amounted to "a total of over 180 calls for the month of May alone"); *Bassett v. I.C. Sys., Inc.*, 715 F.Supp.2d 803, 810 (N.D.Ill. 2010) (denying the defendant's summary judgment motion where the defendant placed thirty-one (31) calls to the plaintiff over a twelve (12) day period). Thus, this Court finds that the Defendant's conduct did not rise to the level of harassment required to find a violation of FDCPA Section 1692d(5).

**2.    Disclosure Provisions Under FDCPA Sections 1692d(6) and 1692e(11)**

FDCPA Section 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." In addition, FDCPA Section 1692e(11) states that the following conduct is a violation of the FDCPA:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the *failure to disclose in subsequent communications that the communication is from a debt collector*, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (2009) (emphasis added). The Eleventh Circuit has adopted the "least sophisticated consumer standard" in reviewing alleged violations of the FDCPA. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir.1999) (citing Swanson v. Southern Or. Credit Service, 869 F.2d 1222, 1227 (9th Cir. 1988). "Actual confusion is not necessary" and rather violations are assessed "through the eyes of a hypothetical 'unsophisticated consumer' [or least sophisticated consumer]." *Keen v. Omnibus International,* No. 98 C 3947, 1998 WL 485682, at *2 (N.D. Ill. August 12, 1998) (noting that in the context of a collection letter, "the true test remains whether the letter, taken as a whole, would confuse an unsophisticated consumer about his or her rights."). In the present case, whether the Defendant has violated the FDCPA hinges upon whether the audio message, taken as a whole and from the

6

point of view of the least sophisticated consumer, failed to put the Plaintiff on notice of that the Defendant was a debt collector.

### A. FDCPA Section 1692d(6)

Courts have determined that under FDCPA Section 1692d(6), meaningful disclosure requires a debt collector to "disclose enough information so as not to mislead the recipient as to the purpose of the call." *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1112 (C.D.Cal.2005). "Accordingly, FDCPA Section 1692d(6) does not prohibit a debt collection agency employee from using an alias during a telephone call, as long as the employee accurately discloses the name of the debt collection agency and explains the nature of its business." *Knoll v. Allied Interstate, Inc.*, 502 F.Supp.2d 943, 946 (D. Minn. 2007) (citing *Wright v. Credit Bureau of Ga., Inc.*, 548 F.Supp. 591, 597 (N.D.Ga.1982)). However, a debt collector violates FDCPA Section 1692d(6) if the "collector leaves an answering machine message under an alias *and* fails to disclose that the call is related to debt collection." *See Id.* (emphasis added); *see also*, e.g., *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1112 (C.D.Cal.2005); *Joseph v. J.J. Mac Intyre Cos.*, 281 F.Supp.2d 1156, 1163 (N.D.Cal.2003); *Leyse v. Corporate Collection Servs., Inc.*, No. 03-8491, 2006 WL 2708451, at *3-*5 (S.D.N.Y. Sept. 18, 2006). An alias alone, however, is not enough to demonstrate a violation of FDCPA Section 1692d(6), where the caller has also identified itself as a debt collector.

In the message left by the Defendant, while the caller uses an alias, "Roy Dillard," he also states that he is from "Gulf Coast Collection Bureau," and refers the caller to "file number G31852, again that's file number G31852." In addition, the beginning of the call asks the

recipient whether he is "Eric H. Beeders," and that if he is "not Eric H. Beeders please hang up or disconnect." Looking at the message at a whole, it appears that the message neither misleads the recipient as to the purpose of the call, nor fails to disclose the identity of the debt collector. *See c.f. Joseph v. J.J. Mac Intyre Cos.*, 281 F.Supp.2d 1156, 1163 (N.D.Cal.2003) (noting that the defendant's automated message system did not disclose that the call was from a debt collector where it simply stated "Hi. This is Julie Green and I have an important message for you....Please call me to retrieve your message at 1-800-777-9929."); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1112 (C.D.Cal.2005) (finding a violation of FDCPA Section 1692d(6) where the defendant's employees failed to disclose the defendant's identity and the nature of the defendant's business). Here, the Court finds that an unsophisticated consumer would not be mislead by the purpose of the call where the caller's name includes the term "Collection Bureau," the message twice refers to a specific file number, and the beginning of the message specifically directs the recipient that the call is of personal importance and to hang up if the recipient is not Eric H. Beeders. Thus, the message in the present case contains not only the name of the debt collector, but taken contextually, also informs the recipient that the message is related to the Defendant's business as a debt collector. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). Therefore, the Court finds that the Defendant has not violated FDCPA Section 1692d(6).

### B. FDCPA Section 1692e(11)

FDCPA Section 1692e(11) aims to prevent debt collectors from making false or misleading representations in the collection of a debt. *See Reed v. Global Acceptance Credit Co.*,

8

No. C-08-01826 RMW, 2008 WL 3330165, at *3 (N.D.Cal. Aug. 12, 2008). In order to avoid violating FDCPA Section 1692e(11), a debt collector is required to take many of the same precautions needed to also comply with FDCPA Section 1692d(6). In the context of audio messages left for a debtor, chief among these precautions is the requirement that the debt collector identify itself as such through the actual words of its message to the to the recipient. In assessing whether a violation of FDCPA Section 1692e(11) exists, courts have consistently looked at whether the name of the company in the message sufficiently conveys that it is a debt collector. *See Drossin v. National Action Financial Services, Inc.*, 641 F.Supp.2d 1315, 1319 (S.D.Fla. 2009). Thus, the Court agrees with the Plaintiff in that the relevant question is whether "the name 'Gulf Coast Collection Bureau' left on the multiple messages for Beeders adequately inform[s] a least sophisticated consumer that the call was from a debt collector, and for the purpose of debt collection[.]" (Dkt. No. 49 at 16.)

Cases involving similar facts have found violations of FDCPA Section 1692e(11) where the name of the debt collector in the communication at issue was vague, the company name was merely a set of initials, or the communication did not include a form of the words "debt" or "collector." *See e.g. Leyse v. Corporate Collection Servs., Inc.*, No. 03-8491, 2006 WL 2708451, at *3-*5 (S.D.N.Y. Sept. 18, 2006) (finding a violation of FDCPA Section 1692e(11) where the message at issue stated, "Hello, this is Michael. I'm calling from CCS. I'm calling re-[sic]-I need a return call tomorrow or today...."); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006) (finding that "NCO Financial Systems" did not satisfy the disclosure requirements of FDCPA Section 1692e(11) where the message did not contain any other

9

suggestions that the communication was from a debt collector); *Drossin v. National Action Financial Services, Inc.*, 641 F.Supp.2d 1315, 1319 (S.D.Fla. 2009) (finding a violation of FDCPA Section 1692e(11) where the defendant left a message stating, "I am calling with the offices of National Action Financial Services."). Conversely, as is the case here, where the name of the company in question may provide a "least sophisticated consumer" notice that the message is in reference to a debt collection, but such notice is not obvious, determining compliance with FDCPA Section 1692e(11) becomes an issue of fact. *See Reed v. Global Acceptance Credit Co.*, No. C-08-01826 RMW, 2008 WL 3330165, at *3 (N.D.Cal. Aug. 12, 2008) (finding a material issue of fact as to whether the defendant's messages, from "Global Acceptance Credit Company," violated FDCPA Section 1692e(11)).

In the instant case, the message left for the Plaintiff does not contain references to a cryptic company name or mislead the recipient into believing that the call is of no personal importance. Instead, the Defendant's company name includes the term "collection bureau," and the message makes specific references to a personal file number. The Court finds that the message referring to "Gulf Coast Collection Bureau" does not provide a clear answer as a matter of law as to whether the Defendant has violated FDCPA Section 1692e(11).[4] However, since this

---

[4] This Court already ruled on this issue in its July 6, 2010 Order (Dkt. No. 50). Judge Kovachevich stated:

> In the present case, a reasonable jury might find that, upon hearing the name, "Gulf Coast Collection Bureau," it would be sufficiently obvious to even the least sophisticated consumer that the call was related to debt collection. Conversely, a reasonable jury might also find that the name "Gulf Coast Collection Bureau" could be vague and confusing. Therefore, this issue is clearly a triable issue of material fact properly submitted to a jury.

Court finds as a matter of fact that a "least sophisticated consumer" could determine that the name "Gulf Coast Collection Bureau," in the context of the message as a whole, is sufficient to inform the recipient that the caller is a debt collector, this Court finds that the Defendant has not violated FDCPA Section 1692e(11).

## IV.  CONCLUSION

The Court therefore finds in favor of the Defendant on the Plaintiff's claims.  The Plaintiff takes nothing by this action.  The Clerk is directed to enter judgment against the Plaintiff and in favor of the Defendant Gulf Coast Collection Bureau, and to close the case.

**DONE AND ORDERED** in Tampa, Florida, this 12th day of January, 2011.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

Counsel of Record

---

(Dkt. No. 50 at 8.)